UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.

| | |
|---|---|
| DONALD M. SCHWARZ,<br><br>Plaintiff,<br><br>v.<br><br>SERGEANT ROBERT LINCOLN, Individually;<br>TOWN OF BRIDGEWATER,<br>PLYMOUTH COUNTY,<br>MASSACHUSETTS,<br><br>Defendants. | **05 10959 RCL**<br><br>RECEIPT # 69148<br>NOTICE OF REMOVAL<br>AMOUNT $ 250.00<br>SUMMONS ISSUED N/A<br>LOCAL RULE 4.1 —<br>WAIVER FORM —<br>MCF ISSUED —<br>BY DPTY. CLK. M.P.<br>DATE 5/10/2005 |

LTS
FOR THE MAGISTRATE JUDGE

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Now comes the defendant, Town of Bridgewater, pursuant to the provisions of 28 U.S.C. §§1441 and 1446, and hereby files notice of the removal of this action from the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts, County of Plymouth, where it is currently pending, based upon the following grounds:

1.  This is an action in which the plaintiff alleges the defendant violated his rights secured by the United States Constitution and applicable laws, regulations and rulings of the United States of America, see Complaint (¶¶20 and 28-30), affixed hereto and incorporated by reference, as well as various state law claims.

2.  This Court has jurisdiction over the plaintiffs' federal claims pursuant to 28 U.S.C. §1331, and the entire case may be removed pursuant to 28 U.S.C. §1441.

3.  Removal is timely, as this action was served on the defendant no earlier than April 20, 2005, and the original Notice of Removal was filed on May 10, 2005.

Signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

> DEFENDANT,
> TOWN OF BRIDGEWATER,
>
> By its attorney,
>
>
> _____ (OJC)
> Joseph L. Tehan, Jr. (BBO# 494020)
> Kopelman and Paige, P.C.
> 31 St. James Avenue
> Boston, MA 02116
> (617) 556-0007

250806/60700/0620

PLYMOUTH, ss.

SUPERIOR COURT DEPARTMENT OF THE
TRIAL COURT OF THE COMMONWEALTH
CIVIL ACTION
NO. 2005 CV 459

B-WATER

Donald M. Schwarz, Plaintiff(s)

vs.

Sergeant Robert Lincoln, individually
Town of Bridgewater, Plymouth County, Defendant(s)

## SUMMONS

To the above-named defendant:

You are hereby summoned and required to serve upon plaintiff ~~attorney~~, whose address is 92 Bewson Rd Stoughton, Mass 02072, Donald M. Schwarz an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Brockton either before service upon plaintiff ~~attorney~~ or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject ~~matter of the plaintiff~~ ~~claim or you~~ will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at Brockton, the ............ day of ............, in the year of our Lord two thousand and ............

Francis R. Powers
CLERK.

NOTES

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. To plaintiff's ~~attorney~~: please circle type of action involved — (Tort) — Motor Vehicle Tort — Contract — Equitable Relief — Other.

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on April 20, 2005, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5): Ci V R 4(d)(4) Town Clerk Town of Bridgewater, Clerk, Bridgewater, Mass 02324 by Certified Mail 7004 1350 0005 2210 0405

Dated: April 20, 2005     Donald M Schwarz

N.B. TO PROCESS SERVER:—
PLEASE PLACE DATE YOU ~~MAKE~~ SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

April 20, 2005

Form 1

Cost $5.00 for Summons.

(Margin text: 20 days as specified herein and also file the original in the Clerk's Office at Brockton ... must serve a copy of your written answer within)

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05 459  4-19-05 | Trial Court of Massachusetts Superior Court Department County: PLYMOUTH |
|---|---|---|

PLAINTIFF(S): Donald M. Schwarz
ST 1701-2 C.7
MGL c. 221, s 98

DEFENDANT(S): Sergeant Robert Lincoln, indivi Town of Bridgewater

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
92 Benson Rd. Stoughton, Mass
781-344-5405

ATTORNEY (if known)
Massachusetts Insurers Insolvency, Fi
One Bowdoin Square, Boston Mass 02114
617-603-4110, Lois Hewson

Board of Bar Overseers number

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231. s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

17 APR 2005

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E-17 | CIVIL RIGHTS ACTION MGL c. 12, s. 11 I | (A) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses .......... $ 0
 2. Total Doctor expenses .......... $ 0
 3. Total chiropractic expenses .......... $ 0
 4. Total physical therapy expenses .......... $ 0
 5. Total other expenses (describe) .......... $ 0
 Subtotal $ 0
B. Documented lost wages and compensation to date .......... $ 0
C. Documented property damages to date .......... $ 0
D. Reasonably anticipated future medical and hospital expenses .......... $ 0
E. Reasonably anticipated lost wages .......... $ 0
F. Other documented items of damages (describe) .......... $ 0
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

See Attached
7 pages total.

