UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.

DONALD M. SCHWARZ,

        Plaintiff

v.

SERGEANT ROBERT LINCOLN,
Individually; TOWN OF BRIDGEWATER,
PLYMOUTH COUNTY,
MASSACHUSETTS,

        Defendants

ANSWER OF DEFENDANT
TOWN OF BRIDGEWATER

**05 10959 RCL**

## INTRODUCTION

To the extent the allegations set forth in the "Introduction" to the Complaint require a response, the same are denied.

## PARTIES

1. The allegations concerning plaintiff's "standing to bring this complaint" comprise contentions as to matters of law not requiring a response by the defendant. To the extent a response is required, said allegations are denied. The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 1.

2. The defendant denies the existence of a basis for individual capacity suit against defendant Lincoln. The allegations concerning Lincoln's "acting under color of law of his office" comprise contentions as to matters of law not requiring a response by the defendant. To the extent a response is required, said allegations are admitted. The remaining allegations set forth in Paragraph 2 are admitted.

3.  The allegations that defendant Bridgewater maintains "lawful control over persons employed by same" comprises a contention as to matters of law so vaguely pled as to preclude reasoned response. The remaining allegations set forth in Paragraph 3 are denied.

## STATEMENT OF FACTS

4.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4.

5.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5.

6.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6.

7.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7.

8.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8.

9.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9.

10.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10.

11.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11.

12.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12.

13.  The defendant admits only that Sgt. Lincoln encountered plaintiff at approximately 10:20 a.m. on April 20, 2002.

14.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 14. The allegations set forth in the second sentence of Paragraph 14 are denied.

15. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15.

16. The defendant admits only that plaintiff told Sgt. Lincoln he was collecting signatures.

17. Denied.

18. Denied.

19. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19.

20. The defendant admits only that plaintiff asked Sgt. Lincoln what law he was violating.

21. Denied.

22. The defendant denies that Sgt. Lincoln failed to display a badge. Admitted that plaintiff gave Sgt. Lincoln his driver's license. The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 22.

23. Denied.

24. The defendant admits only that Sgt. Lincoln identified himself by name to plaintiff. The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 24.

25. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff "[did] not want [ ] to be arrested." Admitted that Sgt. Lincoln told plaintiff he would be subject to arrest if he did not leave the premises. Denied that plaintiff was forced to ". . . stop [ ] expressing his right to collect signatures" to the extent such right pertained. The remaining allegations set forth in Paragraph 25 are admitted.

26. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26.

27. The defendant restates and incorporates by reference its responses to all preceding paragraphs.

28. The allegations set forth in Paragraph 28 comprise contentions as to matters of law so vaguely pled as to preclude reasoned response.

29. Denied.

COUNT 1

30. Denied.

COUNT 2

31. Denied.

COUNT 3

32. Denied.

COUNT 4

33. Denied.

COUNT 5

34. Denied.

COUNT 6

35. Denied.

COUNT 7

36. Denied.

COUNT 8

37. Denied.

COUNT 9

38. Denied.

COUNT 10

39. Denied.

40. To the extent the allegations set forth in Paragraph 40 comprise contentions as to matters of law, no response is required. The remaining allegations set forth in Paragraph 40 are admitted.

41. Denied.

## DEFENSES

### FIRST DEFENSE

The complaint should be dismissed for lack of jurisdiction

### SECOND DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

The complaint should be dismissed for improper service of process.

### FOURTH DEFENSE

The complaint should be dismissed for insufficiency of process.

### FIFTH DEFENSE

The complaint should be dismissed for failure to name an indispensable party.

### SIXTH DEFENSE

The complaint should be dismissed for failure to present the claim and to give notice in accordance with G.L.c. 258, § 4.

### SEVENTH DEFENSE

Plaintiff's claims against the Town are barred by G.L.c. 258, §10 under which the Town is provided with absolute immunity.

### EIGHTH DEFENSE

Any injury or damages suffered by the plaintiff, to the extent actually incurred, were caused by reason of the plaintiff's own wrongful acts, reckless misconduct or negligence.

### NINTH DEFENSE

The claims arising out of the subject matter of the transaction and occurrences alleged are barred as the defendant was carrying out law enforcement functions in good faith.

### TENTH DEFENSE

The complaint fails to state a cause of action for which relief can be granted against the Town of Bridgewater in that it states no personal involvement, specific regulation or official custom, policy or knowledge by said defendant of the alleged wrongdoing or of any pattern of wrongful behavior.

### ELEVENTH DEFENSE

Plaintiff's claims pursuant to the Massachusetts Civil Rights Act are barred by the immunity conferred upon the municipal defendant and for failure to establish the required threats, intimidation and coercion.

### TWELFTH DEFENSE

Plaintiff's claims are barred due to his failure to establish injury or damage caused by the defendant.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### FOURTEENTH DEFENSE

Count 2 should be dismissed because G.L. c. 56, §11 does not create any private right of action.

### FIFTEENTH DEFENSE

Count 3 should be dismissed because G.L. c. 41, §98D does not create any private right of action

### SIXTEENTH DEFENSE

Count 4 should be dismissed because G.L. c. 265, §37 does not create any private right of action.

### SEVENTEETH DEFENSE

The action filed by the plaintiff is frivolous, wholly insubstantial and not advanced in good faith, and defendant is entitled to recovery of all costs, expenses and attorney's fees associated with the defense of this action.

### JURY CLAIM

The defendant respectfully demands a trial by jury.

DEFENDANT TOWN OF BRIDGEWATER,

By its attorney,

_____
Joseph L. Tehan, Jr. (BBO # 494020)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

250491v. 2/METG/0620