UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-10959-RCL

| | |
|---|---|
| DONALD M. SCHWARZ,<br><br>    Plaintiff<br><br>v.<br><br>SERGEANT ROBERT LINCOLN, Individually; TOWN OF BRIDGEWATER, PLYMOUTH COUNTY, MASSACHUSETTS,<br><br>    Defendants | DEFENDANT TOWN OF BRIDGEWATER'S OPPOSITION TO PLAINTIFF'S "MOTION IN OPPOSITION TO REMOVAL OF ACTION" |

Now comes the defendant, Town of Bridgewater ("Town"), and hereby opposes the pro se plaintiff's "Motion in Opposition to Removal of Action."[1] As grounds for this Opposition, the Town relies on the within Memorandum of Reasons.

MEMORANDUM OF REASONS

1. In this action, the pro se plaintiff asserts, inter alia, civil rights violations arising from an exchange between plaintiff and Town police officer Robert Lincoln ("Lincoln"), during plaintiff's attempt to collect signatures on property located in the Town and owned and controlled by the U.S. Postal Service. Complaint, ¶¶4, 11-26.

2. Plaintiff asserts that he brings this action "pursuant to ... the Constitution of the United States of America and of the common law of the United States of America." Complaint, Introduction. Plaintiff further asserts that "defendant Lincoln ... did interfere or attempt to interfere with the plaintiff's lawful exercise and enjoyment of rights secured by ... the Constitution of the United Sates of America." Complaint, ¶29.

---

[1] To the extent the Court construes the instant Opposition as a "Reply" to plaintiff's filing, the Town respectfully seeks leave to file same, pursuant to Local Rule 7.1(B)(3).

3. Based on plaintiff's assertion of his federal Constitutional rights, the Town timely filed a Notice of Removal of this action, which was originally filed in Plymouth County Superior Court.[2]

4. Pursuant to 42 U.S.C. §1331, this court has original jurisdiction of plaintiff's claims under federal law. Pursuant to 42 U.S.C. §1441, the Town has a right to have any such claims adjudicated by this Court. See 42 U.S.C. §1441(b). Moreover, this Court has supplemental jurisdiction over plaintiff's pendant state-law claims, and thus removal of said claims was proper. See 42 U.S.C. §1441(c).

5. Plaintiff has filed a "Motion in Opposition to Removal of Action," and requests that this Court remand the action to Plymouth Superior Court. Motion in Opposition to Removal of Action ("Motion"), ¶¶4-5.

6. Plaintiff, however, proffers no reason why this Court should take the "extraordinary" step of abstaining from its duty to hear claims that are properly before it. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976) ("[t]he doctrine of abstention ... represents an extraordinary and narrow exception to the duty of the District Court to adjudicate a controversy properly before it"); Ford Motor Company v. Meredith Motor Company, Inc., 257 F.3d 67, 70 (1st Cir. 2001) ("[i]t is well established that abstention from the exercise of federal jurisdiction is the exception, not the rule"); Fuller Co. v. Raymon I. Gil, Inc., 782 F.2d 306, 312 (1st Cir. 1986) ("[t]here are fundamental objections to any conclusion that a litigant who has properly invoked the jurisdiction of a Federal District Court to consider federal ... claims can be compelled ... to accept instead a state court's determination of those claims").

---

[2] To date, Sergeant Robert Lincoln has not been served with the Complaint and, as such, is not a proper defendant in this action. Sgt. Lincoln did not, therefore, take part in the Removal of the case.

7. Instead, plaintiff asserts, in blatant contradiction to statements in his own Complaint, that "no federal claims have been made by plaintiff Schwarz." Motion, ¶2. This statement is patently false and thus provides no basis for the Court to refuse to exercise jurisdiction over this matter.

8. Plaintiff further asserts that Removal is improper because the Town did not reference any federal law "specifically cited" in the Complaint. Opposition, ¶1. The Town states that plaintiff's failure to file a proper pleading should not deprive the Town of its right to have federal claims against it adjudicated by this Court.

9. The Town further respectfully submits that, if this Court takes any action on plaintiff's Motion, it should order plaintiff to file a More Definite Statement, identifying the specific federal rights he asserts.

WHEREFORE, the defendant Town of Bridgewater respectfully requests that this Honorable Court deny plaintiff's Motion in Opposition to Removal of Action.

DEFENDANT,

TOWN OF BRIDGEWATER,

By its attorney,

/s/ Joseph L. Tehan, Jr. /jc
Joseph L. Tehan, Jr. (BBO #494020)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

252981/METG/0620

3