| LEONARD KOPELMAN | KOPELMAN AND PAIGE, P. C. | KATHLEEN M. O'DONNELL |
| DONALD G. PAIGE | | PATRICIA A. CANTOR |
| ELIZABETH A. LANE | ATTORNEYS AT LAW | THOMAS P. LANE, JR. |
| JOYCE FRANK | | MARY L. GIORGIO |
| JOHN W. GIORGIO | 31 ST. JAMES AVENUE | MICHELE E. RANDAZZO |
| BARBARA J. SAINT ANDRE | | THOMAS W. MCENANEY |
| JOEL B. BARD | BOSTON, MASSACHUSETTS 02116-4102 | KATHARINE GOREE DOYLE |
| JOSEPH L. TEHAN, JR. | | LAUREN F. GOLDBERG |
| THERESA M. DOWDY | (617) 556-0007 | JEFFREY A. HONIG |
| DEBORAH A. ELIASON | FAX (617) 654-1735 | GREGG J. CORBO |
| RICHARD BOWEN | | RICHARD T. HOLLAND |
| DAVID J. DONESKI | | ELIZABETH R. CORBO |
| JUDITH C. CUTLER | PITTSFIELD OFFICE | MARIA C. ROTA |
| KATHLEEN E. CONNOLLY | (413) 443-6100 | VICKI S. MARSH |
| DAVID C. JENKINS | | JOHN J. GOLDROSEN |
| MARK R. REICH | | SHIRIN EVERETT |
| BRIAN W. RILEY | NORTHAMPTON OFFICE | BRIAN E. GLENNON, II |
| DARREN R. KLEIN | (413) 585-8632 | JONATHAN D. EICHMAN |
| JONATHAN M. SILVERSTEIN | | JOSEPH S. FAIR |
| ANNE-MARIE M. HYLAND | WORCESTER OFFICE | LAURA H. PAWLE |
| JASON R. TALERMAN | (508) 752-0203 | CAROLYN M. MURRAY |
| GEORGE X. PUCCI | | JACKIE COWIN |
| | | SARAH N. TURNER |
| EDWARD M. REILLY | | JEFFREY T. BLAKE |
| DIRECTOR WESTERN OFFICE | | R. ERIC SLAGLE |
| WILLIAM HEWIG III | | CAROLYN KELLY MACWILLIAM |
| JEANNE S. McKNIGHT | | ANNE C. ROSENBERG |
| | | PETER L. MELLO |

June 16, 2005

Clerk
U.S. District Court
District of Massachusetts
1 Courthouse Way, Suite 2300
Boston, MA 02210

Re: Donald M. Schwarz v. Town of Bridgewater, et al.
United States District Court C.A. No. 05-10959- RCL

Dear Sir/Madam:

Enclosed please find a certified copy of the state court record in the above-referenced action, which was removed to this Court pursuant to the provisions of 42 U.S.C. §§1441 and 1446.

Thank you for your attention to this matter.

Very truly yours,

Jackie Cowin

JC/ja
Enc.
cc: Mark C. Gildea, Esq. (w/o enc.)
    Ms. Lois Hewson (GFMS # 229593) (w/o enc.)
    Mr. Donald M. Schwarz, pro se
254044/METG/0620

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on 6/16/05

PRINTED ON RECYCLED PAPER

MAS-20041213  Case 1:05-cv-10959-RCL   Document 6   Filed 06/17/2005   Page 2 of 17   06/01/2005
eliasreb                              Commonwealth of Massachusetts                  11:43 AM
                                        PLYMOUTH SUPERIOR COURT
                                              Case Summary
                                              Civil Docket

### PLCV2005-00459
### Schwarz v Lincoln Individually et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 04/19/2005 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 05/13/2005 | **Session** | A - Civil A - CtRm 5 (Brockton) | | |
| **Origin** | 1 | **Case Type** | E17 - Civil Rights Act (12.011H-1) | | |
| **Lead Case** | | **Track** | A | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 07/18/2005 | **Answer** | 09/16/2005 | **Rule12/19/20** | 09/16/2005 |
| **Rule 15** | 07/13/2006 | **Discovery** | 06/08/2007 | **Rule 56** | 08/07/2007 |
| **Final PTC** | 12/05/2007 | **Disposition** | 04/18/2008 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Donald M Schwarz
92 Benson Rd
Stoughton, MA 02072
Phone: 781-344-5905
Active 04/19/2005 Notify

