DISTRICT COURT OF THE UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

C. A. No. 05 10959 RCL

Donald M. Schwarz,
               Plaintiff

Vs.

SERGEANT Robert Lincoln, individually;
TOWN OF BRIDGEWATER, PLYMOUTH COUNTY,
COMMONWEALTH OF MASSACHUSETTS.
               Defendants.

PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR SCEDULING
STATEMENT AND INTERROGATORIES

      Plaintiff, Donald M. Schwarz, a natural person and an inhabitant of the Commonwealth of Massachusetts, pursuant to Rights secured by the Declaration of Rights, Massachusetts Constitution; the Constitution of the United States of America and the Judiciary Act of 1789, 1 Stat. 73, c.XX, that due to lack of jurisdiction and standing to be heard in federal court, Plaintiff will not waive his right to refute the failure of this court to remand this action back to the Plymouth County Superior Court, by responding to what Plaintiff believes to be unconstitutional actions by Defendants named above, and by the dearth of a substantive argument by Defendants for removal to federal court; the absolute lack of any substantive ruling by Judge Reginald C. Lindsay in his approval of the removal to federal court, and the absolute lack of any substantive argument in the ruling by Judge Reginald C. Lindsay in his denial of Plaintiff's motion to remand this action back to the state court, as was the "ruling" issued by Justice Joseph R. Welch of the Brockton District Court pursuant to Docket No. 0415 AC 009578.

      Plaintiff reserves all his rights and summarily and categorically rejects and objects to all actions and rulings currently before this court.

For the Record

1/6

I.  LACK OF JURISDICTION

    A.  The public sidewalk outside the postal facility in Bridgewater, Massachusetts adjacent to Broad Street, is as much under the control of that facility as is the sidewalk outside the federal courthouse adjacent to Northern Avenue under the control of the courthouse, such sidewalks being under the jurisdiction of the Commonwealth of Massachusetts.

    B.  Lacking exclusive control over the public sidewalk adjacent to Broad Street in Bridgewater, Massachusetts in the vicinity of the postal facility, Police Officer Sergeant R. Lincoln could only respond to entering exclusive federal property if the Town of Bridgewater had complied with Title 40 USC s.318(b), which the public sidewalk is not.

    C.  Pursuant to the General Laws of the Commonwealth of Massachusetts, Section 7 of Chapter 1, Police Officer Sergeant R. Lincoln was mandated by law to enforce General Law, Section 11 of Chapter 56, even IF the public sidewalk adjacent to the Bridgewater postal facility and Broad Street were sold to the federal government under General Law Section 7 of Chapter 1, for the Commonwealth retains concurrent jurisdiction and Police Officer Sergeant R. Lincoln would have been honor bound by his oath of office, to secure Plaintiff's right to collect signatures upon a candidate's nomination against unlawful "suppresses a certificate of nomination or nomination paper,.." by personnel from inside said postal facility who were ignorant of the applicable laws.

But, sidewalks in the Commonwealth, are part of the public right-of-ways.

D. If Title 18 USC s.7 did apply to the public sidewalk adjacent to the postal facility and Broad Street in Bridgewater, Massachusetts and Police Officer Sergeant R. Lincoln, did not have authority under Title 40 USC s.318(b), then said Defendant was acting ultra vires, and was outside the jurisdiction of any authority to suppress the lawful activity being conducted by the Plaintiff, causing Plaintiff to be grievously injured by the actions of the Defendant.

E. Defendants counsel, waived right to remove to federal court by:

1. failure to meet the criteria under FRCP 8, (f) "construed..to do substantial justice", Defendant's pleading lacking such requisite;

2. as state law predominates in Plaintiffs action, under Title 28 USC s.1441(c), the federal court has no jurisdiction in this action and said action should be remanded back to Plymouth County Superior Court.

Plaintiff Schwarz has searched for any substantive argument as to why this action has been removed to federal court by Defendant's counsel, and has not found any argument or citation of federal law that would support such request.

