UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-10959RCL

DONALD M. SCHWARZ,

    Plaintiff

v.

SERGEANT ROBERT LINCOLN, Individually; TOWN OF BRIDGEWATER, PLYMOUTH COUNTY, MASSACHUSETTS,

    Defendants

DEFENDANT TOWN OF BRIDGEWATER'S MOTION TO COMPEL DISCOVERY

  Now comes the defendant, Town of Bridgewater ("Town"), and hereby moves, pursuant to Fed.R.Civ.P. 37(a)(2)(B) and Local Rule 37.1, that this Honorable Court issue an order compelling plaintiff to serve answers to Interrogatories and responses to Request for Production of Documents. As grounds therefor, the Town states as follows:

  1.  The pro se plaintiff filed this Complaint in Plymouth Superior Court on or about April 20, 2005. On May 10, 2005, the Town removed the action to this Court.

  2.  On May 16, 2005, defense counsel served upon plaintiff: (a) the Town's Voluntary Disclosure of Discoverable Information; (b) the Town's First Set of Interrogatories; and (c) the Town's First Request for Production of Documents.[1] See Exhibit A.

  3.  Pursuant to Fed.R.Civ.P. 33(b)(3) and 34(b), plaintiff's responses to the Interrogatories and Request for Production of Documents were due on or about June 15, 2005.

---

[1] Sgt. Robert Lincoln has not yet been served with the Complaint and therefore is not a party to the issuance of discovery requests, or to this motion.

4. On August 11, 2005, having received no response to the discovery requests, defense counsel contacted plaintiff, in writing, to inquire as to the status of plaintiff's responses to the Town's discovery requests. See Exhibit B.

5. On August 16, 2005, plaintiff informed defense counsel, in writing, that he would not respond to any discovery requests "until jurisdiction has been resolved." See Exhibit C.

6. Plaintiff's claim that jurisdiction is not "resolved" is disingenuous. On May 26, 2005, plaintiff filed a motion to remand the matter to state court, on the basis that this Court lacked jurisdiction. On July 12, 2005, the Court denied plaintiff's motion.[2] As such, jurisdiction over this matter has been "resolved," and plaintiff's statement otherwise appears to be a smokescreen, set to avoid responding to the Town's duly propounded discovery requests.

7. On August 29, 2005, defense counsel sent plaintiff a letter of conferral, pursuant to Local Rules 7.1(A)(2) and 37.1(A), indicating the Town's intent to file the instant motion. To date, plaintiff has not responded to the August 26, 2005 letter.

8. Accordingly, the Town seeks an Order, compelling plaintiff to provide responses to the Town's discovery requests forthwith.

DEFENDANT
TOWN OF BRIDGEWATER,

By its attorneys,

/s/ Jackie Cowin

Joseph L. Tehan, Jr. (BBO# 494020)
Jackie Cowin (BBO# 655880)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

259724/60700/0620

---

[2] The Town removed this matter pursuant to 28 U.S.C. §1331 and §1441, as the Complaint asserts claims "pursuant to … the Constitution of the United States of America and of the common law of the United States of America." Complaint, Introduction and ¶29.

2

LEONARD KOPELMAN
DONALD G. PAIGE
ELIZABETH A. LANE
JOYCE FRANK
JOHN W. GIORGIO
BARBARA J. SAINT ANDRE
JOEL B. BARD
JOSEPH L. TEHAN, JR.
THERESA M. DOWDY
DEBORAH A. ELIASON
RICHARD BOWEN
DAVID J. DONESKI
JUDITH C. CUTLER
KATHLEEN E. CONNOLLY
DAVID C. JENKINS
MARK R. REICH
BRIAN W. RILEY
DARREN R. KLEIN
JONATHAN M. SILVERSTEIN
ANNE-MARIE M. HYLAND
JASON R. TALERMAN
GEORGE X. PUCCI

