DISTRICT COURT OF THE UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

C.A. No. 05 10959 RCL

Donald M. Schwarz,
     Plaintiff

Vs.

SERGEANT Robert Lincoln, individually;
TOWN OF BRIDGEWATER, PLYMOUTH COUNTY,
COMMONWEALTH OF MASSACHUSETTS.
     Defendants.

MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND TO REMAND SAME BACK TO STATE COURT

  Plaintiff Schwarz in the above named action now moves pursuant to Title 28 USC s. 2072(b) Title 28 USC s.1447(c), and Fed.R.Civ.P. Rule 12(b,1) that this Honorable Court do issue an order to dismiss this action, order the payment of just costs and any actual expenses incurred as a result of the removal and remand this action back to the state court where the proper jurisdiction exists.

To Wit:

1. On or about May 11, 2005 counsel for the Defendants in the above named action filed a request for removal to federal court the action: Donald M. Schwarz vs Sergeant Robert Lincoln, individually, et al – Plymouth Superior Court Dock. No. 2005 CV 0459, pursuant to 28 USC s.1446.

2. Pursuant to 28 USC s.1446, Defendants are to provide a "a short and plain statement of the grounds for removal".

3. Defendants in the above named action listed the grounds for removal on the CIVIL COVER SHEET dated 5/10/05 as, quote, " Plaintiff claims request by Town's police sergeant that plaintiff change his location for collecting signatures violated his Civil Rights, as well as other state and federal laws." which does not meet minimum requirements of removal.

4. At a special appearance requested by Plaintiff to determine jurisdiction on September 07, 2005 at the District Court, Boston Division in the chambers of Justice Reginald Lindsay, Plaintiff Schwarz argued that no federal question had been sought in the complaint in question as filed, while counsel for Defense reiterated that Plaintiff Schwarz had made mention of the "Constitution of the United States of America" in the introduction of the Complaint filed in state court, as well as mentioning the "Constitution of the United States of America" again in paragraph 29 of Plaintiff's statement of the incident in which Plaintiff's rights were violated, upon which Plaintiff filed suit in state court.

5. Plaintiff Schwarz informed Justice Lindsay, that Plaintiff had been collecting signatures on a public sidewalk alongside Route 18 in Bridgewater, Massachusetts, and that even the public sidewalk alongside Northern Avenue outside the District Court, was state property and use of said sidewalk was protected by the laws of the Commonwealth.

6. Plaintiff Schwarz argued, that because state law: G.L. c12, 11I and G.L. c.265, s.37, said state laws could be used to prosecute any violation of rights, to include rights secured "by the Constitution or laws of the United States", that a mere recitation of the "Constitution of the United States of America" in his complaint, would not give original jurisdiction to the federal court. SEE: Attached

7. Justice Lindsay informed Plaintiff that said Justice was not aware of what was contained in G.L. c.265, s.37 or the rights secured by that law by the Commonwealth for its citizens.

8. Plaintiff Schwarz also noted to Justice Lindsay the greater rights secured by the states under the ruling: **MILLS vs ROGERS, 457 US 291, 300** "If so, the broader state protections would define the actual substantive rights possessed by a person living within that State. Where a State creates liberty interests broader than those protected directly by the Federal Constitution, the procedures mandated to protect the federal substantive interests also might

fail to determine the actual procedural rights and duties of persons within the State." and Justice Lindsay took no notice of these rights as cited by Plaintiff.

9. Justice Reginald Lindsay noted during the hearing, that none of the Counts in Plaintiff's complaint sought the securing of any federal rights by Plaintiff and that only a mere mention of the Constitution of the United States of America was ever made in Plaintiff's complaint. Counsel for the Defense noted that Plaintiff had mentioned the "Constitution of the United States of America" twice in his statement regarding the original incident.

10. At the special appearance, Plaintiff Schwarz was then offered a choice by Counsel for the Defense of remanding this action back to state court, if Plaintiff would agree to waive any and all rights which might be evidenced at trial in state court waiving all appeals.
SEE: attached – "Stipulation of Dismissal"

11. Justice Reginald Lindsay supported the waiver made by counsel for the Defense by giving Plaintiff Schwarz a "Hobson's Choice" – Plaintiff waive his rights and Justice Lindsay would remand the action; or, if Plaintiff did not waive his rights, Justice Lindsay would schedule the action for trial.

12. Plaintiff Schwarz refused to waive his rights and protested to Justice Lindsay that this action by the Justice was unconstitutional.

