DISTRICT COURT OF THE UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

C. A. No. 05 10959 RCL

Donald M. Schwarz,
          Plaintiff

Vs.

SERGEANT Robert Lincoln, individually;
TOWN OF BRIDGEWATER, PLYMOUTH COUNTY,
COMMONWEALTH OF MASSACHUSETTS.
          Defendants.

## MOTION TO ENJOIN DISCOVERY FOR DEFENDANTS

Plaintiff Schwarz in the above named action now moves pursuant to Judiciary Act of 1789, Title 28 USC s. 2072(b) Title 28 USC s.1331, and Fed.R.Civ.P. Rule 7, 8, 12(b) that this Honorable Court do issue an order to enjoin counsel for Defense requesting response for discovery until this Court issues a constitutional ruling on the subject matter jurisdiction of Plaintiff's original complaint as submitted to Plymouth County Superior Court, Do. # 2005 CV 00459 and Defendants provide sworn affidavits of their authority regarding the incident of April 20, 2002 in the Town of Bridgewater, Plymouth County, Massachusetts and other requests.

### ARGUMENT

1. Defendants in the above named actions have never submitted any documentation as proof of their actions for the "purpose of securing an accounting of his performance of his public trust." **GARDNER vs BRODERICK**, 392 US 273, 279 when Plaintiff Schwarz requested same from the Defendants on the date in question, nor at any time subsequent. See also: Section 01, Chapter 263, General Laws of Massachusetts.

2. Defendants have made no effort to provide Plaintiff with a single verifiable document as to prove their authority for the actions taken against Plaintiff such as is required by Title 40 USC s. 318(b) in the case at hand.

3. Defendants have made no effort to provide Plaintiff with a single verifiable document as to any authority they might possess under Title 18 USC s. 7 in the case at hand.

4. Defendants have made no effort to provide Plaintiff with a single verifiable document to prove their authority under Section 07, Chapter 01 of the General Laws of Massachusetts regarding concurrent jurisdiction of criminal and civil matters regarding federal territories in the case at hand.

5. Defendants in their request for removal fail to meet the minimum standards set forth in Fed R. Civ. P. 8(a) sufficient for Plaintiff to formulate a response. – CIVIL COVER SHEET --- VI. " Plaintiff claims request by Town's police sergeant that Plaintiff change his location for collecting signatures violated his Civil Rights, as well as other state and federal laws." is so insufficient in any substantive reasoning, as to leave Plaintiff with no concept of what specific federal question exists or even why this Honorable Court has allowed the removal.

6. The denial to remand made by this Honorable Court on July 07, 2005 in response to Plaintiff's Request to Remand this action back to the state court due to complete lack of subject matter for the federal courts, does not give a full descriptive as to the defects in Plaintiff's request, as was done for the litigants in: HUNNEMAN REAL ESTATE CORP. vs EASTERN MIDDLESEX ASS'N of REALTORS, 860 F. SUPP. 906, 911 (D.MASS 1994).

7. Plaintiff also reminds this Honorable Court, that Plaintiff has requested of the Postmaster General of the United States of America to respond to certain questions regarding the jurisdiction of the public sidewalk located adjacent to the postal facility located near 169 Broad street, Bridgewater, Massachusetts in a letter sent by Plaintiff on September 10, 2005, and if the Town of Bridgewater has complied with all federal laws regarding enforcement of federal laws on postal property. As of this date, the Postmaster General has not responded.

8. Finally, Plaintiff Schwarz reminds this Honorable Court of the hearing in the chambers of Justice Reginald Lindsay on September 07, 2005, Plaintiff again brought up the topic of "subject matter" and how Plaintiff did not cite federal jurisdiction in any of his "Counts" See: **HUNNEMAN 860 F. Supp. 906, 910** "Count I does not "necessarily" state a federal cause of action, and federal law does not clearly apply", there is no federal cause of action in Plaintiff's complaint, in any of his "COUNTS", there is no federal cause of action.

As of this date, Plaintiff Schwarz has not received any documentation from this Honorable Court regarding Justice Reginald Lindsay's offer to take said Justice's refusal to remand for lack of subject matter jurisdiction, to, and I quote -- "the Appeals Court downstairs" Plaintiff Schwarz asking for a ruling in writing from Justice Lindsay.

**CLAIM FOR RELIEF**

That this Honorable Court do enjoin the Defendants from requesting discovery until:

1. Defendant Sergeant Robert Lincoln do submit an affidavit affirming the measure and scope of his authority on the date in question in regards to enforcing any and all laws, state or federal, regarding the jurisdiction for said Defendant to do so in the area of the property located at 169 Broad Street, Bridgewater, Massachusetts – the postal facility and all applicable real property thereof.

2. Defendant Town of Bridgewater, Massachusetts do submit an affidavit affirming the measure and scope of their authority on the date in question in regards to enforcing any and all laws, state or federal, regarding the jurisdiction for said Defendant to do so in the area of the property located at 169 Broad Street, Bridgewater, Massachusetts – the postal facility and all applicable real property thereof.

3. Defendants submit an affidavit as to their authority under Section 07, Chapter 01 of the General Laws – Commonwealth of Massachusetts to enforce both the civil and criminal statues in support of the rights of the inhabitants of the Commonwealth of Massachusetts, in regards to concurrent jurisdiction upon federal territories within said Commonwealth.

4. Counsel for Defendants submit a more definite statement as to why this Honorable Court should have jurisdiction, as opposed to the vague and ambiguous claim found upon the CIVIL COVER SHEET under VI – "Cause of Action".

5. That this Honorable Court do submit to the Plaintiff, a full and complete ruling as to why Plaintiff's Motion in Opposition to Removal of May 25, 2005, is defective and will not support remand back to the state court, the single sentence denial of July 07, 2005, being insufficient.

6. That this Honorable Court do wait for verification from the Postmaster General of the United States of America, to confirm or deny any alleged authority of Defendants to have jurisdiction over enforcement of federal statutes regarding the real property located at 169 Broad Street, Bridgewater, Massachusetts.

That until these six reasonable requests have been constitutionally fulfilled, that this Honorable Court do issue an order to enjoin discovery until factual, sworn evidence is presented to this court by the Defendants.

Plaintiff Schwarz fears waiver of his right to contest subject matter jurisdiction should he respond in any positive fashion to any requests by the Defendants. The onus is on the Defendants to affirm the authority for their action on the date in question, rather than the Plaintiff to prove that there are no federal cause of action in his original complaint submitted to the Plymouth Superior Court or that Plaintiff had no right to be on the public sidewalk on the date in question.

Submitted in good faith and to the best knowledge of the writer.

Reserving all Rights

_Donald M. Schwarz_   Date Sept. 26, 2005
Donald M. Schwarz, Plaintiff, In Propria Persona
92 Benson Road
Stoughton, Massachusetts 02072
781-344-5405

Plaintiff Schwarz does affirm that true copies of this Motion were posted to the following recipients by First Class mail as posted from his domicile:
Civil Clerk, District Court of the USA, One Courthouse Way, Boston, Mass. 02210, and Kopelman & Paige, 31 St. James Ave. Boston, Mass 02116-4102............

On the 26 th day of September 2005.
_Donald M. Schwarz_—Donald M. Schwarz, Plaintiff