DISTRICT COURT OF THE UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

C. A. No.  05  10959  RCL

Donald M. Schwarz,
          Plaintiff

Vs

SERGEANT Robert Lincoln, individually;
TOWN OF BRIDGEWATER, PLYMOUTH COUNTY,
COMMONWEALTH OF MASSACHUSETTS.
          Defendants.

**MOTION TO DISMISS AND REMAND**

Plaintiff Schwarz in the above named action now demur and moves pursuant to Judiciary Act of 1789, Sections 32 and 35, Title 28 USC s. 2072(b) Title 28 USC s.1441, and Fed.R.Civ.P. Rule 12(b) and Rule 84 – Forms 2, 19, 20, that this Honorable Court do issue an order to dismiss remand the above named action back to Plymouth County Superior Court, Do. # 2005 CV 00459, for as of this date, Defendants have not complied with Title 28 USC s. 1441(b) to make a substantive argument to give this Court authority to hear this case based upon subject matter jurisdiction.

**ARGUMENT AND DEFENSE**

1. To remand the above named action back to the state court of Plymouth County for Counsel for the Defendants have failed to state a cognizable claim upon which federal jurisdiction subject matter can be established.

2. To remand the above named action back to the state court of Plymouth County for Counsel for the Defendants have failed to state a cognizable claim of authority for the actions taken by Defendant Sergeant Lincoln against Plaintiff on the date in question.

3. To remand the above named action back to the state court of Plymouth County for Counsel for the Defendants have failed to comply with **Title 28 USC s. 1441(b)** to name a specific, substantive right arising under the Constitution, treaties or laws of the United States existing in the Plaintiff's original complaint, that Plaintiff has claimed or asserted, giving this Court jurisdiction.

4. To remand the above named action back to the state court of Plymouth County for Counsel for the Defendants have failed to comply with **Fed. R. Civ. P. Rule 84 – Form 2(b)** to identify an: Article of the Constitution of the United States of America, an Amendment to the Constitution of the United States of America, an Act of Congress or of a Treaty of the United States of America, upon which a federal question can be asserted based upon Plaintiff's original complaint.

5. To remand the above named action back to the state court of Plymouth County for Counsel for the Defendants have failed to comply with **Fed. R. Civ. P. Rule 84 – Form 2(c)** to identify a statute with which a federal question has arisen giving this Court jurisdiction based upon Plaintiff's original complaint.

6. To remand the above named action back to the state court of Plymouth County for this Court has never, pursuant to **Section 32, Judiciary Act of 1789**, cited any defects or want of form to Plaintiff's submissions to this Court, preventing Plaintiff from making corrections to said "defective" submissions for further action.

7. To remand the above named action back to the state court of Plymouth County for this Court has never, pursuant to **Section 35, Judiciary Act of 1789**, that as of this date, Plaintiff has not received from this Court, any sort of documentation or ruling to give substantive reasons as to why Plaintiff's submissions are not worthy to have been plead by the Plaintiff to the

Court and that Plaintiff has not managed his case according to the principles contained within the Constitution of the United States of America.

### CLAIM FOR RELIEF

That Counsel for the Defense has failed to meet the minimum standards of compliance regarding **subject matter jurisdiction** as put forth in Title 28 USC s.1441(b) or even under Fed. R. Civ. P. Rule 84 – Form "Allegation of Jurisdiction" 2(b), 2(c) in order to set forth any claim of a federal question by citing a specific federally secured right claimed by the Plaintiff in his original complaint as submitted to the Plymouth County Superior Court under Dock. # 2005 CV 0459. Counsel for Defense even fails to meet the minimum requirements set forth in : **HUNNEMAN REAL ESTATE CORP. vs EASTERN MIDDLESEX ASS'N of REALTORS, 860 F. SUPP. 906, 911 (D.MASS 1994)**, which support Plaintiff in his numerous pleadings to remand this action back to the lower court in Plymouth County.

Plaintiff does demur to the actions of the Defendants as they have not provided substantive arguments or evidence of jurisdiction of the federal court based upon federally secured rights alleged to have been in Plaintiff's original complaint, nor has this Court provided any substantive ruling to which Plaintiff can respond to and so Plaintiff does again request the remand of this action back to the Plymouth County Superior Court where proper jurisdiction exists.

This Motion is made in good faith and to the best of the knowledge of the submittor. Submitted in compliance with all lawful statutes, rules and regulations, made in pursuance of the Constitution of the United States of America, and reserving those greater rights secured by the Constitution of the Commonwealth of Massachusetts, such greater rights to be secured by this Court as mandated by: **MILLS v. ROGERS, 457 U.S. 291 (1982)**

Reserving all Rights.

_____  Date OCT 19, 2005
Donald M. Schwarz, Plaintiff, In Prop Per
92 Benson Road
Stoughton, Massachusetts 02072
781-344-5405


Affirmation of Posting:

Plaintiff Schwarz does affirm that true copies of this Motion were posted to the following recipients by First Class mail as posted from his domicile:
Civil Clerk, District Court of the USA, One Courthouse Way, Boston, Mass. 02210, and Kopelman & Paige, 31 St. James Ave. Boston, Mass 02116-4102............

On the 19th day of October 2005.

_____ Donald M. Schwarz, Plaintiff