## UNITED STATES OF AMERICA DISTRICT COURT for the
## DISTRICT of MASSACHUSETTS

File No.  C.A. 05- 10959 – RCL

Donald M. Schwarz, Plaintiff

)

v.                                                    )          Affidavit of Facts

)

Sergeant Robert Lincoln, individually,
Town of Bridgewater, Defendants

1. Plaintiff Schwarz was standing on a public sidewalk in the vicinity of 169 Broad street – State Highway Route 18 – Bridgewater, Plymouth County, Massachusetts on April 20, 2002.

2. Plaintiff Schwarz was collecting signatures upon a candidate's nomination papers per MGL c. 56, s. 11, of registered voters in the Town of Bridgewater, Massachusetts.

3. At some point a female exited the United States Postal Facility adjacent to the sidewalk – part of the highway set aside for pedestrian travel – and told Plaintiff Schwarz to leave the public sidewalk and cease his lawful activity or female would contact law enforcement authorities.

4. Plaintiff Schwarz continued his lawful activities upon the public sidewalk after female returned inside postal facility.

5. Plaintiff Schwarz then noted a Bridgewater police vehicle enter the driveway of the postal facility adjacent to the public sidewalk supporting pedestrian traffic alongside State Highway Route 18.

6. Male police officer exited the police vehicle and approached Plaintiff Schwarz and asked what Plaintiff was doing.

7. Plaintiff Schwarz informed male officer of the collection of signatures according to MGL c. 56, s.11.

8. Plaintiff Schwarz asked male officer as to identify himself, "Lincoln, Sergeant"; what laws Plaintiff was in violation of standing on a public sidewalk, "Now you're starting to aggravate me.", responded Sergeant Lincoln who did not answer the question of what laws were being violated by Plaintiff.

9. Sergeant Lincoln ordered Plaintiff Schwarz to stop all activities and to leave the public sidewalk in the area of 169 Broad street – State Highway Route 18 – and to perform Plaintiff's activities elsewhere or be placed under arrest.

10. Plaintiff Schwarz ceased his lawful activities and left the public sidewalk.

1 of 3

11.    Plaintiff Schwarz then brought suit against Sergeant Lincoln and Town of Bridgewater at
Plymouth County Superior Court:
Schwarz vs Lincoln, individually, et al; Town of Bridgewater
Plymouth Superior Court Dock. No.   2005  CV  0459

12.    Plaintiff's suit was removed to District Court of the United States of America, District of
Massachusetts by a motion pursuant to 28 USC s. 1441 and 1446 alleging Plaintiff's action
contained subject-matter which gives jurisdiction to the District Court.

13.    Plaintiff Schwarz has not cited any federal authority in the actual counts of his complaint for
which Plaintiff seeks redress of violation of his civil rights as noted in the counts contained
in his complaint.

14.    At an in-chamber hearing before Justice Reginald C. Lindsay on September 07, 2005,
Plaintiff Schwarz and Counsel for Defendants gave quick oral arguments as to subject-
matter of Plaintiff's complaint.

15.    Plaintiff Schwarz noted in his oral presentation, that Plaintiff had the right to use the
sidewalk outside the postal facility in Bridgewater, Massachusetts for all lawful purposes,
just as Plaintiff could use the sidewalk outside the federal courthouse located adjacent to
Northern Avenue, Boston, Massachusetts, without need for federal protection.

16.    Justice Lindsay noted that Plaintiff had only mentioned in passing in the complaint
narrative, the "Constitution of the United States of America" and the "common laws of the
United States of America" of "rights secured by the General Laws of Massachusetts......and
the Constitution of the United States of America" without citing any specific federal
authority which would give subject-matter jurisdiction to the District Court.

17.    Justice Lindsay noted that Plaintiff Schwarz had not cited any violation of rights in the
Counts of his complaint that could give subject-matter jurisdiction to the District Court.

18.    Justice Lindsay then told Plaintiff Schwarz, that if Plaintiff waived his rights to any potential
exposure to violation of federally secured rights during the course of the trial in the
Plymouth County Superior Court as proffered by Counsel for Defense, Justice Lindsay
would remand the action back to the Superior Court.

19.    Plaintiff Schwarz signed the waiver under reservation of rights, but Counsel for Defense
refused the waiver as signed.

20.    Justice Lindsay then ruled for Counsel for Defense to grant the District Court jurisdiction
telling Plaintiff Schwarz, that if Plaintiff did not like the ruling, Plaintiff could then take this
up with the Appeals Court.

21.    Justice Lindsay gave Plaintiff Schwarz the original waiver document and then the hearing
was ended. [ Copy attached ]

22.    On October 17, 2005 at 8:20 PM EDT, Justice Lindsay ruled against Plaintiff's request to
remand this action back to the Plymouth County Superior Court.

Made in good faith and to the best of the knowledge of the affiant.

Signed under pains and penalties of perjury.  *MGL c. 268, S. /A*

Reserving all rights.

Date *November 15 2005*

Donald M. Schwarz, Plaintiff
92 Benson Road
Stoughton, Massachusetts 02072
781-344-5405