UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-10959-RCL

| | |
|---|---|
| DONALD M. SCHWARZ,<br><br>　　　　Plaintiff<br><br>v.<br><br>SERGEANT ROBERT LINCOLN,<br>Individually; TOWN OF BRIDGEWATER,<br>PLYMOUTH COUNTY,<br>MASSACHUSETTS,<br><br>　　　　Defendants | DEFENDANT TOWN OF<br>BRIDGEWATER'S OPPOSITION TO<br>PLAINTIFF'S "MOTION TO STAY<br>ORDER PENDING APPEAL" |

Now comes the defendant, Town of Bridgewater ("Town"),[1] and hereby opposes the pro se plaintiff's "Motion to Stay Order Pending Appeal." As grounds therefor, the Town states that plaintiff sets forth no factual or legal grounds justifying a stay, and a stay of this matter would prejudice the Town. As further grounds therefor, the Town states as follows:

1. On May 10, 2005, the Town removed this action from the Essex County Superior Court, based on federal question jurisdiction pursuant to 28 U.S.C. §§1331 and 1441.

2. Thereafter, plaintiff made four motions – three written and one verbal – to remand the case to state court. The Court denied each motion. See Docket for Case No. 05-CV-10959, Entries dated July 12, 2005, September 7, 2005, October 17, 2005, and November 15, 2005.

---

[1] Sergeant Robert Lincoln has not been served with the Complaint and therefore does not take part in the filing of this Opposition.

3. Plaintiff now seeks a stay of this matter, purportedly while he appeals the Court's October 17, 2005 decision to deny his Motion to Remand. See "Motion to Stay Order Pending Appeal," introductory paragraph.

4. Plaintiff's request for a stay should be denied, first because he has not filed a Notice of Appeal, as required by Fed.R.App.P. 3(a). As no appeal is pending, plaintiff's request that the Court stay this matter "pending appeal" is moot.

5. To the extent plaintiff requests that this Court stay the matter while he attempts to file a Notice of Appeal, such a request is futile, as the 30-day deadline for appealing the Court's October 17, 2005 decision has already passed. See Fed.R.App.P. 4(a)(1).

6. Moreover, any attempt to appeal the October 17, 2005 decision (or the November 15, 2005 decision) would likely be rejected as an improper attempt to evade the filing period which was triggered by the Court's denial of plaintiff's first Motion to Remand on July 12, 2005. Plaintiff may not evade deadlines set forth in the Rules of Civil Procedure by repeatedly filing the same motion in order to generate new orders that trigger new filing deadlines.

7. Plaintiff's Motion to Stay should also be denied because the Court's October 17, 2005 decision is an interlocutory decision which may not be appealed until final judgment in this case has entered. See 28 U.S.C. §1291; see also Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 712 (1996) ("a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated"). The October 17, 2005 decision does not fall within any of the exceptions to the general rule

prohibiting interlocutory appeals. See 28 U.S.C. §1292(a) (providing for interlocutory appeals from decisions involving injunctions, receiverships, or admiralty cases); 28 U.S.C. §1292(b) (providing for interlocutory appeals from decisions involving "a controlling question of law as to which there is substantial ground for difference of opinion ... [that] may materially advance the ultimate termination of the litigation," but only where the appeal is taken within 10 days of the order).

8. Plaintiff has proffered no reason, nor can he, why he expects to be permitted to file an appeal of an interlocutory decision, beyond the time mandated for the filing of an appeal, such that a stay of this matter is appropriate.

9. If, as plaintiff contends, the Court's October 17, 2005 decision is in error, plaintiff will have the opportunity to appeal said decision when final judgment in this case is entered. Such an opportunity will not be unduly delayed, as the Scheduling Order in this case calls for discovery to close on December 1, 2005, and dispositive motions to be filed by January 9, 2006. As such, this case is likely to be resolved, either by dispositive motion or by trial, within a reasonable time.

10. Finally, a stay of this matter would be unduly prejudicial to the Town. The incident underlying this Complaint (which consists of an order by Bridgewater Police Sergeant Robert Lincoln that plaintiff cease soliciting on U.S. Postal Service property) occurred on April 20, 2002. Prior to filing the instant complaint, plaintiff filed a criminal complaint against Sgt. Lincoln, which the Town successfully defended, in the Brockton District Court. The Town has a

substantial interest in seeing this matter resolved, and a stay would be unfairly prejudicial to that interest.

WHEREFORE, the defendant Town of Bridgewater respectfully requests that this Court deny plaintiff's Motion to Stay this matter.

DEFENDANT,

TOWN OF BRIDGEWATER,

By its attorneys,

/s/Jackie Cowin
Joseph L. Tehan, Jr. (BBO #494020)
Jackie Cowin (BBO# 655880)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

266921/METG/0620

4