DISTRICT COURT OF THE UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

C. A. No. 05 10959 RCL

Donald M. Schwarz,
        Plaintiff

Vs

SERGEANT Robert Lincoln, individually;
TOWN OF BRIDGEWATER, PLYMOUTH COUNTY,
COMMONWEALTH OF MASSACHUSETTS.
        Defendants.

PLAINTIFF'S MOTION IN REBUTTAL TO DEFENDANT'S OPPOSITION FOR PLAINTIFF'S MOTION TO STAY ORDER PENDING APPEAL

Plaintiff Schwarz now responds to Defendant's LINCOLN ( see note) and TOWN of BRIDGEWATER Motion in Opposition to Plaintiff's Motion to Stay Order, and now further submits new evidence that Defendant's LINCOLN and TOWN of BRIDGEWATER acted without authority during the incident violating Plaintiff's rights on or about April 20, 2002 in the vicinity of the United States Postal Facility located in Bridgewater, Plymouth County Massachusetts.

1. Plaintiff submitted his complaint against the Defendants in Plymouth County Superior Court - Brockton, Massachusetts, without citing any federal question in any of the Counts of the complaint.

2. Plaintiff submitted Motions to the District Court noting to said Court, that Defendant's request for removal does not meet the minimum criteria of **HUNNEMAN**, 860 F. Supp. 906, 911 " burden showing removal proper is on the defendant seeking removal.." and **CHIN**, 141 F.R.D. 367, 369 " [r]emoval statutes are strictly construed with doubts resolved in favor of state court jurisdiction."

NOTE: Service was made on Defendant LINCOLN pursuant to MGL c. 258, s. 4, 5, and 9 and per Mass R. C. P. Civil R. 5(b) "service upon attorney.."

For the Record

1 of 3

3. Plaintiff, pursuant to Fed. R. App. P. Rule 4 "Appeal as of Right - When Taken" that as part of this right, a Motion to Stay is required and proper.

4. Plaintiff filed a Notice of Appeal in a timely period as set forth under Fed. R. App. P. Rule 4.

5. Plaintiff filed Notice of Appeal by First Class Mail on November 15, 2005, within the time period noted.

6. Plaintiff denies and refutes allegations stated by Counsel for Defense.

7. Plaintiff denies and refutes allegations stated by Counsel for Defense as said Counsel has never met the initial criteria set forth by rulings to state the specific federal questions in the original complaint made in state court, that would give the District Court original jurisdiction of the complaint itself.

8. Plaintiff denies and refutes allegations stated by Counsel for Defense.

9. Plaintiff reminds this Court, that as of this date, Plaintiff has not been shown any justification as to the removal of Plaintiff's complaint from the state court to the District Court and how the District Court would have had original jurisdiction in this matter.

10. Plaintiff now submits to this Court, a document recently received from the Postmaster General of the United States of America through his agent: Margaret E. Harper, Attorney - Facilities and Environmental Law Unit - Windsor, Connecticut, that the public sidewalk the Plaintiff was standing on while collecting signatures on a candidate's nomination papers - MGL c. 56, s.11 - a non-solicitation constitutional activity - is NOT property of the Postal Service and is NOT under the jurisdiction of the Postal Service. ( See: attached )

Bridgewater Police Sergeant Robert LINCOLN, while under color of law as an agent of the Town of Bridgewater, acted ultra vires and without any authority to order Plaintiff Schwarz, as Plaintiff was conducting non-soliciting activities, off the public sidewalk which has now been certified as NOT to fall under jurisdiction of the Postal Service. As of this date, Sergeant Robert Lincoln has never cited any source of authority for his actions on the date in question even refusing to tell Plaintiff on the date in question, or in any court proceedings subsequent to the violation of Plaintiff's rights.

Plaintiff Schwarz has once again shown the court, that Defendant Sergeant Robert Lincoln acted without authority in said Defendant's actions against Plaintiff on April 20, 2002, and that Plaintiff has rightly sought redress at the state court in a civil action, such civil action prosecutable at a lesser standard of proof than for a criminal suit.

Plaintiff Schwarz now once again seeks the remanding of this action back to the state court where sole jurisdiction presides.

Reserving all Rights.

