UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-10959-RCL

| | |
|---|---|
| DONALD M. SCHWARZ,<br><br>    Plaintiff<br>v.<br><br>SERGEANT ROBERT LINCOLN,<br>Individually; TOWN OF<br>BRIDGEWATER, PLYMOUTH<br>COUNTY, MASSACHUSETTS,<br><br>    Defendants | DEFENDANT TOWN OF BRIDGEWATER'S<br>MOTION TO PRECLUDE PLAINTIFF FROM<br>OPPOSING SUMMARY JUDGMENT,<br>PURSUANT TO FED.R.CIV.P. 37(b)(2)(B) |

Now comes the defendant, Town of Bridgewater ("Town"), and hereby moves, pursuant to Fed.R.Civ.P. 37(b)(2)(B), that this Honorable Court preclude plaintiff from opposing the Town's Motion for Summary Judgment, filed simultaneously herewith.[1] As grounds therefor, the Town states that plaintiff has steadfastly refused to respond to the Town's routine discovery requests, defying an order by this Court to do so. More specifically, the Town states as follows:

1. On May 16, 2005, defense counsel served upon plaintiff: (a) the Town's Voluntary Disclosure of Discoverable Information; (b) the Town's First Set of Interrogatories; and (c) the Town's First Request for Production of Documents.

2. After being informed by plaintiff that he would not respond to the Town's discovery requests, the Town filed a Motion to Compel plaintiff to provide discovery responses "forthwith."

3. On October 17, 2005, the Court allowed the Town's Motion to Compel. See Docket for C.A. No. 05-10959, Entry dated October 17, 2005.

---

[1] Sgt. Robert Lincoln has not yet been served with the Complaint and therefore is not a party to either motion.

4. On November 18, 2005, having received no discovery responses from plaintiff, defense counsel wrote to plaintiff, requesting that he forward his discovery responses promptly. Defense counsel further informed plaintiff that if he did not forward discovery responses, the Town intended to file the instant motion. The November 18, 2005 letter explicitly served as a Local Rule 7.1 letter of conferral in this regard. Exhibit A.

5. To date, plaintiff has not responded to defense counsel's November 18, 2005 letter.

6. Plaintiff's refusal to respond to the Town's discovery requests, or to comply with the Court's October 17, 2005 order, demonstrates a flagrant disregard for the Rules of Civil Procedure and the authority of this Court.

7. Plaintiff's pro se status does not entitle him to flagrantly disregard the rules of litigation. See Eagle Eye Fishing Corp. v. United States Dep't of Commerce, 20 F.3d 503, 506 (1st Cir.1994) ("the right of self-representation is not a license not to comply with relevant rules"); FDIC v. Anchor Props., 13 F.3d 27, 31 (1st Cir.1994) ("[w]e have consistently held that a litigant's pro se status does not absolve him from compliance with the Federal Rules of Civil Procedure [or] a district court's procedural rules").

8. Pursuant to the Scheduling Order in this case, discovery closed on December 1, 2005. The Town has filed a Motion for Summary Judgment, seeking dismissal of the Complaint, simultaneously with the instant motion.

9. It would be unfair and prejudicial to the Town to permit plaintiff to oppose the Town's Motion for Summary Judgment, given plaintiff's refusal to respond to routine discovery.

10. Fed.R.Civ.P. 37(b)(2)(B) provides that, if a party fails to obey an order to provide discovery, the Court may "make such orders … as are just [including] an order refusing to allow the disobedient party to support … claims … or prohibiting that party from introducing designated matters in evidence." Fed.R.Civ.P. 37(b)(2)(C) provides that the Court may dismiss an action by a party who fails to obey an order to provide discovery.

11. The Town requests that, pursuant to the above-referenced rules, this Court preclude plaintiff from offering evidence in opposition to the Town's Motion for Summary Judgment, or, alternatively, dismiss plaintiff's Complaint outright.

WHEREFORE, the defendant, Town of Bridgewater, respectfully requests that this Court enter an order, precluding the plaintiff from offering evidence in opposition to the Town's Motion for Summary Judgment, or, alternatively, dismissing the plaintiff's Complaint outright.

