DISTRICT COURT OF THE UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

C. A. No. 05 10959 RCL

Donald M. Schwarz,
              Plaintiff

MOTION PURSUANT TO
TITLE 28 USC s. 144,
TITLE 28 USC s. 455

Vs

SERGEANT Robert Lincoln, individually;
TOWN OF BRIDGEWATER, PLYMOUTH COUNTY,
COMMONWEALTH OF MASSACHUSETTS.
              Defendants.

    Plaintiff Donald M. Schwarz in the above named action, now asserts his rights under the Constitution of the Commonwealth of Massachusetts; the Constitution of the United States of America; and all inalienable rights as acknowledged by applicable judicial interpretation, and now asserts his rights as secured under Sections 144 and 455 of Title 28 United States Code and requires that Justice Reginald C. Lindsay is prejudiced in this action before the court and another judge should be assigned to re-hear the Plaintiff's motion to stay all discovery and to remand this action back to the state court where jurisdiction controls over this action.

    Plaintiff informs the Court, that by exercising this right, that Plaintiff does not waive his right to contest the conditional requirements of Title 18 USC, Sections 144 and 455 and does now assert his right to claim these Acts of Congress to be unconstitutional.

For the Record

1 of 6

## STANDING

Plaintiff has standing to bring this Motion as Plaintiff is in District Court of the United States of America - Boston, as removed there by action of the Defendants, which Plaintiff is currently objecting to as there are no federal question in the complaint originally submitted in the state court.

## AFFIDAVIT OF FACTS

1. Plaintiff Schwarz submitted a complaint regarding violation of his rights to stand on a public sidewalk in the vicinity of the post office facility located at 169 Broad Street - State Highway Route 18 - Bridgewater, Plymouth County, Massachusetts on about April 20, 2002, such rights secured by Section 11 of Chapter 56 of the General Laws of Massachusetts.

2. Plaintiff was ordered to leave the sidewalk by one Sergeant Robert Lincoln of the Bridgewater Police department under threat of arrest.

3. Plaintiff stopped exercising his rights and left the area.

4. Plaintiff contacted the Town of Bridgewater as required under Section 4 of Chapter 258 of the General Laws to notify said corporation of the violation of Plaintiff's rights by one of their employees acting under color of law of his office - Sergeant Robert Lincoln and to pay damages to Plaintiff for violation of his rights.

5. Plaintiff received a response from Lois Hewson, Examiner, "Massachusetts Insurers Insolvency Fund", One Bowdoin Square, Boston, Massachusetts - dated March 11, 2004 - denying that Sergeant Robert Lincoln had violated Plaintiff's rights without any documentation of that denial or certification of authority for actions taken by Sergeant Robert Lincoln.

6. Plaintiff then submitted a complaint to the Superior Court of Plymouth County in Brockton, Massachusetts on April 19, 2005, and then served Sergeant Robert Lincoln and the Town of Bridgewater in accordance with the Massachusetts Rules of Court Procedure.

7. On May 12, 2005, Plaintiff was informed by mail, that the complaint filed at the Plymouth County Superior Court, had been removed to federal court based upon the following VI. cause of action: "Plaintiff claims request by Town's police sergeant that plaintiff change his location for collecting signatures violated his Civil Rights as well as other state and federal laws." SEE: CIVIL COVER SHEET

8. Plaintiff reviewed his original complaint and in no COUNTS of the complaint, are any federal laws cited as those violated by the actions of Sergeant Robert Lincoln.

9. Plaintiff sought a remand of the action back to state court, but was denied by Justice Reginald C. Lindsay, without any substantive argument as to why a complaint with no federal questions in any of the COUNTS, had standing in federal court.

10. Plaintiff appeared at a hearing at the District Court in Boston on September 7, 2005 to further argue for the action to be remanded back to state court citing the fact that no federal questions are raised in the COUNTS of the complaint and that based on Res Judicata found in: **HUNNEMAN REAL ESTATE v EATERN MIDDLESEX, 860 F. SUPP. 906, 911**, it is settled law that **"the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction"** requiring the case to be remanded back to the state court.

11. Justice Lindsay ruled, that if Plaintiff waived his right to pursue possible federal violations of law in the course of the state proceedings as proffered by the counsel for the Defense, Plaintiff objected saying that this offer was unconstitutional whereupon Justice Lindsay

informed Plaintiff that Plaintiff could take his objection to the First Circuit Court, then Justice Lindsay ended the hearing.

