# FIRST CIRCUIT COURT OF APPEALS OF THE UNITED STATES OF AMERICA

File No. 1:05 CV 10959 RCL

Donald M. Schwarz,
        Appellant }
}
v. } MOTION FOR
} INTERLOCUTORY
} APPEAL TO VACATE
Sergeant Robert Lincoln, individually et al; } AND REMAND
Town of Bridgewater, Plymouth county,
Massachusetts,
        Appellees.

Pursuant to the Constitution of the United States of America and the Constitution of the Commonwealth of Massachusetts and all rights secured by those instruments, and by all laws made in pursuance of those instruments and applicable court rulings and by Fed. R. App. P. Rule 3 et seqs., and Title 28 USC s. 1292(b), Appellant Donald M. Schwarz submits this Motion for Interlocutory Appeal to Vacate and Remand the order of the District Court.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES................................................................ ii

JURISDICTIONAL STATEMENT....................................................... 1

STATEMENT OF ISSUES.................................................................. 1

STATEMENT OF CASE..................................................................... 2

STATEMENT OF FACTS................................................................... 2, 3, 4

SUMMARY OF ARGUMENT............................................................. 4, 5

ARGUMENT...................................................................................... 5, 6, 7, 8

CONCLUSION - RELIEF SOUGHT.................................................. 8

CERTIFICATION OF COMPLIANCE ............................................... 8

AFFIRMATION OF SERVICE............................................................ 9

ATTACHMENTS................................................................................ 10

TABLE OF AUTHORITIES

**CASES:**

CHIN Vs HOLIDAY CRUISES II Inc., 141 F.R.D. 367, 369 (D. Mass. 1992).........7

ELROD Vs. BURNS, 427 U.S. 347 (1976) ...............................................6

HARLOW Vs. FITZGERALD, 457 U.S. 800 (1982) ....................................6

HUNNEMAN Vs. EAST MIDDLESEX ASSC. REALATORS,
860 F. Supp.806 (D. MASS.1994) ........................................................7

MILLS Vs. ROGERS, 457 U.S. 291 ........................................................6

SCOTT HUMINSKI Vs. HON. NANCY CORSONES, HON. M. PATRICIA ZIMMERMAN, KAREN PREDOM; SHERIFF R.J. ELRICK and RUTLAND COUNTY SHERIFF'S DEPARTMENT,
02-6201(L), 02-6150(XAP), 02-6199(XAP), 03-6059(CON) (2nd Cir. 2003)............6

**STATUTES:**

M.G.L. c. 01, s. 07.............................................................................5

M.G. L. c. 56, s. 11...........................................................................2,5

M.G. L. c. 258 et seqs........................................................................3,7,8

M.G. L. c. 263, s.01..........................................................................3,6

M.G.L. c. 265, s.37...........................................................................3

Code of Mass. Regulations 720 CMR 9:01 .............................................5

18 U.S.C. 07 ..................................................................................5

28 U.S.C. 1292(b) ............................................................................1

28 U.S.C. 1441(a) ............................................................................1,2,7,8

28 U.S.C. 1446................................................................................7,8

40 U.S.C 318 (b)..............................................................................5

# JURISDICTIONAL STATEMENT

This Court has the jurisdiction to hear this Interlocutory Appeal pursuant to **28 U.S.C. 1292(b).** Pursuant to the removal of Appellant's original complaint from the State Court ón May 2005 and the order of the District Court of October 2005 and Appellant's Notice of Appeal of November 2005 and the First Circuits Court judgment of March 29, 2006 dismissing Appellant's appeal to the First Circuit Court, Appellant is now able to rectify his prior error as noted to him by the First Circuit Court by now submitting this request to now hear an Interlocutory Appeal.

## STATEMENT OF ISSUES

1.) Whether Appellant in his original complaint raised any subject matter questions requiring federal jurisdiction.

