UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-10959-RCL

DONALD M. SCHWARZ,

                Plaintiff

v.

SERGEANT ROBERT LINCOLN,
Individually; TOWN OF BRIDGEWATER,
PLYMOUTH COUNTY,
MASSACHUSETTS,

             Defendants

DEFENDANT TOWN OF
BRIDGEWATER'S OPPOSITION TO
PLAINTIFF'S MOTION FOR RELIEF
PURSUANT TO RULE 60(b)(6)

Now comes the defendant, Town of Bridgewater ("Town"),[1] and hereby opposes the pro se plaintiff's Motion for Relief from the Court's Order of October 17, 2005, pursuant to Fed.R.Civ.P. 60(b)(6). As grounds therefor, the Town states that the October 17, 2005 order is not a "final judgment, order or proceeding," and, therefore, is not subject to Rule 60(b). As further grounds therefor, the Town states as follows:

1.     On October 17, 2005, this Court denied plaintiff's motion to remand this case to the Essex County Superior Court, from where the Town removed it pursuant to 28 U.S.C. §§1331 and 1441, for lack of jurisdiction. Plaintiff now seeks relief from the Court's Order, pursuant to Fed.R.Civ.P. 60(b)(6).

2.     Pursuant to Fed.R.Civ.P. 60(b), "the court may relieve a party … from a final judgment, order or proceeding," for any of the reasons enumerated in said rule.

3.     The Court's order denying plaintiff's request to remand is not a "final judgment, order or proceeding." See Libby v. Marshall, 833 F.2d 402, 403 (1st Cir. 1987) (denial of defendants' motion to dismiss for lack of jurisdiction is interlocutory, and not subject to immediate appeal); Quackenbush v. Allstate Insurance Insurance Co., 517 U.S. 711, 712 (1996) ("[a] decision is ordinarily considered

---

[1] Sergeant Robert Lincoln has not been served with the Complaint and therefore does not take part in the filing of this Opposition.

final and appealable … only if it ends the litigation on the merits and leaves

nothing for the court to do but execute the judgment").

4.  Indeed, plaintiff has twice attempted to appeal the Court's October 17, 2005

Order to the First Circuit Court of Appeals; the Court of Appeals has dismissed

each of plaintiff's purported appeals because the Order is not a "final order" (nor

an appealable interlocutory order).

5.  As such, plaintiff may not seek relief from the Court's October 17, 2005 Order

until final judgment has entered in this matter, at which time plaintiff may appeal

any and all adverse decisions.

6.  In that regard, the Town respectfully requests that this Court consider dispositive

motions that were originally filed on the Town's behalf on December 20, 2005.[2]

WHEREFORE, the defendant Town of Bridgewater respectfully requests that this Court

deny plaintiff's Motion for Relief.

DEFENDANT
TOWN OF BRIDGEWATER,

By its attorneys,

/s/Jackie Cowin
Joseph L. Tehan, Jr. (BBO #494020)
Jackie Cowin (BBO# 655880)
Kopelman and Paige, P.C.
101 Arch Street
Boston, MA 02110
(617) 556-0007

CERTIFICATE OF SERVICE

I, Jackie Cowin, certify that the above document will be served by first-class mail upon any party or counsel of record who is not a registered participant of the Court's ECF system, upon notification by the Court of those individuals who will not be served electronically. /s/Jackie Cowin

296139/METG/0620

---

[2] The Court initially denied these motions, without prejudice, due to the pendency of plaintiff's purported appeal. On June 12, 2006, following the dismissal of plaintiff's appeal, the Court granted the Town's request that the Court now consider the dispositive motions, stating that said motions were "to be considered in due course."