**EXHIBIT A**

FILED
IN CLERKS OFFICE

2007 MAR 13 P 2:45

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-10959-RCL

DONALD M. SCHWARZ,

    Plaintiff

v.

SERGEANT ROBERT LINCOLN,
Individually; TOWN OF BRIDGEWATER,
PLYMOUTH COUNTY,
MASSACHUSETTS,

    Defendants

AFFIDAVIT OF ROBERT LINCOLN

I, ROBERT LINCOLN, do hereby depose and state as follows:

1. I am a Sergeant in the Town of Bridgewater Police Department and served in that capacity on April 20, 2002.

2. On that date, at approximately 10:30 a.m., I responded to a report of an unwanted person at the U.S. Post Office facility on 169 Broad Street in the Town of Bridgewater (the "Property"). I was advised that an individual was soliciting on the Property and refused to leave when asked.

3. Upon arriving at the Property I spoke with a postal employee, who pointed out a male individual, and told me that he had refused her request to stop soliciting on the Property.

4. There is no sidewalk adjacent to the Property. Rather, the Property directly abuts Broad Street, which is part of State Highway Route 18. I observed the individual soliciting on the Property itself.

5. I approached the individual, who identified himself as Donald Schwarz. I advised Mr. Schwarz that he was not permitted to solicit on Postal Service Property and

**EXHIBIT A**

that he would have to leave. After a brief conversation, Mr. Schwarz left the Property without incident.

Signed under the penalties of perjury this 16 of December, 2005

Robert Lincoln

266693/METG/0620

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-10959-RCL

DONALD M. SCHWARZ,

    Plaintiff

v.

SERGEANT ROBERT LINCOLN,
Individually; TOWN OF BRIDGEWATER,
PLYMOUTH COUNTY,
MASSACHUSETTS,

    Defendants

AFFIDAVIT OF SHELLEY MCCAULEY

I, SHELLEY MCCAULEY, do hereby state as follows:

1. I am Assistant Assessor for the Town of Bridgewater ("Town"), and in that capacity serve as Keeper of Records for the Town's Assessors Office.

2. The document attached to this Affidavit is a true and accurate copy of the Assessors Card for property located at 169 Broad Street.

3. The Assessors Card indicates that the property at 169 Broad Street is owned by Jay D. Leach and Arthur N. Wyman, and is leased to the U.S. Postal Service.

Signed under the penalties of perjury, this 8th day of December, 2005.

_Shelley McCauley_
Shelley McCauley

266693/METG/0620

_[signature]_
A TRUE COPY ATTEST
TOWN CLERK-BRIDGEWATER

EXHIBIT B

# Town of BRIDGEWATER Fiscal Year 2006

**6012**
**21-159-0-R**
1 of 1
169 BROAD ST
3500 - POSTAL SERVICE
19,600 SF

**SALE DATE:** 09/16/1986
**GRANTOR:** LEACH JAY D & WYMAN ARTHUR N
**GRANTEE:** J L W REALTY CONSTRUCTION CO
684 SOUTH ST
BRIDGEWATER MA 02324
**BOOK:** 7118   **PAGE:** 253   **SALE PRICE:** 0   **QS**

**BLDG# 1**

| # | SCHEDULE | DESCRIPTION |
|---|---|---|
| 1 | TOPOGRAPHY | ROLLING |
| 2 | IMPROVEMENT | WATER |
| 2 | IMPROVEMENT | GAS |
| 3 | IMPROVEMENT | ELECTRICITY |
| 4 | STREET | PAVED |
| 2 | TREND OF DIST | STATIC |
| 7 | OCCUPANCY | POST OFFICE |
| 9 | PLUMBING | BASE |
| 10 | FOUNDATION | CONCRETE |
| 11 | BASEMENT | AREA FULL |
| 13 | ROOFING | GABLE |
| 13 | ROOFING | INSULATION |
| 13 | ROOFING | WOOD DECK |
| 21 | WALLS | BRICK VENEER |
| 22 | WALLS | INSULATION |
| 22 | FLOORS | CONCRETE |
| 22 | FLOORS | HARD WOOD |
| 22 | FLOORS | TILE |
| 23 | HEATING | HOT WATER |
| 24 | INTERIOR FINISH | WOOD |
| 24 | INTERIOR FINISH | PLASTER |