Four Hundred Thousand
$ 400,000.
TOTAL $ 400,000.

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $ 0

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT     NONE

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record  Not applicable pro se    DATE: April 12, 2005

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

## COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.                           PLYMOUTH SUPERIOR COURT
                                         DOCKET No.:

Donald M. Schwarz,
              PLAINTIFF

Vs

Sergeant Robert Lincoln, individually;
Town of Bridgewater, Plymouth County,
Commonwealth of Massachusetts.
              DEFENDANTS

### NOTIFICATION OF PAYMENT UNDER PROTEST

FOR THE RECORD

    Plaintiff, **Donald M. Schwarz** in the above named action, does hereby note his objection to payment of a "filing fee" as required by law under Sections 2, 4 and 4C of Chapter 262 of the General Laws, such a filing fee being unconstitutional and in violation of rights secured under Article XI, Declaration of Rights, Part the First, Massachusetts Constitution and in violation of powers delegated to the Great and General Court under Article IV, Frame of Government, Legislative Power, Part the Second, Massachusetts Constitution.

    It is patently unconstitutional for any government in the United States of America, to not charge a citizen to enact laws, to not charge a citizen to enforce law, but to charge a citizen who seeks redress of grievance of violation of his rights by those laws enacted or laws enforced, in the manner of "FILING FEES", in the only forum available for a citizen to seek redress.

    Since when is it constitutional to tax a right to seek redress of grievance? If this is constitutional, then it is constitutional to tax someone who is sitting as a juror too. If a person is suppose to "obtain right and justice freely", what part of "freely" is taxable?

Reserving all Rights............

X _____  Date _April 17, 2005_
Donald M. Schwarz, Plaintiff, In Propria Persona
92 Benson Road
Stoughton, Massachusetts 02072

# COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.　　　　　　　　　　PLYMOUTH SUPERIOR COURT
　　　　　　　　　　　　　　　　　　DOCKET No.

Donald M. Schwarz,
　　　　Plaintiff

Vs.

Sergeant Robert Lincoln, Individually;
Town of Bridgewater, Plymouth County,
Commonwealth of Massachusetts.
　　　　　　　　Defendants

## COMPLAINT

### Introduction

　　　　Pursuant to Section 4 of Chapter 258 of the General Laws and other applicable chapters and sections of the General Laws and of applicable Articles of the Declaration of Rights, Part the First, Massachusetts Constitution and of the Constitution of the United States of America and of the common law of the United States of America as secured by a right of a trial by jury, this is a Civil Rights Action, MGL c.12, s.11I, for damages against certain employees of the Town of Bridgewater to include various tort claims against certain employees of the Town of Bridgewater as well as the corporate entity existing as the Town of Bridgewater, Plymouth County, Commonwealth of Massachusetts.

### Parties

1.　Plaintiff Donald M. Schwarz [hereafter "Schwarz"] is a natural person who is domiciled at 92 Benson Road, Stoughton, Norfolk County, Commonwealth of Massachusetts, 02072, having standing to bring this complaint.

2.　Defendant Sergeant Robert Lincoln [ hereafter "Lincoln"] at all times relevant to this complaint and acting under color of law of his office, was a sworn and uniformed employee of the Bridgewater Police Department and, upon information and belief, domiciled in the Commonwealth of Massachusetts. Lincoln is being sued in his individual capacity.

3.　Defendant Town of Bridgewater [ hereafter "Bridgewater"] is a municipal corporation organized under the laws of the Commonwealth of Massachusetts having lawful control over persons employed by same. Lincoln, in performance of his official duties, was a paid employee of the Town of Bridgewater at the time of the incident.

Sidewalk Civil Rights violation　　　　For the Record　　　　page 1 of 6

## STATEMENT OF FACTS

4. On or about 10:20 AM on April 20, 2002, Plaintiff was standing on the public sidewalk adjacent to State Highway Route 18 and the United States Postal facility in the Town of Bridgewater, Plymouth County, Commonwealth of Massachusetts, and was collecting signatures for a candidate for political office in the Commonwealth of Massachusetts [ See: MGL c. 56, s. 11 ]

5. A female actor exited the United States Postal facility adjacent to the public sidewalk, and informed Schwarz that he could not utilize the public sidewalk to collect signatures.

6. Schwarz challenged the female actor noting to her that the sidewalk was public property and that he was not violation any laws and that Schwarz was exercising a right in a lawful manner.

7. The female actor disagreed. The female actor pointed to the public sidewalk just north of where Schwarz was standing adjacent to a "Doughnut" shop, and informed Schwarz he could stand there and collect signatures.