**Defendant**
Sergeant Robert Lincoln Individually
Service pending 04/19/2005

**Defendant**
Bridgewater Town of
Served: 04/20/2005
Served (answr pending) 04/25/2005

**Private Counsel 494020**
Joseph L Tehan
Kopelman & Paige PC
31 Saint James Avenue
7th floor
Boston, MA 02116-4102
Phone: 617-556-0007
Fax: 617-654-1735
Active 05/13/2005 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 04/19/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 04/19/2005 | | Origin 1, Type E17, Track A. |
| 04/25/2005 | 2.0 | SERVICE RETURNED: Bridgewater Town of(Defendant) by certified mail |
| 05/13/2005 | 3.0 | Case REMOVED this date to US District Court of Massachusetts by deft Town of Bridgewater by their Atty's |

A TRUE COPY ATTEST

CLERK

### EVENTS

4-19-05

## COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.                                PLYMOUTH SUPERIOR COURT
                                             DOCKET No. 05-459

Donald M. Schwarz,
        Plaintiff

Vs.

Sergeant Robert Lincoln, Individually;
Town of Bridgewater, Plymouth County,
Commonwealth of Massachusetts.
        Defendants



FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

CLERK

### COMPLAINT

### Introduction

Pursuant to Section 4 of Chapter 258 of the General Laws and other applicable chapters and sections of the General Laws and of applicable Articles of the Declaration of Rights, Part the First, Massachusetts Constitution and of the Constitution of the United States of America and of the common law of the United States of America as secured by a right of a trial by jury, this is a Civil Rights Action, MGL c.12, s.11I, for damages against certain employees of the Town of Bridgewater to include various tort claims against certain employees of the Town of Bridgewater as well as the corporate entity existing as the Town of Bridgewater, Plymouth County, Commonwealth of Massachusetts.

### Parties



A TRUE COPY ATTEST
CLERK

1.  Plaintiff Donald M. Schwarz [hereafter "Schwarz"] is a natural person who is domiciled at 92 Benson Road, Stoughton, Norfolk County, Commonwealth of Massachusetts, 02072, having standing to bring this complaint.

2.  Defendant Sergeant Robert Lincoln [ hereafter "Lincoln"] at all times relevant to this complaint and acting under color of law of his office, was a sworn and uniformed employee of the Bridgewater Police Department and, upon information and belief, domiciled in the Commonwealth of Massachusetts. Lincoln is being sued in his individual capacity.

3.  Defendant Town of Bridgewater [ hereafter "Bridgewater"] is a municipal corporation organized under the laws of the Commonwealth of Massachusetts having lawful control over persons employed by same. Lincoln, in performance of his official duties, was a paid employee of the Town of Bridgewater at the time of the incident.

Sidewalk Civil Rights violation        For the Record        page 1 of 6

## STATEMENT OF FACTS

4. On or about 10:20 AM on April 20, 2002, Plaintiff was standing on the public sidewalk adjacent to State Highway Route 18 and the United States Postal facility in the Town of Bridgewater, Plymouth County, Commonwealth of Massachusetts, and was collecting signatures for a candidate for political office in the Commonwealth of Massachusetts [ See: MGL c. 56, s. 11 ]

5. A female actor exited the United States Postal facility adjacent to the public sidewalk, and informed Schwarz that he could not utilize the public sidewalk to collect signatures.

6. Schwarz challenged the female actor noting to her that the sidewalk was public property and that he was not violation any laws and that Schwarz was exercising a right in a lawful manner.

7. The female actor disagreed. The female actor pointed to the public sidewalk just north of where Schwarz was standing adjacent to a "Doughnut" shop, and informed Schwarz he could stand there and collect signatures.

8. The female actor also pointed to the opposite side of Route 18 to a sidewalk existing there, and told Schwarz he could stand there and collect signatures on that sidewalk.

9. Schwarz then challenged the female actor to cite the exact law that Schwarz was in violation of, for Schwarz had used the very sidewalk alongside Route 27 in Stoughton, Massachusetts, in the vicinity of the United States Postal facility there to collect signatures, and was never threatened with arrest for using that sidewalk.

10. The female actor responded to Schwarz, that "maybe the people there weren't doing their jobs".

11. The female actor than informed Schwarz, that she would contact the police to have me removed if I did not stop exercising my rights in the lawful manner Schwarz was doing so.

12. The female actor entered the Postal facility.

13. In a few minutes, a police cruiser entered the "Exit" driveway of the Postal facility and what appeared to be a male officer exited the vehicle and approached Schwarz.