I. PLAINTIFF'S AUTHORITY TO OBJECT

A. Article IV, Declaration of Rights, "The people of this commonwealth have the sole and exclusive right of governing themselves, as a free, sovereign, and independent state; and do, and forever hereafter shall, exercise and enjoy every power, jurisdiction, and right, which is not, or may not hereafter, be by them expressly delegated to the United States of America in Congress assembled." Plaintiff does note to this court, that under General Law Section 7, Chapter 1, the rights secured by G.L. Section 11 of Chapter 56 were current on April 20, 2002.

B. "Production on lawful process requires immediate resistance. The very purpose of process is to allow the person against whom ......to raise the question of legality......he did not have himself held in contempt or arrested for refusal."
UNITED STATES vs JOHNSON, et al, 76 F. SUPP. 538 (1947)

C. "If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence."
MCNUTT vs. GENERAL MOTORS ACCEPTANCE CORP. OF INDIANA, 298 U.S. 178 (1936)

I.  ARGUMENT

"Whatever the form in which the Government functions, anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority. The scope of this authority may be explicitly defined by Congress or be limited by delegated legislation, properly exercised through the rule-making power. And this is so even though, as here, the agent himself may have been unaware of the limitations upon his authority."
FEDERAL CROP INS. CORPORATION V. MERRILL, 332 U.S. 380 (1947)

     Plaintiff notes to this court, that the person from inside the Bridgewater, Massachusetts postal facility, who commanded Plaintiff to leave the public sidewalk on April 20, 2002, and of Bridgewater Police Officer Sergeant R. Lincoln who then appeared as called to the scene by postal workers, were both IN ERROR of their delegated authority as Plaintiff has distinctly shown in this Response to Defendant's request for Interrogatories and for Scheduling per Local Rule 16.1(D).

Ignorance of the law is no excuse, and as expressed in **SCREWS, 325 US 91, 129** *"Generally state officials know something of the individual's basic legal rights. If they do not, they should, for they assume that duty when they assume their office. Ignorance of the law is no excuse for men in general. It is less an excuse for men whose special duty is to apply it, and therefore to know and observe it."*

     Plaintiff Schwarz does note to this court, that in every step along the way in the situation leading up to the violation of Plaintiff's rights, public officials of the federal and state authority, though bound by SCREWS to know the law, failed to do so time and time again, even when Plaintiff lawfully requested the postal official and Police Officer Sergeant R. Lincoln ( G.L. s. 01, c. 263), just to CITE the law Plaintiff was allegedly violating as he collected signatures of registered voters on a public sidewalk.

Plaintiff's requests fell on deaf ears in the form of the postal worker and Bridgewater Police Officer Robert Lincoln.

Plaintiff now seeks "substantial justice" from this court and does again require that this action be remand back to the Superior Court of Plymouth County, and that Plaintiff will stand on the assertion of this right, and will not waive this right by complying with any request from this court and will only appear for a "Special Appearance" to challenge jurisdiction and not for a Scheduling Conference.

Without sworn and verified affidavits by the Defendants in this action, this court has only the Plaintiff's sworn testimony and documents to act upon.

Submitted in good faith and to the best of the knowledge of the Plaintiff.  *Reserving all Rights*

_____  Date 12 aug 2005
Donald M. Schwarz, Plaintiff, In Propria Persona
92 Benson Road
Stoughton, Massachusetts 02072
781-344-5405


Plaintiff Donald M. Schwarz does affirm, that true copies of Plaintiff's Response to Defendant's submission of Interrogatories and Scheduling Statement, have been sent to the following:

Federal District Court, 1 Courthouse Way, Boston, Mass 02210

Kopelman and Paige, PC, 31 St. James Avenue, Boston, Mass 02116-4102

On the 12th day of August, 2005 AD.

_____  Date aug 12, 2005
Donald M. Schwarz, Plaintiff

For the Record

6/6