EDWARD M. REILLY
DIRECTOR WESTERN OFFICE

**KOPELMAN AND PAIGE, P. C.**

ATTORNEYS AT LAW

31 ST. JAMES AVENUE

BOSTON, MASSACHUSETTS 02116-4102

(617) 556-0007
FAX (617) 654-1735

PITTSFIELD OFFICE
(413) 443-6100

NORTHAMPTON OFFICE
(413) 585-8632

WORCESTER OFFICE
(508) 752-0203

WILLIAM HEWIG III
JEANNE S. McKNIGHT
KATHLEEN M. O'DONNELL
PATRICIA A. CANTOR
THOMAS P. LANE, JR.
MARY L. GIORGIO
MICHELE E. RANDAZZO
THOMAS W. MCENANEY
KATHARINE GOREE DOYLE
LAUREN F. GOLDBERG
JEFFREY A. HONIG
GREGG J. CORBO
RICHARD T. HOLLAND
ELIZABETH R. CORBO
MARIA C. ROTA
VICKI S. MARSH
JOHN J. GOLDROSEN
SHIRIN EVERETT
BRIAN E. GLENNON, II
JONATHAN D. EICHMAN
JOSEPH S. FAIR
LAURA H. PAWLE
CAROLYN M. MURRAY
JACKIE COWIN
SARAH N. TURNER
JEFFREY T. BLAKE
R. ERIC SLAGLE
CAROLYN KELLY MACWILLIAM

May 16, 2005

Mr. Donald M. Schwarz
92 Benson Road
Stoughton, MA 02072

Re: Donald M. Schwarz v. Town of Bridgewater, et al.
    United States District Court C.A. No. _____

Dear Mr. Schwarz:

Enclosed please find the following:

1. Defendant Town of Bridgewater's First Set of Interrogatories to Plaintiff;

2. Defendant Town of Bridgewater's First Request for Production of documents to Plaintiff; and

3. Defendant Town of Bridgewater's Voluntary Disclosure of Discoverable Information Pursuant to Fed.R.Civ.P. 26(a)(1).

Very truly yours,

Joseph L. Tehan, Jr. /jc

Joseph L. Tehan, Jr.

JLT/er
Enc.
cc: Lois Hewson (GFMS # 229593) (w/o enc.)
251291/METG/0620

| | KOPELMAN AND PAIGE, P. C. | |
|---|---|---|
| LEONARD KOPELMAN<br>DONALD G. PAIGE<br>ELIZABETH A. LANE<br>JOYCE FRANK<br>JOHN W. GIORGIO<br>BARBARA J. SAINT ANDRE<br>JOEL B. BARD<br>JOSEPH L. TEHAN, JR.<br>THERESA M. DOWDY<br>DEBORAH A. ELIASON<br>RICHARD BOWEN<br>DAVID J. DONESKI<br>JUDITH C. CUTLER<br>KATHLEEN E. CONNOLLY<br>DAVID C. JENKINS<br>MARK R. REICH<br>BRIAN W. RILEY<br>DARREN R. KLEIN<br>JONATHAN M. SILVERSTEIN<br>ANNE-MARIE M. HYLAND<br>JASON R. TALERMAN<br>GEORGE X. PUCCI<br><br>EDWARD M. REILLY<br>  DIRECTOR WESTERN OFFICE<br>WILLIAM HEWIG III<br>JEANNE S. McKNIGHT | ATTORNEYS AT LAW<br><br>31 ST. JAMES AVENUE<br><br>BOSTON, MASSACHUSETTS 02116-4102<br><br>(617) 556-0007<br>FAX (617) 654-1735<br><br>PITTSFIELD OFFICE<br>(413) 443-6100<br><br>NORTHAMPTON OFFICE<br>(413) 585-8632<br><br>WORCESTER OFFICE<br>(508) 752-0203<br><br>August 11, 2005 | KATHLEEN M. O'DONNELL<br>PATRICIA A. CANTOR<br>THOMAS P. LANE, JR.<br>MARY L. GIORGIO<br>MICHELE E. RANDAZZO<br>THOMAS W. MCENANEY<br>KATHARINE GOREE DOYLE<br>LAUREN F. GOLDBERG<br>JEFFREY A. HONIG<br>GREGG J. CORBO<br>RICHARD T. HOLLAND<br>ELIZABETH R. CORBO<br>MARIA C. ROTA<br>VICKI S. MARSH<br>JOHN J. GOLDROSEN<br>SHIRIN EVERETT<br>BRIAN E. GLENNON, II<br>JONATHAN D. EICHMAN<br>JOSEPH S. FAIR<br>LAURA H. PAWLE<br>CAROLYN M. MURRAY<br>JACKIE COWIN<br>SARAH N. TURNER<br>JEFFREY T. BLAKE<br>R. ERIC SLAGLE<br>CAROLYN KELLY MACWILLIAM<br>ANNE C. ROSENBERG<br>PETER L. MELLO |