13. Justice Lindsay then suggested that Plaintiff obtain the services of counsel, which begs the question, should Plaintiff had had a counsel present as he collected signatures on a public sidewalk on the date of the original incident in Bridgewater, Massachusetts while on a public sidewalk as so defined by 720 CMR 9:01 "Definitions"?

14. Justice Reginald Lindsay, denied this argument and offered Plaintiff to appeal to the Court of Appeals, First Circuit, if Plaintiff wanted to contest his ruling.

15. Justice Reginald Lindsay then informed Plaintiff that "[Justice Lindsay] did not have time to argue this point any further."

16. Plaintiff Schwarz now brings within judicial notice the criteria for a Defendant to meet as set forth in the ruling: **HUNNEMAN REAL ESTATE CORP vs EASTERN MIDDLESEX ASS'N OF REALTORS, INC. 860 F SUPP 906, 911** "The burden of showing that removal is proper is on the defendant seeking removal" and Id. at 909 that "The plaintiff is master of its own claim and can choose to keep its suit in state court if its well-pleaded complaint does not affirmatively rely on federal law." *Allstate Ins. Co. v. 65 Sec. Plan*, 879 F.2d 90, 93 (3rd Cir. 1989)", such that even a state law citing federal law as contained within a civil complaint count, does not rise to federal jurisdiction and removable.

17. Defendants, in their request for removal, have failed to meet the minimum requirements as cited in the ruling **HUNNEMAN REAL ESTATE CORP.** such that as ruled in **HUNNEMAN**, the mere mention of a state law in Count in which the laws of a state also include mention of a federal law, does not give original jurisdiction to the district court and as such, the Justice above remanded the action back to the state court.

18. Plaintiff Schwarz also notes to this court the ruling: **CHIN vs HOLIDAY CRUISES II Inc., 141 F.R.D. 367, 369** that - It is important to note that "[r]emoval statutes are strictly construed with doubts resolved in favor of state court jurisdiction." and that as Plaintiff has not stated any federal cause of action in his complaint, only violations of state law in his Counts, there is no doubt that there are no federal questions nor any federal jurisdiction involved in this action. Further, there is also: **Adorno Enterprises v. Federated Department Stores**, 629 F. Supp. 1565, 1573 (D.R.I. 1986) (federal court retains jurisdiction only where its authority is clear). "The burden falls squarely upon the removing party to establish its right to a federal forum." **American Buildings**, 616 F. Supp. at 643;

accord Hays v. Fireman's Mortgage Corporation, 1991 U.S. Dist. LEXIS 17171, 1991 WL 255529, at *1 (N.D. Ill. November 25, 1991) (removing party bears burden to establish that removal was proper); Adorno Enterprises, 629 F. Supp. at 1573 (burden of persuasion rests with removing party), The appropriateness of removal is determined "at the time the petition for removal [is] filed." American Buildings, 616 F. Supp. at 643; accord Ching v. Mitre Corporation, 921 F.2d 11, 13 (1st Cir. 1990), to support Plaintiff Schwarz in this Motion to Dismiss for lack of subject matter jurisdiction – no federal questions raised in complaint.

19. Plaintiff Schwarz, in support of his position of lack of subject matter jurisdiction in the case at hand notes: **GOLD-WASHING AND WATER COMPANY v. KEYES, 96 U.S. 199** "Before, therefore, a circuit court can be required to retain a cause under this jurisdiction, it must in some form appear upon the record, by a statement of facts, "in legal and logical form," such as is required in good pleading (1 Chit. Pl. 213), that the suit is one which "really and substantially involves a dispute or controversy" as to a right which depends upon the construction or effect of the Constitution, or some law or treaty of the United States.", which counsel for Defense has not presented to this Plaintiff or Court.

20. Counsel for Defendants have not made a viable argument for removal "in a legal and logical form" to warrant a removal to District Court not even coming close to "legal and logical" in their argument and Plaintiff seeks to retain his substantive rights as acknowledged in HUNNEMAN and KEYES.

## CONCLUSION

That this Honorable Court do summarily dismiss this action and remand same, with costs for Plaintiff, back to the Plymouth County Superior Court.

This Motion is made in good faith, legally and logically and to the best of the knowledge of the Plaintiff in reference to the original incident, Plaintiff's complaint and to the occurrences at the Special Appearance on September 07, 2005 as conducted in the judge's chamber and not in an open court with witnesses to the proceedings.