_____    Date 7 Dec 2005
Donald M. Schwarz, In Propria Persona
92 Benson Road
Stoughton, Massachusetts 02072
781-344-5405

*SCHWARZ v US LINCOLN*
*1:05 CV 10959 RCL*

FACILITIES AND ENVIRONMENTAL LAW UNIT

**UNITED STATES POSTAL SERVICE**

*For the Record*

*Recd 03 Dec 2005*

December 1, 2005

Donald M. Schwarz
92 Benson Road
Stoughton MA 02072

Re:   Your letter to PMG John E. Potter dated September 10, 2005

Dear Mr. Schwarz:

Your letter, referenced above, has been referred to me for response. The answers to the questions you posed in your letter are set forth below.

1. Is the property located at 169 Broad Street, under exclusive jurisdiction of the United States?

We lease the property from a private property owner, and have only a proprietary interest; so it is not under exclusive federal legislative jurisdiction.

2. Is the property located at 169 Broad Street, exempted from exclusive jurisdiction of the United States?

There is no exclusive federal jurisdiction from which the property could be exempted.

3. Is the public sidewalk adjacent to State Highway Route 18 in the area of 169 Broad Street, usable for all lawful purposes to include those rights secured by Massachusetts General Law c.56, §11?

I have no opinion about the state law question you raise, but I note that the Postal Service does not view the public sidewalk along the street to be in the "charge and control" of the Postal Service for purposes of our conduct regulations.

4. If the property located at 169 Broad Street was acquired before February 01,1940, has the United States Postal Service received consent or cession of jurisdiction from the Commonwealth of Massachusetts for this property according to law?

We did not "acquire" the property in the pertinent sense, but did not lease it until well after 1940 in any event.

8 GRIFFIN ROAD NORTH
WINDSOR, CT 06006-0170
860 285-7094
FAX: 860 285-7397

*Recvd*
*03 Dec 2005*

- 2 -

5. If the property located at 169 Broad Street was acquired after February 01, 1940, has the United States Postal Service received consent or cession of jurisdiction from the Commonwealth of Massachusetts for this property according to law?

The Postal Service has not sought nor received a cession of jurisdiction for the property.

6. Does the United States Postal Service have any agreement with the Commonwealth of Massachusetts or the Town of Bridgewater, Massachusetts 02324 pursuant to Title 40 USC §318(b) that authorizes "special policemen" to enforce regulations of 39 CFR Part 232 on postal property regarding 169 Broad Street according to law?

I performed a search and found no evidence that the Postal Service has any such agreement with the Commonwealth of Massachusetts or the Town of Bridgewater.

7. As the Town of Bridgewater, Massachusetts was charted in 1656, have the rights to pass and repass along the public right found in the Massachusetts Bay Colony laws of 1639 — "All country highways shall be such as may be most easy and safe for traveller", still of standing today in a court of law for travellers of all manner, to include pedestrians upon those areas of the public highway "sidewalks", "set aside for pedestrian travel" — 720 CMR 9:01 "Definitions"?

I have no opinion on the state law to which you refer.

I hope you find this letter responsive to your inquiry.


Margaret E. Harper
Attorney

One Page
No Cover

Margaret E. Harper, Attorney
Facilities and Environmental Law Unit
8 Griffin Road North
Windsor, Connecticut 06006-0170                    Dec. 06, 2005

Ph 860-285-7094
fx  860-285-7397

Attorney Harper,

    I am in receipt of your letter to of Dec. 01, 2005, me responding to seven questions I had posed to the Postmaster General of the United States of America regarding jurisdiction over postal property located at 169 Broad Street, Bridgewater, Plymouth County, Massachusetts.

    Thank you for your response and concise answers to the questions posed. These questions should have been asked by the Town of Bridgewater before agents working for that Town violated my right to stand on a public sidewalk to collect signatures for a political candidate under MGL c. 56, s. 11 on April 20, 2002, and to violate the rights of the candidate who sought to run for office.

    I shall forward your letter to the District Court of the United States of America - Boston, and to the First Circuit Court of Appeals of the United States of America hoping that judicial officers therein, will protect my rights as noted above. That the address in question: is not under exclusive federal jurisdiction, the sidewalk is not under Postal Service regulations, has not been excluded from Massachusetts jurisdiction and that the Town of Bridgewater has NEVER signed and agreement with the Postal Service giving any authority to agents of the Town of Bridgewater to enforce ANY REGULATIONS UPON POSTAL PROPERTY.

    I might only hold a degree in engineering, but I thought I was educated enough to know I could stand on a sidewalk and collect signatures without being in violation of federal law.

Yours,

Donald M. Schwarz

CC: Town of Bridgewater; D. C. USA - Boston; First Circuit - USA

Dec. 06
2005

by Fax

@ 10:47 AM

done