DEFENDANT,

TOWN OF BRIDGEWATER,

By its attorneys,

/s/Joseph L. Tehan, Jr.
Joseph L. Tehan, Jr. (BBO# 494020)
Jackie Cowin (BBO# 655880)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

266706/Metg/0620

| LEONARD KOPELMAN | KOPELMAN AND PAIGE, P. C. | KATHLEEN M. O'DONNELL |
|---|---|---|
| DONALD G. PAIGE | | PATRICIA A. CANTOR |
| ELIZABETH A. LANE | ATTORNEYS AT LAW | THOMAS P. LANE, JR. |
| JOYCE FRANK | | MARY L. GIORGIO |
| JOHN W. GIORGIO | 31 ST. JAMES AVENUE | THOMAS W. MCENANEY |
| BARBARA J. SAINT ANDRE | | KATHARINE GOREE DOYLE |
| JOEL B. BARD | BOSTON, MASSACHUSETTS 02116-4102 | JEFFREY A. HONIG |
| JOSEPH L. TEHAN, JR. | | GREGG J. CORBO |
| THERESA M. DOWDY | (617) 556-0007 | RICHARD T. HOLLAND |
| DEBORAH A. ELIASON | FAX (617) 654-1735 | ELIZABETH R. CORBO |
| RICHARD BOWEN | | MARIA C. ROTA |
| DAVID J. DONESKI | LENOX OFFICE | VICKI S. MARSH |
| JUDITH C. CUTLER | (413) 637-4300 | JOHN J. GOLDROSEN |
| KATHLEEN E. CONNOLLY | | SHIRIN EVERETT |
| DAVID C. JENKINS | NORTHAMPTON OFFICE | BRIAN E. GLENNON, II |
| MARK R. REICH | (413) 585-8632 | JONATHAN D. EICHMAN |
| BRIAN W. RILEY | | JOSEPH S. FAIR |
| DARREN R. KLEIN | WORCESTER OFFICE | LAURA H. PAWLE |
| JONATHAN M. SILVERSTEIN | (508) 752-0203 | CAROLYN M. MURRAY |
| ANNE-MARIE M. HYLAND | | JACKIE COWIN |
| JASON R. TALERMAN | | SARAH N. TURNER |
| GEORGE X. PUCCI | | JEFFREY T. BLAKE |
| WILLIAM HEWIG III | | BRIAN M. MASER |
| JEANNE S. McKNIGHT | | CAROLYN KELLY MACWILLIAM |
| LAUREN F. GOLDBERG | | ANNE C. ROSENBERG |
| MICHELE E. RANDAZZO | | PETER L. MELLO |
| | November 18, 2005 | KATHERINE L. DAVIDSON |
| JANET HETHERWICK PUMPHREY | | JEFFREY D. UGINO |
| DIRECTOR WESTERN OFFICE | | |

Mr. Donald M. Schwarz
92 Benson Road
Stoughton, MA 02072

Re:   Donald M. Schwarz v. Town of Bridgewater, et al.
      United States District Court C.A. No. 05-10959RCL

Dear Mr. Schwarz:

I write in regard to the above-captioned case. As you are aware, on October 17, 2005, the Court allowed our Motion to Compel your discovery responses, and denied your Motion to Enjoin Discovery. A copy of the case docket containing these rulings is enclosed.

These rulings obligate you to send us Answers to Interrogatories and Responses to Request for Production of Documents, which were issued to you on May 13, 2005. However, to date, I have yet to receive any discovery responses from you.

Please forward me your discovery responses promptly. Otherwise, I intend to file a Motion to Dismiss your complaint, with prejudice, for failure to comply with the Rules of Civil Procedure as well as the rulings of the Court. Please consider this a letter of conferral pursuant to Local Rules 7.1(A)(2) and 37.1 in this regard.

Very truly yours,

Jackie Cowin

JC/cmt
Enc.
cc:   Ms. Lois Hewson (GFMS No. 229593) (w/o enc.)
      Municipal Administrator
266780/METG/0620

EXHIBIT A