## REASONS FOR BELIEF OF BIAS OR PREJUDICE

1. At the in-chamber hearing on September 07, 2005 to remand back to the state court, Justice Reginald Lindsay appeared not to have read Plaintiff's complaint based upon statements made by Justice Lindsay, first supporting Plaintiff in the fact that no Count in the complaint cited a federal question, then supporting Defense in that Plaintiff mentioned in the Introduction, that Plaintiff was bringing the complaint based upon Section 4 Chapter 258, which includes Section 9 of Chapter 258 which specifically states: **_"or by reason of any act or omission which constitutes a violation of thecivil rights of any person under any federal or state law"_**.
Because Plaintiff is citing a state law which includes mention of federal laws - . *"The fact that part of the state statutory scheme requires some analysis of federal law ... is insufficient to invoke federal jurisdiction." Hill v. Marston, 13 F.3d 1548, 1550 (11th Cir. 1994), citing Moore v. Chesapeake & Ohio Ry. Co, 291 U.S. 205, 214-15, 78 L. Ed. 755, 54 S. Ct. 402 (1934). See Merrill Dow, 478 U.S. at 813)",* **HUNNEMAN REAL ESTATE v EATERN MIDDLESEX, 860 F. SUPP. 906, 911**, Plaintiff had the right to include mention of "federal laws" in the Statement of Facts.

2. Justice Reginald Lindsay tried to coerce Plaintiff to sign a waiver of his rights to federal jurisdiction, should this jurisdiction emanate itself during the proceedings at state court. It is

despicable for a federal judge to coerce a Citizen to surrender a right to exercise another right.   See: attached request for waiver - Kopelman and Paige.

3. Plaintiff objects to and rejects the implication of Justice Reginald Lindsay that Plaintiff should "hire an attorney" in order to stand on a sidewalk to collect signatures in compliance with all local, state and federal laws, such right secured under Section 11 of Chapter 56 of the General Laws.

4. Plaintiff objects to the fact that Justice Reginald Lindsay terminated the hearing by stating he "was not going to waste any more time" discussing Plaintiff's argument to have the action remanded back to state court and if Plaintiff objected, to seek redress with the First Appeals Court.

## CLAIM FOR RELIEF

Plaintiff Schwarz has met or exceeded any constitutional requirements of Sections 144 and 455 of Title 28 USC., to show bias or prejudice, to have Justice Reginald Lindsay to recuse himself from this action, to stay any Motions and to have another justice review and hear arguments by Plaintiff and Defense, regarding the remanding of this action back to the state court.

## CERTIFICATE OF GOOD FAITH

Plaintiff and Affiant, Donald M. Schwarz, 92 Benson Road, Stoughton, Norfolk County, Commonwealth of Massachusetts, does hereby swear to the above facts and that this affidavit is made in good faith and to the best of the knowledge of the Affiant pursuant to Section 1A, Chapter 268 of the General Laws.

Reserving all Rights.

_____ Date Jan 09, 2006
Donald M. Schwarz, Plaintiff, In Propria Persona.
92 Benson Road
Stoughton, Massachusetts 02072
781-344-5405


Affirmation of posting by First Class mail to:

Civil Clerk, District Court, USA, Boston, 1 Courthouse way-St 2300, Boston, Mass 02210..............and...........
Defense Counsel Kopelman and Paige, 31 St. James Ave, Boston, Mass 02116-4102

On the ___9___th day of January 2006 AD, by...................

Donald M. Schwarz, _____

Rec'd 07 SEPT 05

A True Copy
Ons 09 Jan 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-10959RCL

DONALD M. SCHWARZ,

    Plaintiff

v.

SERGEANT ROBERT LINCOLN,
Individually; TOWN OF
BRIDGEWATER, PLYMOUTH
COUNTY, MASSACHUSETTS,

    Defendants

STIPULATION OF DISMISSAL
WITH PREJUDICE

Now come the parties to the above action, pursuant to Fed.R.Civ.P. 41(a)(1)(ii), and hereby stipulate and agree that all claims in the Complaint arising under the Constitution, laws, or treaties of the United States be dismissed with prejudice, without costs, fees or interest to any party, and waiving all rights of appeal.

DEFENDANT

TOWN OF BRIDGEWATER,

By its attorneys,

_____
Joseph L. Tehan, Jr. (BBO# 494020)
Jackie Cowin (BBO# 655880)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116

260078/METG/0620

Refused by
Just. R. Lindsay

PLAINTIFF

under Protest &
Reserving all rights
_____
Donald M. Schwarz (pro se)
92 Benson Road
Stoughton, MA 02072

Sept 07, 2005

Refused by KK