2.) Whether Appellee has met the burden of showing that removal is proper due to evidence of federal subject matter in Appellant's original complaint pursuant to **28 U.S.C. 1441(a).**

3.) Whether the District Court has construed all doubts of jurisdiction in favor of state court jurisdiction.

## STATEMENT OF CASE

This action now appears before the First Circuit Court such action initially before the Superior Court of Plymouth County as a tort action against Defendants for violation of Appellants civil rights then removed to the District Court - Boston per **28 U.S.C. 1441** removal for alleged federal subject matter. At a hearing before Justice Reginald Lindsay, counsel for Defendants could not produce substantive evidence of any subject matter that could have been originally heard in federal court. Justice Reginald Lindsay refused to remand this action back to the lower court. Appellant now seeks this action be remanded back to the state court for trial.

## STATEMENT OF FACTS

**Donald M. Schwarz (SCHWARZ - APPELLANT)** was standing on a sidewalk in Bridgewater, Massachusetts on April 20, 2002 collecting signatures for George Berdos, political candidate pursuant to **M. G. L. c. 56, s.11** in the vicinity of the Bridgewater postal facility. A female occupant of the postal facility exited the building and told Schwarz he was not able to stand on the sidewalk and collect signatures. The female actor told Schwarz he could stand on the other side of State highway Route-18 ( Broad Street) or on the public sidewalk on adjacent properties to the postal facility. Schwarz asked the female actor to cite the authority for her commands to Schwarz. The female actor told Schwarz to cease his activity or she would notify the police. The female actor entered the postal facility and the police arrived a few minutes later. A male police officer exited the police cruiser and approached Schwarz on the public sidewalk. The police officer asked what Schwarz was doing. Schwarz noted to the officer the clipboard and the candidate's nomination paperwork and the signatures on same. The officer stated to Schwarz

that the postal facility had called complaining about what Schwarz was doing. The officer told Schwarz to move to the other side of Route - 18 or to the public sidewalk on adjacent properties, but that Schwarz could not use the public sidewalk in front of the postal facility. Schwarz asked the officer to identify himself. "Sergeant LINCOLN" responded the officer. Schwarz asked the Sergeant Lincoln to cite any authority for such a command per **M.G.L. c.263, s.01**. Sergeant Lincoln told Schwarz, **"Now you're starting to aggravate me!"** Sergeant Lincoln took down Schwarz's information off his drivers license, and Schwarz then, under duress, left the sidewalk and made an immediate documentation of what occurred once Schwarz got home.

Schwarz brought criminal complaints against Sergeant Lincoln in Brockton District Court for violation of his civil rights under **M. G. L. c. 265, s.37** on November 19, 2004, but Justice JOSEPH R.WELCH dismissed the charges without any documented ruling as to why the charges were dismissed.

Schwarz then brought a civil action against Sergeant Lincoln and the Town of Bridgewater under **M.G. L. c. 258** et seqs on April 19, 2005 in the Superior Court of Plymouth County citing in the Counts in the complaint, violations of rights secured by the Constitution and the laws of the Commonwealth of Massachusetts.

Counsel for Defendants Sergeant Lincoln and Town of Bridgewater then moved the District Court to remove the complaint to District Court based upon allegations of subject matter of federal jurisdiction within the complaint Counts.

On September 07, 2005 in chambers of Justice Reginald Lindsay, Counsel for Defendants offered Schwarz to allow remanding of case back to state court if Schwarz waived his rights to any discovery of federally secured rights, should same be noted during trial at the superior court. Schwarz challenged the authority of such waiver. Justice Lindsay told Schwarz, to either accept the waiver or that Lindsay would order the action to be tried in the District Court. Schwarz told Lindsay his actions were unconstitutional, whereupon Lindsay told Schwarz to **"Take it up with the appeals court down the hall"**.

Schwarz did a Request for Appeal and the First Circuit Court dismissed Schwarz's appeal for lack of authority to take the case as a full appeal. It is now April 2006.