| S | BAT | CATEGORY | DESCRIPTION | YB | EYR | NLA | REPL. COST NEW (RCN) | OBS | PHY OBS | MKT CLS/CHP/CR | VALUE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| A | A68 | UL/1SBRK/B | GBA: 3952 S/F | 1956 | | 3,952 | 595,400 | | 65% 30% | | 387,000 |
| A | A68 | BSMT - UNF | GBA: 3952 S/F | 1964 | | 3,952 | | | 30% | | 6,000 |
| | | | | | | | 595,400 | | | | |

| SCHEDULE | CATEGORY | DESCRIPTION | QTY/UM | ST. PRICE | FACTOR | PHY | OBS | MKT | CLS/CHP/CR | ADJ VALUE |
|---|---|---|---|---|---|---|---|---|---|---|
| 82 | CIM SITE | S | 19,600.000 AC/SF | 240000 | PJB | 08/31/2001 | 100 | 0 | 0 | 214,100 |
| 68 | C/IRC/APT | T | 1 | | | | | | | |
| 76 | C-LINK FENCE | | 460 L/F | | | | | | | |
| 76 | ASPH PAVING | | 8000 S/F | | | | | | | |

355   08/31/2001   BSMT TO BLDG

COMMENTS

| | | |
|---|---|---|
| 0.00 | 0 | 395,200 |
| 0.00 | 0 | 214,100 |
| | | 609,300 |

| 214,100 | 116,000 |
| 387,000 | 351,100 |
| 8,200 | 6,700 |
| 0 | 0 |
| 609,300 | 473,800 |

Appraisal Consultants Of New England Corp.

12/8/2005   SEQ # 1

Sketch: [A] A68 1 UL/1SBRK/B GBA: 3952 S/F — POST OFFICE 76, LOBBY, EFP (55 SF), MTL CPY/LOAD PLATFORM (600 S/F), S2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2001 MAR 13 P 4: 46    C.A. NO. 05-10959-RCL

U.S. DISTRICT COURT
DISTRICT OF MASS

DONALD M. SCHWARZ,

    Plaintiff

v.

SERGEANT ROBERT LINCOLN,
Individually; TOWN OF BRIDGEWATER,
PLYMOUTH COUNTY,
MASSACHUSETTS,

    Defendants

AFFIDAVIT OF
CARL H. MACDERMOTT, III

I, CARL H. MACDERMOTT, III, do hereby depose and state as follows:

1. I am a Detective in the Town of Bridgewater Police Department.

2. The Exhibits attached to this Affidavit are true and accurate copies of photographs I took of property located at 169 Broad Street in the Town of Bridgewater.

3. I took these photographs in connection with an encounter between Donald M. Schwarz and Sgt. Robert Lincoln of the Bridgewater Police Department, which occurred on April 20, 2002.

4. I am familiar with the property located at 169 Broad Street. There is no public sidewalk separating the property from Broad Street, which is part of State Highway Route 18.

5. The attached photographs fairly and accurately depict the Property as of April 20, 2002.

Signed under the penalties of perjury this 15th of December, 2005    16:14

Carl H. MacDermott, III

266693/METG/0620

EXHIBIT C



DSC00276-1.JPG



DSC00275-1.JPG



DSC00272-1.JPG



DSC00279-1.JPG



DSC00269-1.JPG



DSC00268-1.JPG



DSC00271-1.JPG



DSC00270-1.JPG



DSC00267-1.JPG



DSC00266-1.JPG

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-10959-RCL

DONALD M. SCHWARZ,

        Plaintiff

v.

SERGEANT ROBERT LINCOLN,
Individually; TOWN OF BRIDGEWATER,
PLYMOUTH COUNTY,
MASSACHUSETTS,

        Defendants

AFFIDAVIT OF DAVID R. MOORE

I, DAVID R. MOORE, do hereby depose and state as follows:

1. I am the Inspector of Buildings for the Town of Bridgewater and have served in that capacity for 16 years.

2. In connection with my employment as Inspector of Buildings, I am familiar with the property located at 169 Broad Street in the Town of Bridgewater (the "Property").

3. The Property includes a building, a handful of parking spaces adjacent to the building, and a small stairway and handicap ramp leading to the door of the building.

4. The Property is privately owned.

5. There is no public sidewalk adjacent to the Property. The front of the Property directly abuts Broad Street, which is part of State Highway Route 18.

Signed under the penalties of perjury this 15 of December, 2005

                                  *David R. Moore* (signature)
                                  David R. Moore

266693/METG/C620

EXHIBIT D

03/02/2004   12:07

Town of Bridgewater, Massachusetts
Town Hall
Bridgewater, Massachusetts 02324

February 26, 2004

FOR THE RECORD.