8. The female actor also pointed to the opposite side of Route 18 to a sidewalk existing there, and told Schwarz he could stand there and collect signatures on that sidewalk.

9. Schwarz then challenged the female actor to cite the exact law that Schwarz was in violation of, for Schwarz had used the very sidewalk alongside Route 27 in Stoughton, Massachusetts, in the vicinity of the United States Postal facility there to collect signatures, and was never threatened with arrest for using that sidewalk.

10. The female actor responded to Schwarz, that "maybe the people there weren't doing their jobs".

11. The female actor than informed Schwarz, that she would contact the police to have me removed if I did not stop exercising my rights in the lawful manner Schwarz was doing so.

12. The female actor entered the Postal facility.

13. In a few minutes, a police cruiser entered the "Exit" driveway of the Postal facility and what appeared to be a male officer exited the vehicle and approached Schwarz.

14. The officer(?) had on a dark sweater, dark pants and shoes. There were chevrons on the sleeve of the sweater that in the military would indicate the lowest of ranking of Sergeant. There was no official badge or name tag on the male officer(?).

15. The male officer asked Schwarz what he was doing and that the officer had been directed to proceed to the Postal facility to investigate a situation.

16. Schwarz told the male officer, that he was just collecting signatures as was Schwarz's right under MGL. c. 56, s.11.

17. The male officer told Schwarz he could not stand on the public sidewalk where he was standing.

18. The male officer told Schwarz he could stand on the same public sidewalk that was north of where Schwarz was standing in the vicinity of the "Doughnut" shop, or on the opposite side of Route 18 from where Schwarz was currently standing.

19. Schwarz asked the male officer, where the public sidewalk on THIS side of Route 18 was. The male officer pointed to the OTHER side of Route 18.

20. Schwarz asked the male officer if the officer could cite the exact law Schwarz was in violation of by using the sidewalk in the current manner Schwarz was doing so. "I'm just trying to exercise my constitutional rights.", said Schwarz

21. **"Now you're starting to aggravate me"**, responded the male officer.

22. Schwarz gave the male officer his drivers license and then noted to the male officer, he had no name tag or badge displayed.

23. The male officer pointed to his sergeant stripes and said, "This is the only identification I need".

24. "Lincoln" said the male officer to Schwarz. Schwarz wrote down LINCOLN in his small pocket date book.

25. Sergeant Lincoln then handed back Schwarz's license and Schwarz, not wanting to be arrested, stopped exercising his right to collect signatures.

26. Schwarz got back to his home and immediately wrote a statement of facts as to what had just happened to him completing same at about 11:55AM on the date in question.

27. Plaintiff re-alleges and incorporates the preceding paragraphs and facts in the following counts.

28. At all times material to this Complaint, Defendant LINCOLN was acting under color of law, statute, ordinances and regulations of the Commonwealth of Massachusetts, the Town of Bridgewater and the Bridgewater police department and all applicable laws, regulation and rulings of the United States of America.

29. Defendant LINCOLN, by means of threat, duress, intimidation and coercion, and without jurisdiction, did interfere or attempt to interfere with the Plaintiff's lawful exercise and enjoyment of rights secured by the General Laws of Massachusetts, the Declaration of Rights, the Massachusetts Body of Liberties and of the Constitution of the United States of America and of any and all common law rights held by the Plaintiff.

To Wit:

### Count 1
30. Defendant LINCOLN, by his willful actions did violate and suppress the Plaintiff's civil rights under M.G.L. C12, S. 11I.

### Count 2
31. Defendant LINCOLN, by his willful actions did violate and suppress the Plaintiff's civil rights under M.G.L. C. 56, S.11.

### Count 3
32. Defendant LINCOLN, by his willful actions did violate and suppress the Plaintiff's civil rights under M.G.L. C. 41, S.98D.

### Count 4
33. Defendant LINCOLN, by his willful actions did violate and suppress the Plaintiff's civil rights under M.G.L. C. 265, S.37.

### Count 5
34. Defendant LINCOLN, by his willful actions did violate and suppress the Plaintiff's civil rights under Article V, Declaration of Rights, Massachusetts Constitution.

### Count 6
35. Defendant LINCOLN, by his willful actions did violate and suppress the Plaintiff's civil rights under Article VIII, Declaration of Rights, Massachusetts Constitution.

### Count 7
36. Defendant LINCOLN, by his willful actions did violate and suppress the Plaintiff's civil rights under Article IX, Declaration of Rights, Massachusetts Constitution.

### Count 8
37. Defendant LINCOLN, by his willful actions did violate and suppress the Plaintiff's civil rights under Article XIX, Declaration of Rights, Massachusetts Constitution.