14. The officer(?) had on a dark sweater, dark pants and shoes. There were chevrons on the sleeve of the sweater that in the military would indicate the lowest of ranking of Sergeant. There was no official badge or name tag on the male officer(?).

15. The male officer asked Schwarz what he was doing and that the officer had been directed to proceed to the Postal facility to investigate a situation.

16. Schwarz told the male officer, that he was just collecting signatures as was Schwarz's right under MGL. c. 56, s.11.

17. The male officer told Schwarz he could not stand on the public sidewalk where he was standing.

18. The male officer told Schwarz he could stand on the same public sidewalk that was north of where Schwarz was standing in the vicinity of the "Doughnut" shop, or on the opposite side of Route 18 from where Schwarz was currently standing.

19. Schwarz asked the male officer, where the public sidewalk on THIS side of Route 18 was. The male officer pointed to the OTHER side of Route 18.

20. Schwarz asked the male officer if the officer could cite the exact law Schwarz was in violation of by using the sidewalk in the current manner Schwarz was doing so. "I'm just trying to exercise my constitutional rights.", said Schwarz

21. **"Now you're starting to aggravate me"**, responded the male officer.

22. Schwarz gave the male officer his drivers license and then noted to the male officer, he had no name tag or badge displayed.

23. The male officer pointed to his sergeant stripes and said, "This is the only identification I need".

24. "Lincoln" said the male officer to Schwarz. Schwarz wrote down LINCOLN in his small pocket date book.

25. Sergeant Lincoln then handed back Schwarz's license and Schwarz, not wanting to be arrested, stopped exercising his right to collect signatures.

26. Schwarz got back to his home and immediately wrote a statement of facts as to what had just happened to him completing same at about 11:55AM on the date in question.

27. Plaintiff re-alleges and incorporates the preceding paragraphs and facts in the following counts.

28. At all times material to this Complaint, Defendant LINCOLN was acting under color of law, statute, ordinances and regulations of the Commonwealth of Massachusetts, the Town of Bridgewater and the Bridgewater police department and all applicable laws, regulation and rulings of the United States of America.

29. Defendant LINCOLN, by means of threat, duress, intimidation and coercion, and without jurisdiction, did interfere or attempt to interfere with the Plaintiff's lawful exercise and enjoyment of rights secured by the General Laws of Massachusetts, the Declaration of Rights, the Massachusetts Body of Liberties and of the Constitution of the United States of America and of any and all common law rights held by the Plaintiff.

To Wit:

### Count 1
30. Defendant LINCOLN, by his willful actions did violate and suppress the Plaintiff's civil rights under M.G.L. C12, S. 11I.

### Count 2
31. Defendant LINCOLN, by his willful actions did violate and suppress the Plaintiff's civil rights under M.G.L. C. 56, S.11.

### Count 3
32. Defendant LINCOLN, by his willful actions did violate and suppress the Plaintiff's civil rights under M.G.L. C. 41, S.98D.

### Count 4
33. Defendant LINCOLN, by his willful actions did violate and suppress the Plaintiff's civil rights under M.G.L. C. 265, S.37.

### Count 5
34. Defendant LINCOLN, by his willful actions did violate and suppress the Plaintiff's civil rights under Article V, Declaration of Rights, Massachusetts Constitution.

### Count 6
35. Defendant LINCOLN, by his willful actions did violate and suppress the Plaintiff's civil rights under Article VIII, Declaration of Rights, Massachusetts Constitution.

### Count 7
36. Defendant LINCOLN, by his willful actions did violate and suppress the Plaintiff's civil rights under Article IX, Declaration of Rights, Massachusetts Constitution.

### Count 8
37. Defendant LINCOLN, by his willful actions did violate and suppress the Plaintiff's civil rights under Article XIX, Declaration of Rights, Massachusetts Constitution.

### Count 9
38. Defendant TOWN OF BRIDGEWATER bears some of the responsibility and liability for the unlawful actions of Defendant LINCOLN. Said liability is also predicated upon Defendant Town of Bridgewater's knowledge and acceptance of Defendant LINCOLN'S propensity to violate, hinder, impede, restrain and disregard the rights of the citizens and inhabitants of this nation and as such are actionable under M.G.L. C. 258, S. 4

### Count 10
39. Defendant TOWN OF BRIDGEWATER bears some of the responsibility and liability for the unlawful actions of Defendant LINCOLN. Said liability is predicated upon the negligent hiring and inadequate training and supervision of Defendant LINCOLN by said Town of Bridgewater and as such are actionable under M.G.L. C. 258, S.4.