Mr. Donald M. Schwarz
92 Benson Road
Stoughton, MA 02072

Re:   Donald M. Schwarz v. Town of Bridgewater, et al.
      United States District Court C.A. No. 05-10959RCL

Dear Mr. Schwarz:

On May 16, 2005, my colleague Joseph Tehan served upon you Defendant Town of Bridgewater's First Set of Interrogatories to Plaintiff, and Defendant Town of Bridgewater's First Request for Production of Documents to Plaintiff. Pursuant to Fed.R.Civ.P. 33(b) and 34(b), responses to these discovery requests were due by June 16, 2005. However, to date we have received no such responses.

Please inform me as to the status of your discovery responses. Please be advised that if we do not receive your responses in a timely manner, we will file a Motion to Compel said responses with the Court.

Very truly yours,

Jackie Cowin

JC/cmt
cc:   Lois Hewson (GFMS # 229593)
      Municipal Administrator

258474/METG/0620

**EXHIBIT C**

KOPELMAN and PAIGE, P.C.
ATTORNEYS AT LAW
31 St. James Avenue
Boston, Massachusetts 02116-4102

August 16, 2005

RE:  Donald M. Schwarz v. Robert Lincoln, individually et al
     Plymouth Superior Court Docket No: 05 CV 00459
&    District Court of the United States – Boston – C.A. No. 05-10959RCL

Attorney Jackie Cowin,

Pursuant to your correspondence of August 11, 2005 inquiring as to prior correspondence from your office regarding Production of Documents pursuant to Fed.R.Civ.P 33(b) and 34(b) dated June 16, 2005, until jurisdiction has been resolved, I cannot respond to any request from your office or the Court without waiving my right to contest subsequent invasions on my rights.

There will be no response from me until jurisdiction has been proven by substantive documentation as to any authority of your office to make such requests.

As Sergeant Robert Lincoln, by virtue of his powers as a police officer on April 20, 2002, had no authority to compel Plaintiff to act against his will and to cease the lawful exercise of Plaintiff's right to obtain signatures per G.L. c.56, s.11 while located on a public sidewalk adjacent to Broad Street, Bridgewater, under the jurisdiction of the Commonwealth of Massachusetts, neither does the District Court located adjacent to Northern Avenue have any jurisdiction over the sidewalk there, nor does the United States Postal facility located at 25 Dorchester Avenue, Boston, have any jurisdiction over the sidewalk adjacent to that public right-of-way.

At no time during my litigation against Sergeant Lincoln did he offer any defense of his actions against Plaintiff by showing a scintilla of authority or justification for his action, when Plaintiff challenge Defendant Lincoln on April 20, 2002, nor at the Clerk Magistrate hearing of November 06, 2003; nor at the hearing before a justice on December 10, 2003; nor at a second hearing on November 16, 2004. If Congress cannot make sidewalks "off limits" as noted in: **U.S. et al vs GRACE**, 461 US 171, 180 – *"Public sidewalks forming perimeter of the Supreme Court…….are public forums. -- We hold that under the First Amendment……..unconstitutional as applied to those sidewalks.--------subject to reasonable regulations…"*, then the sidewalk alongside Broad Street in Bridgewater, does NOT come under federal jurisdiction, nor does Sergeant Lincoln have or had, any authority to infringe Plaintiff's rights on the date in question.

The request made by your office, is moot until jurisdiction - challenged by Plaintiff- has been proven.

For the Record   Reserving all right.

Yours,           _Donald M. Schwarz_   Date 16 Aug 2005
                 Donald M. Schwarz, Plaintiff, In Propria Persona
                 92 Benson Road
                 Stoughton, Mass. 02072                Posted on 16 Aug 2005

CC: Town of Bridgewater., Lois Hewson GFMS # 229593