Signed pursuant to F.R.C.P. Civil 11(a) by Plaintiff.

For the Record and Reserving all Rights.

*Donald M. Schwarz*   Date Sept 15, 2005
Donald M. Schwarz, Plaintiff, In Propria Persona
92 Benson Road
Stoughton, Massachusetts 02072
781-344-5405

Affirmation of Posting:
Plaintiff Donald M. Schwarz *Donald Schwarz* does affirm that true copies of this Motion were posted to:

District Court of the United States of America, One Courthouse way, Boston, Mass. 02210-3002:
Defense Counsel, Kopelman and Paige, PC, 31 St. James Street, Boston, Mass. 02116;
Plymouth County Superior Court, 72 Belmont Street, Brockton, Mass. 02301

On the 15 th day of September, 2005 AD
*Donald Schwarz*, Donald M. Schwarz

Attached: GL. c. 12, s H and I, c.265, s. 37 and c.56, s. 11;
Stipulation of Dismissal and Waiver of Rights – Kopelman and Paige.

MGL Chapter 12, Section 11H.

Section 11H. Whenever any person or persons, whether or not acting under color of law, interfere by threats, intimidation or coercion, or attempt to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any other person or persons of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, the attorney general may bring a civil action for injunctive or other appropriate equitable relief in order to protect the peaceable exercise or enjoyment of the right or rights secured. Said civil action shall be brought in the name of the commonwealth and shall be instituted either in the superior court for the county in which the conduct complained of occurred or in the superior court for the county in which the person whose conduct complained of resides or has his principal place of business.

MGL Chapter 12, Section 11I.

Section 11I. Any person whose exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, has been interfered with, or attempted to be interfered with, as described in section 11H, may institute and prosecute in his own name and on his own behalf a civil action for injunctive and other appropriate equitable relief as provided for in said section, including the award of compensatory money damages. Any aggrieved person or persons who prevail in an action authorized by this section shall be entitled to an award of the costs of the litigation and reasonable attorneys' fees in an amount to be fixed by the court.

MGL Chapter 265, Section 37.

Section 37. No person, whether or not acting under color of law, shall by force or threat of force, willfully injure, intimidate or interfere with, or attempt to injure, intimidate or interfere with, or oppress or threaten any other person in the free exercise or enjoyment of any right or privilege secured to him by the constitution or laws of the commonwealth or by the constitution or laws of the United States. Any person convicted of violating this provision shall be fined not more than one thousand dollars or imprisoned not more than one year or both; and if bodily injury results, shall be punished by a fine of not more than ten thousand dollars or by imprisonment for not more than ten years, or both.

MGL Chapter 56, Section 11.

Section 11. Whoever falsely makes or wilfully alters, defaces, mutilates, destroys or suppresses a certificate of nomination or nomination paper, or letter of withdrawal of a name from such paper, or an initiative petition or a petition for the submission of a question to the voters, or unlawfully signs any such certificate, paper, letter or petition, or files any such certificate, paper, letter or petition, knowing the same to be falsely made or altered, shall be punished by a fine of not more than one thousand dollars or by imprisonment for not more than one year.

*FOR THE RECORD* *Rec'd 09 SEPT 05*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-10959RCL

DONALD M. SCHWARZ,

    Plaintiff

v.

SERGEANT ROBERT LINCOLN,
Individually; TOWN OF
BRIDGEWATER, PLYMOUTH
COUNTY, MASSACHUSETTS,

    Defendants

STIPULATION OF DISMISSAL
WITH PREJUDICE

*A true copy attest*
*Donald M. Schwarz*
*12 Sept 2005*

    Now come the parties to the above action, pursuant to Fed.R.Civ.P. 41(a)(1)(ii), and hereby stipulate and agree that all claims in the Complaint arising under the Constitution, laws, or treaties of the United States be dismissed with prejudice, without costs, fees or interest to any party, and waiving all rights of appeal.

DEFENDANT

TOWN OF BRIDGEWATER,

By its attorneys,

_____
Joseph L. Tehan, Jr. (BBO# 494020)
Jackie Cowin (BBO# 655880)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116

260078/METG/0620

PLAINTIFF

*under Protest &*
*Reserving all rights*
_____
Donald M. Schwarz (pro se)
92 Benson Road
Stoughton, MA 02072

*Sept 07, 2005*

*Refused by*
*Just. R. Lindsay*

*Refused by K__*