## SUMMARY OF ARGUMENT

Schwarz did not violate any laws on April 20, 2002 as he collected signatures from registered voters on the public sidewalk near the Bridgewater postal facility. Schwarz's complaint to the Superior Court of Plymouth County cited only the greater rights secured by the Constitution and laws of the Commonwealth of Massachusetts and not the minimums under federal authority. Counsel for Defendants Sergeant Lincoln and Town of Bridgewater have failed to meet the necessary burden of standard of showing the complaint could have been originally brought in federal court. Justice Lindsay is mandated by removal statutes to strictly construe any doubts in favor of state jurisdiction, which has not been currently done. Schwarz is now asking the First Circuit Court to remand this action back to the Superior Court of Plymouth County where it belongs.

ARGUMENT

Pursuant to rights secured by **M.G.L. c. 56, s. 11** "*Whoever falsely makes or wilfully alters, defaces, mutilates, destroys or suppresses a certificate of nomination or nomination paper*", Schwarz was amply within his rights to collect signatures for a political candidate and to do so on the public sidewalk, even if that public sidewalk is nearby a federal building, and not to have that right suppressed or destroyed by being unable to lawfully stand on a public sidewalk. **M.G.L. c. 01, s.07** " *The United States shall have jurisdiction over any tract of land within the commonwealth acquired by it in fee for the following purposes: for the use of the United States bureau of fisheries, or for the erection of a marine hospital, custom office, post office, ------But the commonwealth shall retain concurrent jurisdiction with the United States in and over any such tract of land to the extent that all civil and criminal processes issuing under authority of the commonwealth may be executed thereon as if there had been no cession of the jurisdiction,..*" See also: **18 U.S.C. 07** "Territorial Jurisdiction", **720 CMR 9:01** "*SIDEWALK, that portion of the highway set aside for pedestrian travel*", **40 U.S.C. 318(b)** " *Powers - Special policemen appointed under this section shall have the same powers as sheriffs and constables upon property referred to in subsection (a) of this section to enforce the laws enacted for the protection of persons and property, and to prevent breaches of the peace, to suppress affrays or unlawful assemblies, and to enforce any rules and regulations promulgated by the Administrator of General Services or such duly authorized officials of the General Services Administration for the property under their jurisdiction;* "

Schwarz, standing on the sidewalk in Bridgewater, was doing so outside the jurisdiction of any federal authority and Sergeant Lincoln had no "powers" even under **40 USC 318(b)** to order Schwarz off the sidewalk, said sidewalk clearly part of the state highway property or to

suppress the collection of signatures by Schwarz. Further, sidewalks have been clearly made a part of the public forum " Therefore, "'public places' historically associated with the free exercise of expressive activities, such as streets, sidewalks, and parks, are considered, without more, to be 'public forums.'" United States v. Grace, 461 U.S. 171, 177 (1983)." **SCOTT HUMINSKI Vs HON. NANCY CORSONES, et al, 02-6201(L), 02-6150(XAP), 02-6199(XAP), 03-6059(CON) (2nd Cir. 2003).** Sergeant Lincoln should have been amply aware of this court ruling **[GRACE ]** regarding sidewalks and made full effort to secure the rights acknowledged by the ruling and that the Commonwealth of Massachusetts secures greater liberty interests to its citizens under the Massachusetts General Laws cited and **MILLS Vs ROGERS, 457 U.S. 291, 300** "State law may recognize liberty interests more extensive than those independently protected by the Federal Constitution." , leaving Sergeant Lincoln with no excuse for violating Schwarz's rights. Sergeant Lincoln couldn't even offer any response to what laws he was enforcing when challenged by Schwarz. Then **HARLOW v. FITZGERALD, 457 U.S. 800, 818 (1982)** "We therefore hold that government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. See Procunier v. Navarette, 43 U.S. 555, 565(1978); Wood v. Strickland, 420 U.S. at 322." And "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury. See New York Times Co. v. United States, 403 U. S 713 (1971)." **ELROD v. BURNS, 427 U.S. 347 at 373 (1976)**

M.G.L. c.263, s.01 " Whoever ..... by an officer, has a right to know from the officer who ...claims to detain him the true ground on and an officer who refuses to answer a question....., shall be punished by a fine of not more than one thousand dollars or by imprisonment for not

*more than one year. "* Sergeant Lincoln only told Schwarz, that Lincoln was now being aggravated by Schwarz's questions and refused to cite his authority for his actions!