RE: Claimant --- Donald M. Schwarz, 92 Benson Road, Stoughton, Massachusetts. 02072

Chairman, Board of Selectmen, Town of Bridgewater, Massachusetts:

Pursuant to Massachusetts General Law, Chapter 258, Section 4, "The Massachusetts Tort Claim Act"; the Common Law of the Commonwealth of Massachusetts and any and all applicable statutes and court decisions acknowledging unalienable, civil or substantive rights cognizable by the Supreme Judicial Court of the Commonwealth of Massachusetts, or the Supreme Court of the United States of America, Claimant Donald M. Schwarz, does make this written presentment to the Town of Bridgewater, which is his right.

Claimant Donald M. Schwarz, claims damages and legal injuries sustained as a result of the actions of one, Sergeant Robert Lincoln, of the Bridgewater, Massachusetts Police Department, who was acting under color of law, resulting in said damages and legal injuries sustained by Claimant Donald M. Schwarz.

## COMPLAINT

To Wit:

On or about Saturday April 20, 2002 at about 10:20 AM in the vicinity of the public sidewalk alongside State Highway Route -18 near the Bridgewater postal facility, Claimant Donald M. Schwarz, was exercising his established rights, by collecting signatures on a Commonwealth approved document, used to collect signatures of registered voters for the purpose of a registered candidate to run for political office within the Commonwealth.

Prior to the incident with Sergeant Robert Lincoln, Claimant Donald M. Schwarz, had been approached on the public sidewalk, by a female who had exited the Bridgewater postal facility to converse with Claimant Donald M. Schwarz. The female person told Claimant Donald M. Schwarz, that he could not stand on the public sidewalk adjacent to RT-18 in the vicinity of the Bridgewater postal facility, that he had to remove himself to private property adjacent to the area in front of the postal facility, or to the other public sidewalk across RT-18 from the public sidewalk adjacent to the Bridgewater postal facility.

Claimant Donald M. Schwarz, challenged the female person, to at least cite the laws that she was enforcing as her authority to force the Claimant Donald M. Schwarz, to cease exercising his established rights, and to arrest his activities and remove himself from the public sidewalk where he had been standing.

C: Town Council   BOS
Mark Gilarka   MA
Charlie Rourke   Chief (army)

TOB 1 of 4

Claimant Donald M. Schwarz pointed out to the female person, that the area he was standing in, was painted to indicate a special purpose for that section of the highway, which extended from the gas station, across one postal driveway, past the front of the postal facility, across the other postal driveway, to a cement section on a grassy median, and then across the driveway at the dough-nut facility. The female person responded, that if Claimant Donald M. Schwarz, did not leave the area, she would call the police.

Claimant Donald M. Schwarz noted to the female person, that he had performed the same activity on the public sidewalk adjacent to RT-27 in Stoughton, Massachusetts near the postal facility there, and was not threatened with police involvement while there. The female person responded, that the people there must not be doing their job.

The female then entered the postal facility. Claimant Donald M. Schwarz then went back to exercising his established rights.

In a short period of time, a Bridgewater marked police vehicle entered the Bridgewater postal facility driveway. A male person exited the vehicle and approached claimant, Donald M. Schwarz, as he stood on the public sidewalk. Unknown male officer then noted to Claimant, Donald M. Schwarz, that he had responded to the public sidewalk adjacent to RT-18, because of a complaint of the activity the Claimant Donald M. Schwarz, was performing. Male officer was wearing a dark colored sweater with no name tag and only Sergeant stripes.

Claimant Donald M. Schwarz, noted to the male police officer, that he was standing on a clearly marked public sidewalk, and that the actions he was performing were lawful and of no legal injury to any other citizen. Male officer then informed Complainant Donald M. Schwarz, that he could not use the public sidewalk adjacent to RT-18 in the area of the postal facility, but would have to remove himself to the private property of the doughnut shop, or on the opposite side of RT-18.

For clarification, Claimant Donald M. Schwarz asked the male officer, where the public sidewalk was on the portion of RT-18 adjacent to the side that the postal facility was on, if not the clearly marked portion of the highway, indicated by stripes painted on the blacktop. Male officer pointed across RT-18 to the opposite side of RT-18 to the other public sidewalk on that side of RT-18.

Claimant Donald M. Schwarz then told the male officer, how collecting signatures was accomplished on the public sidewalk alongside RT-27 in Stoughton, near the postal facility there, and was never threatened with arrest for performing such activity.

Claimant Donald M. Schwarz showed the male officer his commercial operators drivers license, from which it appeared the male officer copied down some information. At this time, Complainant Donald M. Schwarz asked the male officer what his name was. The male officer pointed to the Sergeant stripes on his right sleeve and said, "This is the only identification I need." Then he said "LINCOLN".