### Count 9
38. Defendant TOWN OF BRIDGEWATER bears some of the responsibility and liability for the unlawful actions of Defendant LINCOLN. Said liability is also predicated upon Defendant Town of Bridgewater's knowledge and acceptance of Defendant LINCOLN'S propensity to violate, hinder, impede, restrain and disregard the rights of the citizens and inhabitants of this nation and as such are actionable under M.G.L. C. 258, S. 4

### Count 10
39. Defendant TOWN OF BRIDGEWATER bears some of the responsibility and liability for the unlawful actions of Defendant LINCOLN. Said liability is predicated upon the negligent hiring and inadequate training and supervision of Defendant LINCOLN by said Town of Bridgewater and as such are actionable under M.G.L. C. 258, S.4.

40. Pursuant to Section 4 of Chapter 258 of the General Laws, Complainant Schwarz did present his claim against Defendant's LINCOLN and the TOWN OF BRIDGEWATER, by posting a certified return to the Chairman, Board of Selectmen, Town of Bridgewater, Bridgewater, Massachusetts on or about February 26, 2004, such claim responded to by the

MASSACHUSETTS INSURERS INSOLVENCY FUND
ONE BOWDOIN SQUARE
BOSTON, MASSACHUSETTS 02114-2916

Claimant:       Donald M. Schwarz
Policyholder:   Town of Bridgewater, et al
GFMS No:        229593
Incident Date:  4/20/2002
Policy No:      CP2-1564131

by letter to Complainant Schwarz dated March 11, 2004.

Lois Hewson, Examiner, MASSACHUSETTS INSURERS INSOLVENCY FUND, denied the claim made by Complainant Schwarz as to the denial of Complainant's rights by the actions of Sergeant R. LINCOLN of the Bridgewater Police Department.

41. Pursuant to Section 4 of Chapter 258 of the General Laws, the denial of the claim made by Complaint Schwarz by the MASSACHUSETTS INSURERS INSOLVENCY FUND, insurer of the TOWN OF BRIDGEWATER, employer of Sergeant R. LINCOLN, gives standing to this complaint and for action in a court of law.

### TORT CLAIMS

WHEREFORE, Complainant Schwarz requires of this Court to grant the following relief:

1)  Award judgment to Complainant Schwarz on each and every claim asserted in this Complaint.

2)  Award damages in the amount of TWO HUNDRED THOUSAND DOLLARS, ($200,000) against Defendant Sergeant Robert Lincoln.

3)  Award damages in the amount of TWO HUNDRED THOUSAND DOLLARS, ($200,000) against Defendant Town of Bridgewater.

4)  Award interest, court costs and other reasonable expenses incurred by Complaint Schwarz in relationship to his efforts to seek redress of grievance in this action.

5)  Award any and all other such relief the Court deems just, proper and constitutional.

Sidewalk Civil Rights violation     For the Record                    page 5 of 6

Plaintiff **Donald M. Schwarz**, a natural person, reserves all his rights and submits this complaint, made in good faith and to the best of his knowledge in regards to the events describe herein, and is submitted for the record.

Complainant reserves his right for a trial by jury in this action.

_____    Date: April 12, 2005
Donald M. Schwarz, Sui Juris, In Propria Persona, Plaintiff
92 Benson Road
Stoughton, Massachusetts 02072
781-344-5405

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Donald M. Schwarz v. Sergeant Robert Lincoln__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
   - [X] II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.              for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

   **05   10959 RCL**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [X]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Joseph L. Tehan, Jr.__
ADDRESS __Kopelman and Paige, P.C., 31 St. James Avenue, Boston, MA 02116__
TELEPHONE NO. __(617) 556-0007__

(CategoryForm.wpd - 5/2/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Donald M. Schwarz

**DEFENDANTS**
Sergeant Robert Lincoln, Individually, Town of Bridgewater, Plymouth County, Massachusetts

(b) County of Residence of First Listed Plaintiff  **Norfolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Plymouth
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

05 10959 RCL

(c) Attorney's (Firm Name, Address, and Telephone Number)
Donald M. Schwarz, pro se
92 Benson Road
Stoughton, MA 02072

Attorneys (If Known)
Joseph L. Tehan, Jr. (BBO#494020)
Kopelman and Paige, P.C., 31 St. James Avenue
Boston, MA 02116

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
U.S. Constitution
Brief description of cause:
Plaintiff claims request by Town's police sergeant that plaintiff change*

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 400,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE  5/10/05
SIGNATURE OF ATTORNEY OF RECORD
Joseph L. Tehan Jr (osc)

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

*his location for collecting signatures violated his Civil Rights, as well as other state and federal laws.