40. Pursuant to Section 4 of Chapter 258 of the General Laws, Complainant Schwarz did present his claim against Defendant's LINCOLN and the TOWN OF BRIDGEWATER, by posting a certified return to the Chairman, Board of Selectmen, Town of Bridgewater, Bridgewater, Massachusetts on or about February 26, 2004, such claim responded to by the

   MASSACHUSETTS INSURERS INSOLVENCY FUND
   ONE BOWDOIN SQUARE
   BOSTON, MASSACHUSETTS 02114-2916

   Claimant:      Donald M. Schwarz
   Policyholder:  Town of Bridgewater, et al
   GFMS No:       229593
   Incident Date: 4/20/2002
   Policy No:     CP2-1564131

   by letter to Complainant Schwarz dated March 11, 2004.

   Lois Hewson, Examiner, MASSACHUSETTS INSURERS INSOLVENCY FUND, denied the claim made by Complainant Schwarz as to the denial of Complainant's rights by the actions of Sergeant R. LINCOLN of the Bridgewater Police Department.

41. Pursuant to Section 4 of Chapter 258 of the General Laws, the denial of the claim made by Complaint Schwarz by the MASSACHUSETTS INSURERS INSOLVENCY FUND, insurer of the TOWN OF BRIDGEWATER, employer of Sergeant R. LINCOLN, gives standing to this complaint and for action in a court of law.

## TORT CLAIMS

WHEREFORE, Complainant Schwarz requires of this Court to grant the following relief:

1) Award judgment to Complainant Schwarz on each and every claim asserted in this Complaint.

2) Award damages in the amount of TWO HUNDRED THOUSAND DOLLARS, ($200,000) against Defendant Sergeant Robert Lincoln.

3) Award damages in the amount of TWO HUNDRED THOUSAND DOLLARS, ($200,000) against Defendant Town of Bridgewater.

4) Award interest, court costs and other reasonable expenses incurred by Complaint Schwarz in relationship to his efforts to seek redress of grievance in this action.

5) Award any and all other such relief the Court deems just, proper and constitutional.

Plaintiff **Donald M. Schwarz**, a natural person, reserves all his rights and submits this complaint, made in good faith and to the best of his knowledge in regards to the events describe herein, and is submitted for the record.

Complainant reserves his right for a trial by jury in this action.

_____   Date April 17, 2005
Donald M. Schwarz, Sui Juris, In Propria Persona, Plaintiff
92 Benson Road
Stoughton, Massachusetts 02072
781-344-5405

# COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.                                          PLYMOUTH SUPERIOR COURT
                                                       DOCKET No.: 05-459

Donald M. Schwarz,
       PLAINTIFF

Vs

Sergeant Robert Lincoln, individually;
Town of Bridgewater, Plymouth County,
Commonwealth of Massachusetts.
       DEFENDANTS

## NOTIFICATION OF PAYMENT UNDER PROTEST

FOR THE RECORD

    Plaintiff, **Donald M. Schwarz** in the above named action, does hereby note his objection to payment of a "filing fee" as required by law under Sections 2, 4 and 4C of Chapter 262 of the General Laws, such a filing fee being unconstitutional and in violation of rights secured under Article XI, Declaration of Rights, Part the First, Massachusetts Constitution and in violation of powers delegated to the Great and General Court under Article IV, Frame of Government, Legislative Power, Part the Second, Massachusetts Constitution.

    It is patently unconstitutional for any government in the United States of America, to not charge a citizen to enact laws, to not charge a citizen to enforce law, but to charge a citizen who seeks redress of grievance of violation of his rights by those laws enacted or laws enforced, in the manner of "FILING FEES", in the only forum available for a citizen to seek redress.

    Since when is it constitutional to tax a right to seek redress of grievance? If this is constitutional, then it is constitutional to tax someone who is sitting as a juror too. If a person is suppose to "obtain right and justice freely", what part of "freely" is taxable?

Reserving all Rights............