Schwarz filed a civil suit in the Superior Court of Plymouth County pursuant to **M.G.L. c. 258 et seqs**., seeking damages under rights secured by the Constitution and laws of the Commonwealth of Massachusetts as cited in the Counts in the complaint.

Counsel for Defendants removed Schwarz's complaint from the Superior Court of Plymouth County per **28 U.S.C. 1441(a)** and **1446**, yet have failed to cite a single federal claim made by Schwarz in the Counts of his complaint as is noted in **HUNNEMAN Vs. EAST MIDDLESEX ASSC. REALATORS**, 860 F. Supp. 906 at 911 (D. MASS.1994) *"While the Massachusetts statute does call for analysis of federal law, this fact alone does not provide a basis for jurisdiction. "The fact that part of the state statutory scheme requires some analysis of federal law . . . is insufficient to invoke federal jurisdiction." Hill v. Marston, 13 F.3d 1548, 1550 (11th Cir. 1994), citing Moore v. Chesapeake & Ohio Ry. Co, 291 U.S. 205, 214-15, 78 L. Ed. 755, 54 S. Ct. 402 (1934). See Merrill Dow, 478 U.S. at 813). Allowing federal jurisdiction on the basis of the language of section 1 of c. 93 would effectively divest the state courts of jurisdiction of a state cause of action at the option of the defendant. In the Court's view, neither Congress, nor the Supreme Court, nor the Massachusetts General Court intended such an expansion of federal jurisdiction and corresponding diminution of state court jurisdiction. See generally Merrill Dow, 478 U.S. at 814-15, n. 12. [\*\*17]* " and further, **CHIN Vs. HOLIDAY CRUISES II Inc.,** 141 F.R.D. 367, 369 (D. Mass. 1992) *"Removal statutes are strictly construed with doubts resolved in favor of state court jurisdiction. American Buildings Co. v. Varicon, Inc., 616 F. Supp. 641, 643 (D.Mass. 1985) (case remanded to state court); see also, Adorno Enterprises v. Federated [\*5] Department Stores, 629 F. Supp. 1565, 1573 (D.R.I. 1986) (federal court retains jurisdiction only where its authority is clear). "The burden falls*

-7-

*squarely upon the removing party to establish its right to a federal forum." American Buildings, 616 F. Supp. at 643; accord Hays v. Fireman's Mortgage Corporation, 1991 U.S. Dist. LEXIS 17171, 1991 WL 255529, at \*1 (N.D. Ill. November 25, 1991) (removing party bears burden to establish that removal was proper); Adorno Enterprises, 629 F. Supp. at 1573 (burden of persuasion rests with removing party),.."*

Clearly, there is no doubt the Defendants have not met the burden of showing any federal subject matter exists in Appellants original complaint at the state court that can support removal.

Though **M.G.L. c. 258** does note it is actionable under said c.258 to have the state courts provide redress for violation of rights secured by the Constitution or laws of the United States, Schwarz has not cited any such violations in his Counts contained within the complaint.

## CONCLUSION - RELIEF SOUGHT

As there is no federal subject matter pursuant to **28 U.S.C. 1441** or **1446** in the Appellant's complaint, Defendants have not met the standards required in prior rulings and that this honorable Court do vacate the order by Justice Reginald Lindsay and to remand this action back to the state court.

## CERTIFICATION OF COMPLIANCE

The body of this brief contains approximately 2200 words.

-8-

Made in good faith and to the best of the knowledge of the Appellant.