Claimant Donald M. Schwarz then asked Sergeant LINCOLN, just what law or laws he was enforcing, by commanding Claimant Donald M. Schwarz to stop exercising an established right.

TOB 2 of 4

LINCOLN then handed me back my license, and Complainant Donald M. Schwarz, restrained from exercising his established right under Article VII and Article VIII, Part the First, left the public sidewalk, proceeded to his private auto, then left Bridgewater.

## AFFIRMATION

Complainant Donald M. Schwarz does affirm, that the foregoing complaint, is in good faith and to the best of his knowledge as the incident occurred, without malice or hyperbole.

## REDRESS

Pursuant to Massachusetts General Laws: c. 56, s. 11; c. 265, s. 37; c. 41. 98D and c. 263, s. 1; and to all other established rights protected or secured by any Massachusetts General Law applicable under the Constitution of Massachusetts and of the Constitution of the United States of America, Claimant Donald M. Schwarz does now claim legal injury due to the actions of one, Sergeant Robert Lincoln, of the Bridgewater, Massachusetts police department while acting under color of authority on the date in question.

Claimant Donald M. Schwarz, due to the direct and immediate actions of Sergeant Robert Lincoln, now makes claim against said Sergeant Robert Lincoln, in his official and individual capacity for the injuries and derivation of rights sustained by Claimant Donald M. Schwarz due to the unlawful acts, omissions, policies and procedures incumbent upon Sergeant Robert Lincoln in the official performance of his duties.

Claimant Donald M. Schwarz, due to the direct and immediate actions of Sergeant Robert Lincoln as an agent for the Town of Bridgewater, now makes claim against the Town of Bridgewater in its corporate authority, for the injuries and deprivations of rights sustained by Claimant Donald M. Schwarz as a result of the unlawful acts, omissions, policies, and procedures in existence under the color of authority of the Town of Bridgewater, Massachusetts.

Claimant Donald M. Schwarz has suffered great distress and trauma due to the failure of Sergeant Robert Lincoln to obey the most basic of constitutional principles or acknowledgment of established rights, or that the Town of Bridgewater has failed to adequately train and supervise its police personnel in how to protect the rights of lawful Americans or other person, as they exercise their established rights in a lawful manner, such is a breach of contract and breach of warranty and grounds for the claims made above.

When a law enforcement officer, cannot – will not at least cite the laws of which they are enforcing in a manner consistent with the Constitution they swore an oath to uphold, then all doubt is removed as to the willful actions of said law enforcement officer. When an inquiry made by a citizen as to what law the citizen is in violation of and the response from the law enforcement officer is, "Now you're starting to aggravate me.", no questions can remain that the law enforcement officer, is NOT what he claims to be.

For Complainant Donald M. Schwarz, to have honorably served in the United States Army Security Agency as an Instructor at the Training Center and School at Ft. Devens, Massachusetts, having been offered a position at the White House on the communications team for the President, based upon the highest of professionalism exhibited by Complainant Donald M. Schwarz as an Instructor, and then to be threatened with arrest for collecting signatures while

TOB 3 of 4

..., is of such insanity, as to be beyond the pale of reality.

THEREFORE,

Complainant, Donald M. Schwarz, does make demand for damages in the amount of Two Hundred Thousand dollars ($200,000) upon the Town of Bridgewater, Massachusetts, for the violation of the established rights as described herein, which is his right under Article XI, Part the First, Declaration of Rights, Massachusetts Constitution, but not restricted to.

Claimant Donald M. Schwarz, reserves his right to file suit in court to seek damages upon any and all claims applicable to the rights violated as stated herein.

Reserving all rights....................

*[signature]* Date *February 26, 2004*

Donald M. Schwarz, In Propria Persona
92 Benson Road
Stoughton, Massachusetts 02072
781-344-5405

## STATUTE OF LIMITATIONS

Date of Incident: Saturday, April 20, 2002

Two year Statute of Limitations: April 20, 2004

Six (6) month response time: September 04, 2004

WARNING: Failure to respond to this document within the time period prescribe by law, will initiate proceedings in Superior Court, and such failure to respond will be made part of the Court Record.

Certificate of Mailing:  7003 0500 0003 7452 2147

Donald M. Schwarz does affirm, that a copy of this document was posted to:

Chairman - Board of Selectmen, Town of Bridgewater, Town Hall, Bridgewater, Massachusetts 02324.

on the 26 day of February, 2004.

*[signature]* Date *Feb 26, 2004*

TOB 4 of 4