X _____ Date April 12, 2005
Donald M. Schwarz, Plaintiff, In Propria Persona
92 Benson Road
Stoughton, Massachusetts 02072

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05-459   4-19-05 | Trial Court of Massachusetts Superior Court Department County: PLYMOUTH |
|---|---|---|
| PLAINTIFF(S) Donald M. Schwarz   ST 1701-2 C.7 MGL c.221 s.48 | | DEFENDANT(S) Sergeant Robert Lincoln, individual Town of Bridgewater |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 92 Benson Rd. Stoughton, Mass 781-344-5905 Board of Bar Overseers number: | | ATTORNEY (if known) Massachusetts Insurers Insolvency Fund One Bowdoin Square, Boston Mass 02114 617-603-4110, Lois Hewson |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E-17 | Civil Rights Action MGL c. 12, s.11 I | (A) | (X) Yes ( ) No |

17 APR 2005 AM

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................ $ 0
2. Total Doctor expenses ........................ $ 0
3. Total chiropractic expenses .................. $ 0
4. Total physical therapy expenses ............. $ 0
5. Total other expenses (describe) ............. $ 0
   Subtotal $ 0
B. Documented lost wages and compensation to date ... $ 0
C. Documented property damages to date ............. $ 0
D. Reasonably anticipated future medical and hospital expenses $ 0
E. Reasonably anticipated lost wages ............. $ 0
F. Other documented items of damages (describe) ... $ 0
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

See Attached
7 pages total.

$ Four Hundred Thousand 400,000.00
TOTAL $ 400,000.00

FILED COMMONWEALTH OF MASSACHUSETTS SUPERIOR COURT DEPT. OF THE TRIAL COURT PLYMOUTH COUNTY APR 1 9 2005

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $ 0

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT   NONE

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record   Not applicable   DATE: April 17, 2005

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

| TRANSIT NUMBER | CHECK | CASH | NET AMOUNT | DATE | NAME | DESCRIPTION | DOCKET NO |
|---|---|---|---|---|---|---|---|
| 53-7146 | 085 | | 285 | 4/19/05 | Donald M Schwarz | Complaint | 05-750 |

**THE COMMONWEALTH OF MASSACHUSETTS**
CLERK - MAGISTRATE
PLYMOUTH DIVISION
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT
COURTHOUSE, 72 BELMONT ST.
BROCKTON, MA 02401

25256

# MASSACHUSETTS INSURERS INSOLVENCY FUND

7001 0360 0001 2624 2046

One Bowdoin Square
Boston, MA 02114-2916

CERTIFIED MAIL-RETURN RECEIPT REQUESTED

March 11, 2004

Donald M. Schwarz
92 Benson Rd.
Stoughton, MA 02072

Rec'd 12 Mar 2004 Friday

Note This is the agent for Sergeant Robert Lincoln, unless they are lying — then this would be fraud! DMS

Re:  Claimant:      Donald M. Schwarz v
     Policyholder:  Town of Bridgewater et al
     GFMS No:       229593
     Incident Date: 4/20/2002
     Policy No:     CP2-1564131

Dear Mr. Schwarz:

Your Notice of Complaint, dated February 26, 2004, addressed to the Town of Bridgewater has been received at the Guaranty Fund Management Services (GFMS). The Town's liability insurance carrier is insolvent and certain covered claims arising from the insolvency are being handled at GFMS.

My understanding of the allegations of this claim are as follows:
Mr. Schwarz brings this claim for monetary damages, unspecified, and emotional distress, unspecified, due to certain actions of Sergeant Robert Lincoln (you were requested to move along on a public way) and as a result of "unlawful acts, omission, policies and procedures in existence under the color of authority of the Town of Bridgewater, Ma you sustained "legal injury".

After reviewing the "complaint", GFMS must deny any liability or negligence on behalf of the Town of Bridgewater or Sergeant Lincoln and deny any resulting "damages" from any actions as alleged on April 20, 2002.

If you wish to contact me, my direct line is (617) 603-4110. The Facsimile # is (617) 227-8235.

Regards,
GFMS

Lois Hewson, Examiner

TRUE COPY ATTEST
Frances R. Powers
CLERK

VO: Plymouth Sup Ct
a true copy
Donald Schwarz
May 13, 2005

COMMONWEALTH OF MASSACHUSETTS

4/25-05

Town of B-Water

SUPERIOR COURT DEPARTMENT OF THE
TRIAL COURT OF THE COMMONWEALTH

PLYMOUTH, ss.

CIVIL ACTION
NO. 2005 CV ___

2

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY
APR 25 2005
_Francis R. Powers_
CLERK

Donald M. Schwarz, Plaintiff(s)

vs.