Reserving all rights.

By and in his proper person,

_____     Date April 11, 2006
Donald M. Schwarz, Plaintiff - Appellant
92 Benson Road
Stoughton, Massachusetts 02072
781-344-5405


Affirmation of Service.

True copies of the above document have been sent by First Class mailing to:

Clerk, First Circuit Court of the United States of America, Ste 2500 One Courthouse Way, Boston, Mass 02210
Clerk, District Court of the United States of America - Boston, St 2300 One Courthouse Way, Boston, Mass 02210
Defense Counsel, Kopelman and Paige, 101 Arch Street., Boston, Mass. 02110 - 1109

On the ___12___ th day of April, 2006.
By Donald M. Schwarz, _____.

*Rec'd 07 SEPT 05*

*A true copy*
*DMS 09 Jan 2006*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-10959RCL

DONALD M. SCHWARZ,

    Plaintiff

v.

SERGEANT ROBERT LINCOLN,
Individually; TOWN OF
BRIDGEWATER, PLYMOUTH
COUNTY, MASSACHUSETTS,

    Defendants

STIPULATION OF DISMISSAL
WITH PREJUDICE

Now come the parties to the above action, pursuant to Fed.R.Civ.P. 41(a)(1)(ii), and hereby stipulate and agree that all claims in the Complaint arising under the Constitution, laws, or treaties of the United States be dismissed with prejudice, without costs, fees or interest to any party, and waiving all rights of appeal.

DEFENDANT

TOWN OF BRIDGEWATER,

By its attorneys,

_____
Joseph L. Tehan, Jr. (BBO# 494020)
Jackie Cowin (BBO# 655880)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116

260078/METG/0620

*Refused by*
*Just. R. Lindsay*

PLAINTIFF

*under Protest &*
*Reserving all rights*
Donald M. Schwarz (pro se)
92 Benson Road
Stoughton, MA 02072

Sept 07, 2005

*Refused by K___*

FACILITIES AND ENVIRONMENTAL LAW UNIT


UNITED STATES
POSTAL SERVICE

Rcvd
03 Dec 2005

December 1, 2005

Donald M. Schwarz
92 Benson Road
Stoughton MA 02072

Re:   Your letter to PMG John E. Potter dated September 10, 2005

Dear Mr. Schwarz:

Your letter, referenced above, has been referred to me for response. The answers to the questions you posed in your letter are set forth below.

1. Is the property located at 169 Broad Street, under exclusive jurisdiction of the United States?

We lease the property from a private property owner, and have only a proprietary interest; so it is not under exclusive federal legislative jurisdiction.

2. Is the property located at 169 Broad Street, exempted from exclusive jurisdiction of the United States?

There is no exclusive federal jurisdiction from which the property could be exempted.

3. Is the public sidewalk adjacent to State Highway Route 18 in the area of 169 Broad Street, usable for all lawful purposes to include those rights secured by Massachusetts General Law c.56, §11?

I have no opinion about the state law question you raise, but I note that the Postal Service does not view the public sidewalk along the street to be in the "charge and control" of the Postal Service for purposes of our conduct regulations.

4. If the property located at 169 Broad Street was acquired before February 01,1940, has the United States Postal Service received consent or cession of jurisdiction from the Commonwealth of Massachusetts for this property according to law?

We did not "acquire" the property in the pertinent sense, but did not lease it until well after 1940 in any event.

8 GRIFFIN ROAD NORTH
WINDSOR, CT 06006-0170
860 285-7094
FAX: 860 285-7397

- 2 -

5. If the property located at 169 Broad Street was acquired after February 01, 1940, has the United States Postal Service received consent or cession of jurisdiction from the Commonwealth of Massachusetts for this property according to law?

The Postal Service has not sought nor received a cession of jurisdiction for the property.

6. Does the United States Postal Service have any agreement with the Commonwealth of Massachusetts or the Town of Bridgewater, Massachusetts 02324 pursuant to Title 40 USC §318(b) that authorizes "special policemen" to enforce regulations of 39 CFR Part 232 on postal property regarding 169 Broad Street according to law?