Sergeant Robert Lincoln, individually, Defendant(s)
Town of Bridgewater, Plymouth County

SUMMONS

To the above-named defendant :

You are hereby summoned and required to serve upon plaintiff ~~attorney~~, whose address is Donald M. Schwarz, 92 Benson Rd, Stoughton, Mass 02072, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Brockton either before service upon plaintiff ~~attorney~~ or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject ~~matter of the plaintiff claim or you~~ will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at Brockton, the _____ day of _____, in the year of our Lord two thousand and _____

_Francis R. Powers_
CLERK.

NOTES

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. To plaintiff's ~~attorney~~: please circle type of action involved — (Tort) — Motor Vehicle Tort — Contract — Equitable Relief — Other.

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on April 20, 2005, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5): CIV R 4(d)(4) Town Clerk Town of Bridgewater, Clerk, Bridgewater, Mass 02324 by Certified Mail 7004 1350 0005 2210 5408

Dated: April 20, 2005    Donald M Schwarz

N.B. TO PROCESS SERVER:—
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

_Francis R. Powers_
CLERK

April 20, 2005

Form 1

Cost $5.00 for Summons.

Margin note: YOU NEED NOT APPEAR PERSONALLY IN COURT TO ANSWER THE COMPLAINT, BUT IF YOU CLAIM TO HAVE A DEFENSE, EITHER YOU OR YOUR ATTORNEY MUST SERVE A COPY OF YOUR WRITTEN ANSWER WITHIN 20 DAYS AS SPECIFIED HEREIN AND ALSO FILE THE ORIGINAL IN THE CLERK'S OFFICE AT BROCKTON.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Cert – item 3 – 4/29/05
   Bridgewater
   Town Hall
   Bridgewater MA
   02324

2. Article Number
   (Transfer from service label)   7004 1350 0005 7210 7408

PS Form 3811, August 2001        Domestic Return Receipt        2ACPRI-03-P-405

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _____  ☒ Agent  ☐ Addressee

B. Received by (Printed Name): [illegible]

C. Date of Delivery: [illegible]

D. Is delivery address different from item 1?  ☐ Yes   ☐ No
   If YES, enter delivery address below:

3. Service Type
   ☒ Certified Mail       ☐ Express Mail
   ☐ Registered           ☐ Return Receipt for Merchandise
   ☐ Insured Mail         ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

COMMONWEALTH OF MASSACHUSETTS

Plymouth, SS                                                                C.A. NO. 2005-CV-459

DONALD M. SCHWARZ,

    Plaintiff,

v.

SERGEANT ROBERT LINCOLN, Individually;
TOWN OF BRIDGEWATER,
PLYMOUTH COUNTY,
MASSACHUSETTS,

    Defendants.



WRITTEN NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §1446(d)

TO:    Donald M. Schwarz, pro se
        92 Benson Road
        Stoughton, MA 02072

AND:  Clerk, Civil
        Plymouth Superior Court
        Courthouse
        Court Street
        Plymouth, MA 02360

Please take notice that a Notice of Removal of the above-captioned action from the Plymouth Superior Court of the Commonwealth of Massachusetts, Plymouth County, to the United States District Court for the District of Massachusetts (a copy of which Notice of Removal is annexed hereto) was duly filed in the United States District Court for the District of Massachusetts.

A TRUE COPY ATTEST

*[signature]*
CLERK

Please take further notice that this Notice and a copy of the Notice of Removal, certified by the United States District Court for the District of Massachusetts, has been duly filed with the Clerk of the Plymouth Superior Court of the Commonwealth of Massachusetts, Plymouth County, which filing removes this action and, in accordance with 28 U.S.C. §1446(d), the Superior Court shall proceed no further herein unless and until this case is remanded by the United States District Court.

                                                DEFENDANT,
                                                TOWN OF BRIDGEWATER,

                                                By its attorney,

                                                Joseph L. Tehan, Jr. (BBO# 494020)
                                                Anne C. Rosenberg (BBO# 656427)
                                                Kopelman and Paige, P.C.
                                                31 St. James Avenue
                                                Boston, MA 02116
                                                (617) 556-0007

250856/60700/0620

## CERTIFICATE OF SERVICE

I, Anne C. Rosenberg, hereby certify, that on the below date, I served a copy of the foregoing Notice of Removal and Written Notice of Removal to Federal Court Pursuant to 28 U.S. C. §1446 by first class mail, postage prepaid, to the following:

>Donald M. Schwarz, pro se
>92 Benson Road
>Stoughton, MA 02072

Dated: 5/11/05

_____
Anne C. Rosenberg

250856/60700/0620

3