I performed a search and found no evidence that the Postal Service has any such agreement with the Commonwealth of Massachusetts or the Town of Bridgewater.

7. As the Town of Bridgewater, Massachusetts was charted in 1656, have the rights to pass and repass along the public right found in the Massachusetts Bay Colony laws of 1639 — "All country highways shall be such as may be most easy and safe for traveller", still of standing today in a court of law for travellers of all manner, to include pedestrians upon those areas of the public highway "sidewalks", "set aside for pedestrian travel" — 720 CMR 9:01 "Definitions"?

I have no opinion on the state law to which you refer.

I hope you find this letter responsive to your inquiry.


Margaret E. Harper
Attorney

KEITH E. LASHIER
VICE PRESIDENT, FACILITIES (A)


UNITED STATES
POSTAL SERVICE

December 9, 2005

Mr. Donald M. Schwarz
92 Benson Road
Stoughton, MA 02072-3307

Dear Mr. Schwarz:

Your letter dated September 19 addressed to Postmaster General Potter has been referred to me for response concerning questions you posed in your letter noted below.

1. Is the property located at 169 Broad Street, under exclusive jurisdiction of the United States?

We lease the property from a private property owner and have only a proprietary interest; so it is not under exclusive federal legislative jurisdiction.

2. Is the property located at 169 Broad Street, exempted from exclusive jurisdiction of the United States?

There is no exclusive federal jurisdiction from which the property could be exempted.

3. Is the public sidewalk adjacent to State Highway Route 18 in the area of 169 Broad Street, usable for all lawful purposes to include those rights secured by Massachusetts General Law c.56, §11?

I have no opinion about the state law question you raise, but I note that the Postal Service does not view the public sidewalk along the street to be in the "charge and control" of the Postal Service for purposes of our conduct regulations.

4. If the property located at 169 Broad Street was acquired before February 01, 1940, has the United States Postal Service received consent or cession of jurisdiction from the Commonwealth of Massachusetts for this property according to law?

We did not "acquire" the property in the pertinent sense, but did not lease it until well after 1940 in any event.

5. If the property located at 169 Broad Street was acquired after February 01, 1940, has the United States Postal Service received consent or cession of jurisdiction from the Commonwealth of Massachusetts for this property according to law?

The Postal Service has not sought nor received a cession of jurisdiction for the property.

6. Does the United States Postal Service have any agreement with the Commonwealth of Massachusetts or the Town of Bridgewater, Massachusetts 02324, pursuant to Title 40 USC §318(b)

4301 WILSON BOULEVARD, SUITE 300
ARLINGTON VA 22203-1861
703-526-2727
FAX: 703-526-2740

*14 Dec 2005*

- 2 -

that authorizes "special policemen" to enforce regulations of 39 CFR Part 232 on postal property regarding 169 Broad Street according to law?

I performed a search and found no evidence that the Postal Service has any such agreement with the Commonwealth of Massachusetts or the Town of Bridgewater.

7. As the Town of Bridgewater, Massachusetts was charted in 1656, have the rights to pass and repass along the public right-of-ways found in the Massachusetts Bay Colony laws of 1639 — "All country highways shall be such as may be most easy and safe for travellers", still of standing today in a court of law for travellers of all manner, to include pedestrians upon those areas of the public highway "sidewalks", "set aside for pedestrian travel" — 720 CMR 9:01 "Definitions"?

I have no opinion on the state law to which you refer.

I hope you find this letter responsive to your inquiry. If you have any questions concerning this response, please direct any inquiries to Ms. Margaret E. Harper, Attorney, U.S. Postal Service Facilities and Environmental Law Unit, 8 Griffin Road North, Windsor, CT 06006-0170, (860) 285-7094.

Sincerely,

*Keith E. LaShier*

Keith E. LaShier