DISTRICT COURT OF THE UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

C. A. No.  05  10959  RCL

Donald M. Schwarz,
                              Plaintiff

Vs.

SERGEANT Robert Lincoln, individually;
TOWN OF BRIDGEWATER, PLYMOUTH COUNTY,
COMMONWEALTH OF MASSACHUSETTS.
                              Defendants.


Attachments A to D and Exhibits A, B, C and D for Plaintiff Schwarz in rebuttal of

Summary Judgment under L. R. 56.1 and proving no federal subject matter ever existed severing

any jurisdiction of this Court requiring remanding of this action back to the state court and that

due to numerous triable issues of fact requiring a jury verdict, again requires this action be

remanded back to the state court without any further delay. Plaintiff waives no rights and is only

responding to protect his greater rights as secured under the Massachusetts Constitution.

Plaintiff reminds the Court of Title 28 USC 144 request for Justice Reginald Lindsey to recuse

himself from any further contact with this action.



_____  Date _Mar 26, 2007_
Donald M. Schwarz, Plaintiff In Pro Per
92 Benson Road
Stoughton, Mass 02072
781-344-5405

# MGL. c. 1, s. 7

DC USA

**PART I. ADMINISTRATION OF THE GOVERNMENT**

**TITLE I. JURISDICTION AND EMBLEMS OF THE COMMONWEALTH, THE GENERAL COURT, STATUTES AND PUBLIC DOCUMENTS**
**CHAPTER 1. JURISDICTION OF THE COMMONWEALTH AND OF THE UNITED STATES**

Chapter 1: Section 7. Jurisdiction over land acquired by United States; reversion

Section 7. The United States shall have jurisdiction over any tract of land within the commonwealth acquired by it in fee for the following purposes: for the use of the United States bureau of fisheries, or for the erection of a marine hospital, custom office, **post office,** life-saving station, lighthouse, beacon light, range light, light keeper's dwelling or signal for navigators; provided, that a suitable plan of such tract has been or shall be filed in the office of the state secretary within one year after such acquisition of title thereto.

**But the commonwealth shall retain concurrent jurisdiction with the United States in and over any such tract of land to the extent that all civil and criminal processes issuing under authority of the commonwealth may be executed thereon as if there had been no cession of jurisdiction,** and exclusive jurisdiction over any such tract shall revest in the commonwealth if such tract ceases to be used by the United States for such public purpose.

EXH. A    DCUSA

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Donald M. Schwarz

**DEFENDANTS**
Sergeant Robert Lincoln, Individually, Town of Bridgewater, Plymouth County, Massachusetts

**(b)** County of Residence of First Listed Plaintiff **Norfolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Plymouth**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Donald M. Schwarz, pro se
92 Benson Road
Stoughton, MA 02072

Attorneys (If Known)
Joseph L. Tehan, (617-556-0007)
Kopelman and Paige, P.C., 31 St. James Avenue
Boston, MA 02116

# 05-10959 RCL

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
U.S. Constitution
Brief description of cause:
Plaintiff claims request by Town's police sergeant that plaintiff change*

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $400,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____  DOCKET NUMBER _____

DATE 5/10/05

SIGNATURE OF ATTORNEY OF RECORD
Joseph L. Tehan, Jr. (esc)

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IPP _____  JUDGE _____  MAG. JUDGE _____

*his location for collecting signatures violated his Civil Rights, as well as other state and federal laws.

Civil Cover Sheet   05-10959 RCL

*handwritten: 12 mar 2004*

*handwritten: EXH B    DCWSA*

# MASSACHUSETTS INSURERS INSOLVENCY FUND

*handwritten: 7001 0360 0001 2624 2046*

One Bowdoin Square
Boston, MA 02114-2916

*handwritten: Rec'd 12 mar 2004 Friday*

*CERTIFIED MAIL-RETURN RECEIPT REQUESTED*

March 11, 2004

Donald M. Schwarz
92 Benson Rd.
Stoughton, MA 02072

Re:  Claimant:      Donald M. Schwarz v
     Policyholder:  Town of Bridgewater et al
     GFMS No:       229593
     Incident Date: 4/20/2002
     Policy No:     CP2-1564131

Dear Mr. Schwarz:

Your Notice of Complaint, dated February 26, 2004, addressed to the Town of Bridgewater has been received at the Guaranty Fund Management Services (GFMS). The Town's liability insurance carrier is insolvent and certain covered claims arising from the insolvency are being handled at GFMS.

My understanding of the allegations of this claim are as follows:
Mr. Schwarz brings this claim for monetary damages, unspecified, and emotional distress, unspecified, due to certain actions of Sergeant Robert Lincoln (you were requested to move along on a public way) and as a result of "unlawful acts, omission, policies and procedures in existence under the color of authority of the Town of Bridgewater, Ma you sustained "legal injury".

After reviewing the "complaint", GFMS must deny any liability or negligence on behalf of the Town of Bridgewater or Sergeant Lincoln and deny any resulting "damages" from any actions as alleged on April 20, 2002.

If you wish to contact me, my direct line is (617) 603-4110. The Facsimile # is (617) 227-8235.

Regards,
GFMS

Lois Hewson, Examiner

*(handwritten top right:)* Given U
MASS INS.
INSOL Fund
ADV. OF
RECORD

EXH C

DCUSA

# COMMONWEALTH OF MASSACHUSETTS

**PLYMOUTH, ss.**

SUPERIOR COURT DEPARTMENT OF THE
TRIAL COURT OF THE COMMONWEALTH

CIVIL ACTION

NO. *2005 CV 459*

*Donald M. Schwarz*, Plaintiff(s)

vs.

*Sergeant Robert Lincoln, individually*
*Town of Bridgewater, Plymouth County*, Defendant(s)

## SUMMONS

To the above-named defendant :

You are hereby summoned and required to serve upon *Donald M. Schwarz*
plaintiff ~~attorney~~, whose address is *92 Bear Jaw Rd. Stoughton Mass. 02072*, an answer to the
complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You are also required to file your answer to the complaint in the
office of the Clerk of this court at Brockton either before service upon plaintiff ~~attorney~~ or within a
reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
~~matter of the plaintiff claim or you~~ will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse** Esquire, at Brockton, the .................. day of
..................., in the year of our Lord two thousand and..............

*Francis R. Powers*

CLERK

**NOTES**

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the
   caption. If a separate summons is used for each defendant, each should be addressed to the
   particular defendant.

3. To plaintiff's ~~attorney~~: please circle type of action involved — (Tort) — Motor Vehicle Tort —
   Contract — Equitable Relief — Other.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on *April 20,* ,20*05* . I served a copy
of the within summons, together with a copy of the complaint in this action, upon the within-named
defendant , in the following manner (See Mass. R. Civ. P. 4 (d) (1-5): *C.V R 4(d)(1)*
Ⓐ *Massachusetts Insurers Insolvency Fund (Agent Authorized)*
*One Bowdoin Sq.* *by Certified Mail 7004 1350 0008 0210 0415*
*Boston, Mass. 02114* *with receipt*
Dated: *April 20* , 20*05* *Donald M. Schwarz*

N. B. TO PROCESS SERVER:—

PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN THIS BOX **ON**
THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

*April 20* , 20*05*

Form 1

*Cost $5.00 for Summons.*

*(left margin, rotated:)* you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office at Brockton.

*Rec'd Sept 05*

*EXH D*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-10959RCL  *DcUSA*

DONALD M. SCHWARZ,

               Plaintiff

v.

SERGEANT ROBERT LINCOLN,
Individually; TOWN OF
BRIDGEWATER, PLYMOUTH
COUNTY, MASSACHUSETTS,

               Defendants

STIPULATION OF DISMISSAL
WITH PREJUDICE

Now come the parties to the above action, pursuant to Fed.R.Civ.P. 41(a)(1)(ii), and hereby

stipulate and agree that all claims in the Complaint arising under the Constitution, laws, or treaties of

the United States be dismissed with prejudice, without costs, fees or interest to any party, and

waiving all rights of appeal.

DEFENDANT

TOWN OF BRIDGEWATER,

By its attorneys,

_____
Joseph L. Tehan, Jr. (BBO# 494020)
Jackie Cowin (BBO# 655880)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116

260078/METG/0620

*Refused by
Just. R. Lindsay*

PLAINTIFF  *under Protest &
Reserving all rights*

_____
Donald M. Schwarz (pro se)
92 Benson Road
Stoughton, MA 02072

*Sept 07, 2005*

*Refused by K___*

DISTRICT COURT OF THE UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

**C. A. No.  05  10959  RCL**

Donald M. Schwarz,
                    Plaintiff

Vs.

SERGEANT Robert Lincoln, individually;
TOWN OF BRIDGEWATER, PLYMOUTH COUNTY,
COMMONWEALTH OF MASSACHUSETTS.
                              Defendants.

## CERTIFICATE OF COMPLIANCE PER L.R. 7.1 (A)(2)

Pursuant to the greater rights secured by the Massachusetts Constitution, the General

Laws and rulings of the Supreme Judicial Court and any and all statutes and or rulings of the

Congress or Supreme Court of the United States of America supporting those greater rights, and

by Local Rule 7.1, FED. CIV R 7 and 8, Schwarz submits his objections to the Town's Motion

for Summary Judgment, the preclusion for Plaintiff to Oppose Summary Judgment, and the

Motion to Dismiss for Sergeant Lincoln, Plaintiff not waiving his right to still contest jurisdiction

as no federal subject matter exists in the Complaint. As of this date, no specific federal subject

matter has been brought within judicial notice warranting removal to the federal court.


_____ Date _Mar. 26, 2007_
Donald M. Schwarz, Plaintiff, In Pro Per
92 Benson Rd
Stoughton, Mass   02072
781-344-5405

DISTRICT COURT OF THE UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

C. A. No.  05  10959  RCL

Donald M. Schwarz,
                          Plaintiff

Vs.

SERGEANT Robert Lincoln, individually;
TOWN OF BRIDGEWATER, PLYMOUTH COUNTY,
COMMONWEALTH OF MASSACHUSETTS.
                                        Defendants.

## MOTION IN OPPOSITION TO DISMISSAL PER FED.R. CIV 4(m) FOR DEFENDANT ROBERT LINCOLN

Plaintiff Schwarz in the above named action now does inform this Court that Defendant's

Motion for Dismissal under FED. R. CIV. 4 (m) is defective for the following reasons:

## REASONS

1.  Sergeant Robert Lincoln as employed by the Town of Bridgewater was properly served

    under Mass. R. C. P. Civil R 4 ( c ) and 5 (b) to the Clerk of the Town of Bridgewater and to

    the then Counsel for Sergeant Robert Lincoln when Plaintiff sent by certified mail

    Complaints to The Clerk, Town of Bridgewater, Mass. and Guaranty Fund Management

    Services, Lois Hewson - Examiner,  Massachusetts Insurers Insolvency Fund, One Bowdoin

    Sq, Boston, Mass. 02114 on April 21, 2005 who had earlier responded back to Schwarz on

    March 11, 2004 representing the Town of Bridgewater and Sergeant Lincoln.

2.  FED. R. CIV. 4  does not apply as no federal subject matter resides in this action.

*FoR THe RecoRd           PAGe 1 oF 2*

Based upon the undisputed facts herein, Plaintiff Schwarz requires the Motion for Dismissal

pursuant to FED. R. CIV. 4 (m) be dismissed for lack of jurisdiction, standing and to remand this

action back to the state court.


Made in good faith and to the best of the knowledge of the Plaintiff.

Reserving all Rights.


_Donald Schwarz_ _____ Date _Mar 26, 2007_

Donald M. Schwarz, Plaintiff, In Prop Per.
92 Benson road
Stoughton, Mass. 02072
781-344-5405


    Affirmation of Service............

    Plaintiff Donald M. Schwarz does hereby affirm that true copies of this and all document
    in this pleading have been sent by First Class postage to:

    Defense Counsel, Kopelman and Paige 101 Arch str. Boston, Mass 02110-1109

    On the _26_ th day of March 2007 AD.

Donald M. Schwarz, _Donald Schwarz_ _____


_For The Record_          _Page 2 of 2_

DISTRICT COURT OF THE UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

C. A. No.  05  10959  RCL

Donald M. Schwarz,
                        Plaintiff

Vs.

SERGEANT Robert Lincoln, individually;
TOWN OF BRIDGEWATER, PLYMOUTH COUNTY,
COMMONWEALTH OF MASSACHUSETTS.
                                Defendants.


# PLAINTIFF'S MOTION TO REBUT DEFENDANT'S MOTION TO PRECLUDE OPPOSITION TO SUMMARY JUDGMENT PER FED.R.CIV.P. 37 (b)(2)(B)


Plaintiff Schwarz, pursuant to those greater rights secured by the Massachusetts

Constitution and the Laws of the Commonwealth, rulings by the Supreme Judicial Court of

Massachusetts and by any laws or rulings of the United States of America that support those

greater rights of the Commonwealth, Plaintiff will stand on his right to contest the alleged federal

subject matter which has removed his suit from the Plymouth Superior Court to the District

Court of the United States of America, District of Massachusetts.


Plaintiff Schwarz reserves his right to continue to contest the jurisdiction of this Court to

hear this case as no federal subject matter has been evidenced in any argument or documentation

submitted to Plaintiff that would cause a reasonable and prudent citizen to agree that such subject

matter exists.


Rebuttal of Rule 37                    For the Record                    page    1   of    3

## ARGUMENT

On September 7, 2005 in the chambers of Justice Reginald Lindsey during a Special Appearance contesting jurisdiction, Defense Counsel offered Schwarz to waive his rights to assert federal rights should those rights manifest themselves during the course of trial as a means of moving the suit back to state court. See: attachment

Schwarz refused to waive any of his rights and Justice Lindsey then refused to remand the suit back to the state court.

Schwarz objected to this action by Justice Lindsey, that the refusal to remand was unconstitutional as there was no substantive federal subject matter evidenced.

Schwarz stands on his right to contest the unwritten ruling of Justice Lindsey that states no substantive reason why any federal subject matter exists in the complaint submitted to the state court. As such, Schwarz has refused to answer Discovery for doing so would waive rights and give this Court jurisdiction.

## CONCLUSION

Schwarz, refusing to waive his rights by agreement on September 7, 2005, refuses to waive his rights by answering Discovery.

Schwarz again requires that the above named suit be remanded back to the state court where the only jurisdiction stands in this action.

Rebuttal of Rule 37                    For the Record                    page    2    of    3

Made in good faith and to the best of the knowledge of the Plaintiff

Reserving all rights.

_____ Date _Mar 26, 2007_
Donald M. Schwarz, Plaintiff, In Pro Per
92 Benson Road
Stoughton, Mass 02072
781-344-5405

Affirmation of Service.............

Plaintiff Donald M. Schwarz does hereby affirm that true copies of this and all document in this pleading have been dent by First Class postage to:

Defense Counsel, Kopelman and Paige 101 Arch str. Boston, Mass 02110-1109

On the 26 th day of March 2007 AD.

Donald M. Schwarz, _____

Rebuttal of Rule 37                    For the Record              page    3    of    3

DISTRICT COURT OF THE UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

C. A. No.   05  10959  RCL

Donald M. Schwarz,
                              Plaintiff

Vs.

SERGEANT Robert Lincoln, individually;
TOWN OF BRIDGEWATER, PLYMOUTH COUNTY,
COMMONWEALTH OF MASSACHUSETTS.
                              Defendants.

## MEMORANDUM IN SUPPORT OF OPPOSITION TO REQUEST FOR SUMMARY JUDGMENT

**<u>INTRODUCTION</u>**

This action arises from a situation occurring between Donald M. Schwarz, ("Schwarz")

and Sergeant Robert Lincoln ("Lincoln") a police officer employed by the Town of Bridgewater

("Town") while Schwarz sought signatures of registered voters pursuant to MGL c.56, s.11 while

standing on a public sidewalk, the only sidewalk for pedestrians who seek to travel by foot along

the east side of State Highway Route -18, such public right of way existing since the time of the

Pilgrims of the 1600's and passing the postal facility at 169 Broad street. Most if not all property

alongside State Highway Route - 18 is private property over which sidewalks have been installed

for pedestrian travel. {<u>Complaint</u> par. 4-25}

The Complaint submitted to the state court assets clear violations of rights secured by the Declaration of Rights - Massachusetts Constitution or rights secured by the General Laws of the Commonwealth. {Complaint par. 30-39 Counts 1 to 10}. No federal subject matter is asserted in any of the Counts within the Complaint.

Schwarz served Lincoln as well as the Town by sending by certified mail to the Clerk, Town of Bridgewater and to the Massachusetts Insurers Insolvency Fund, aka Guaranty Fund Management Services, Lois Hewson - Examiner, who responded to my Notice of Complaint of February 26, 2004 denying liability or negligence for both the Town of Bridgewater and Sergeant Lincoln - and as such represented the interest of both the Town and Lincoln as to my Notice of Complaint. Service was done under Mass R. C. P. Civil R 4( c ) and 5 (b) by certified mail on April 20, 2005. There is no federal jurisdiction over service of this action as there is no federal subject matter in the Complaint. See: Exhibits.

## STATEMENT OF FACTS

See: Complaint, { par. 4- 25 }

## SUMMARY JUDGMENT STANDARD

There can be no Motion for Summary Judgment as there is no jurisdiction in this Court as the Defense has not met the minimum requirements, " The burden of removal is on the defendant seeking the removal", **HUNNEMAN REAL ESTATE CORP v EASTERN MIDDLESEX Ass'n OF REALTORS, 860 F. SUPP. 906, 911 ( D. MASS 1994)** and that " [r]emoval statutes are strictly construed with doubts resolved in favor of state court jurisdiction", **CHIN v. HOLIDAY CRUISES II INC., 141 FRD 367, 369 ( D. MASS 1992)** and citing the Defendant's own words in their "MEMORANDUM IN SUPPORT OF DEFENDANT TOWN OF BRIDGEWATERS' MOTION FOR SUMMARY JUDGMENT" in the second paragraph of this evidentiary document, QUOTE - --------------------

**" The Complaint asserts violations of unspecified provisions of the U. S. Constitution,...".**

If these alleged provisions are unspecified, then the federal subject matter is unspecified and there is no substantive supporting evidence of any federal subject matter and this affirms there is no jurisdiction in this Court for this Motion for Summary Judgment.

No further discussion is necessary by Plaintiff as Defense has asserted that only unspecific federal subject matter is alleged to exist in the Plaintiff's Complaint.

## CONCLUSION

Plaintiff fully agrees with the Defendants in that there is no specific federal subject matter in his Complaint, that removal was void AB INITIO, and that no Motion for Summary Judgment can be sustained and to delay for another day the immediate remanding of this action back to the state court would be justice denied to Plaintiff and patently unconstitutional.


_____    Date _____

Donald M. Schwarz, Plaintiff, In Pro Per
92 Benson Road
Stoughton, Mass 02072
781-344-5405



Affirmation of Service.............

Plaintiff Donald M. Schwarz does hereby affirm that true copies of this and all document in this pleading have been dent by First Class postage to:

Defense Counsel, Kopelman and Paige 101 Arch str. Boston, Mass 02110-1109

On the 26 th day of March 2007 AD

Donald M. Schwarz, _____

DISTRICT COURT OF THE UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

C. A. No.  05  10959  RCL

Donald M. Schwarz,
                Plaintiff

Vs.

SERGEANT Robert Lincoln, individually;
TOWN OF BRIDGEWATER, PLYMOUTH COUNTY,
COMMONWEALTH OF MASSACHUSETTS.
                         Defendants.

## PLAINTIFF'S MOTION IN OPPOSITION TO SUMMARY JUDGMENT PER L.R. 56.1

Plaintiff Schwarz, pursuant to those greater rights secured by the Massachusetts Constitution and the Laws of the Commonwealth, rulings by the Supreme Judicial Court of Massachusetts and by any laws or rulings of the United States of America that support those greater rights of the Commonwealth; Plaintiff does object to the request for Summary Judgment by the Defendants as there are numerous triable issues of fact that must be litigated in the proper jurisdiction which is the Plymouth Superior Court.

Plaintiff Schwarz, by his response herein, does not waive his right to continue to contest what Plaintiff believes to be the unlawful removal to federal court of this action, and does reserve his right to continue to contest and challenge all Motions made by the Defense as to the proper jurisdiction of this action and to continue to require the remanding of the action back the state court.

**LEGAL NOTICE -**

Plaintiff Schwarz in this Motion in Opposition for Summary Judgment, does not recognize the jurisdiction of this court in this action and still asserts this Court has no jurisdiction as no federal questions have been asserted in Plaintiff's civil suit at the state level and does not waive his right to still contest the jurisdiction and that there is no finding of facts nor ruling of law to support any federal subject matter in Plaintiff's civil suit requiring the immediate remand of this action back to the state court.

**INTRODUCTION**

This action is pursuant to a situation developing between Donald M. Schwarz ("Schwarz"), and police Sergeant Robert Lincoln (" Lincoln"), Town of Bridgewater ("Town") as Schwarz sought signatures of registered voters pursuant to MGL c.56, s.11 on a candidate's nomination papers, while standing upon the designated sidewalk on the east side of State Highway Route-18, aka Broad Street, - a public way - such sidewalk existing pursuant to MGL c. 81, s.25 and 720 CMR 9:01 Definitions - "Sidewalk - that portion of a highway set aside for pedestrian travel", such public way and usage existing from the time of the Pilgrims.


Schwarz has not in any count in his complaint, cited any provisions of the U.S. Constitution nor any federal law or statute only the greater rights secured by laws of the Commonwealth and the Massachusetts Constitution and the Defendants have not born the burden of showing the basis of this removal other than alleging the Schwarz has "asserted" unspecified provisions of the U. S. Constitution. Taking Defense Counsel at their word, unspecified provisions of the U.S. Constitution do not rise to the level of bearing the burden of showing the removal is proper.

Defense Counsel is citing specific "unspecified provisions of the U. S. Constitution" that Schwarz asserted which gives this court jurisdiction as to "unspecified" federal subject matter.

If the above is true, how does Schwarz prosecute "unspecified provisions of the U. S. Constitution" before any court?

What is the specific "unspecified" federal subject matter which gives this court jurisdiction? Schwarz again assets there is no federal subject matter in his complaint.

Schwarz asserts clear and concise violations of his rights under the General Laws of Massachusetts and the Massachusetts Constitution as clearly and specifically cited in the Complaint Counts and has clear and specific standing to bring suit against Lincoln and the Town of Bridgewater for violation of those specific rights.

Schwarz properly served counsel for Lincoln pursuant to Mass. R. C. P. Civil R 4( c ) and 5 (b) when after sending his request for damages to the Town of Bridgewater, the Massachusetts Insurers Insolvency Fund responded back responding for both the Town and Lincoln. And under MGL c.66, s.10 the "Public Records" law, the private home address of Lincoln is privileged information and is not readily available so service was completed when Schwarz served both the Town of Bridgewater and the Massachusetts Insurers Insolvency Fund at One Bowdoin Sq in Boston, Mass.

When Guaranty Fund Management Services - Lois Hewson - Examiner, responded back to me for the actions of the Town of Bridgewater, they took on the mantel of counsel for the Town of

Bridgewater and Lincoln. The Town could not be involved unless for the direct and immediate actions of Lincoln in this situation.

It is patently unconstitutional for an injured party to have to serve a litigant at his home if such litigant is armed and acting under color of law when such litigant's home address, is privileged information. Any lawful and reasonable action to serve otherwise is constitutionally justified.

## REBUTTAL OF ALLEGED DEFENSE FACTS

**Referencing "Defendants Lincoln and Town of Bridgewater statement of Material Facts L. R. 56.1"**

1.      **"There is no public sidewalk adjacent to the property"** ~~~~~ **#5**

If any reasonable person were to stand at the doughnut shop north of the leased property of the post office, or south of the leased property at the gasoline station, one could look down and see lines painted upon the pavement indicating where pedestrians are invited to walk as they pass the post office adjacent to Massachusetts State Highway Route-18 on the east side of this state highway. Any reasonable person would see this as the indicated area for pedestrians to travel. Further, this is in keeping with MGL c. 81, s.25 and 720 CMR 9:01 Definitions - "Sidewalk - that portion of a highway set aside for pedestrian travel".

Defense counsel has failed to note how any person could then under the Massachusetts General Laws, pass the post office without having to endanger one's life by walking in vehicular traffic directly on State Highway Route - 18 if there is no sidewalk!

If the public sidewalk adjacent to State Highway Route -18 is not a public sidewalk, where is the public sidewalk for pedestrian travel on the east side of Route - 18?

As this fact is in dispute, there are triable issues of fact to be heard by a jury at the state court.

2.      **"Postal service employee informed Plaintiff that he was not permitted to solicit signatures on the property."** ~~~~~~ #7

"Whoever, without right enters or remains......Entry upon private property after being forbidden as trespass.," MGL c. 266, s.120.

Schwarz, as he was standing on a public sidewalk, had right to be where he was standing collecting signatures of voters seeking to sign a candidate's nomination papers pursuant to MGL c. 56, s.11.

Schwarz was as justified standing on the sidewalk adjacent to State Highway Route - 18 as people do standing outside the federal courthouse in Boston on the sidewalk adjacent to Northern Avenue and no one from inside the courthouse can order the people to stop using the public sidewalk there.

Further, MGL c.1, s. 7 below, clearly states that even if the federal government purchases property, never mind lease it, that the Commonwealth still retains concurrent jurisdiction over that tract of land which is owned or leased by the federal government unless otherwise shown that concurrent jurisdiction has been ceded.

To Wit:

MGL Chapter 1, Section 7.

Section 7. The United States shall have jurisdiction over any tract of land within the commonwealth acquired by it in fee for the following purposes: for the use of the United States bureau of fisheries, or for the erection of a marine hospital, custom office, post office, life-saving station, lighthouse, beacon light, range light, light keeper's dwelling or signal for navigators; provided, that a suitable plan of such tract has been or shall be filed in the office of the state secretary within one year after such acquisition of title thereto. But the commonwealth shall retain concurrent jurisdiction with the United States in and over any such tract of land to the extent that all civil and criminal processes issuing under authority of the commonwealth may be executed thereon as if there had been no cession of the jurisdiction, and exclusive jurisdiction over any such tract shall revest in the commonwealth if such tract ceases to be used by the United States for such public purpose.

Clearly, Defense Counsel affirms the land is leased and does not assert that concurrent jurisdiction has been denied to the Commonwealth, then clearly MGL c. 81, s.25 and 720 CMR 9:01 Definitions - "Sidewalk - that portion of a highway set aside for pedestrian travel", and all other General Laws are in full force outside and even inside the leased property of the post office for all criminal and civil processes issuing under the authority of the Commonwealth.

This would mean then, that exercising rights secured by MGL c.56, s.11 would be lawful and of right to be done on the public sidewalk and even private property, as long as the actions of the person collecting the signatures, was of no direct and immediate violation of the rights of others.

Schwarz, by collecting signatures on a public sidewalk, was right in his actions even by standing on the public sidewalk, even though the sidewalk passed over private property.

Lastly, if the post office was under exclusive jurisdiction of the federal government, in order for Lincoln to have any authority to enforce federal law, Lincoln would have to enter into an

agreement with the postal authority pursuant to Title 40 USC s. 318b. If not, then Lincoln has no jurisdiction on the postal property. Though noted by Schwarz, Defense Counsel has not made available any such agreement.

As this fact is in dispute, there are triable issues of fact to be heard by a jury at the state court.

3.    **"Now you're starting to aggravate me."** ~~~~~~~~~~~~~ # 11

Schwarz asked both the postal employee and Sergeant Lincoln exactly what authority these actors were enforcing and as the facts show, neither the postal employee not Sergeant Lincoln could cite for Schwarz, any citation of law as to why Schwarz should have his right to collect signatures infringed.

It was only AFTER Lincoln could not answer what law Schwarz was violating that Schwarz said he was only exercising his rights and then Lincoln responded that "Now you're starting to aggravate me". This is clearly stated in my complaint, but misquoted by Defense Counsel.

Defense counsel leaves out a very important statement made by Sergeant Lincoln as noted in paragraph 19 of the Complaint. To Wit:

> "Schwarz asked the male officer, where the public sidewalk on THIS side of RT-18 was. The male officer pointed to the OTHER side of RT- 18"

Imagine being on the sidewalk outside the federal courthouse in Boston on Northern Avenue and being ordered to stand on the sidewalk on the "other side" of Northern Avenue by court personnel. Preposterous and patently unconstitutional.

By "complying" with the order of Lincoln, Schwarz would have had to run across Rt-18 in traffic trying to collect signatures without being under threat of arrest for "Trespass" for using the east side portion of the public sidewalk.

As this fact is in dispute, there are triable issues of fact to be heard by a jury at the state court.

**4.     "The letter contains no references whatsoever to any alleged negligence, either by Lincoln or the Town."** ~~~~~~~~~~~~ # 14

The lawful exercise of a right and or the redress of violations of a right, should not depend upon a specific recitation of negligence when the facts state clearly the postal employee nor Lincoln could cite for Schwarz, what the crimes were that Schwarz was committing such that they could infringe Schwarz's right to collect signatures on a public sidewalk.

Defense Counsel had this action removed from state court based merely on "unspecified provisions of the US Constitution". {See: Defendant's "MEMORANDUM" 2nd paragraph.}

Postal employee cannot cite what law is being violated; Lincoln cannot cite what law Schwarz is violating and Defense Counsel has the action removed from state court based upon allegations of "unspecified provisions of the US Constitution" which is the "burden" needed for Defense to remove the action from the state court!

Schwarz asks this court, how Schwarz can be held to higher standards than Defense Counsel, Sergeant Lincoln and the postal employee?

"Rights...........liberally construed", **Commonwealth Vs Koonce**, 418 Mass 367, 378 (1994)

Opposition to Summary Judgment          For the Record                page     8 of    17

In **KOONCE** above, this ruling is to be known by all parties in this action and even by all the justices in the federal courts in Massachusetts.

As this fact is in dispute, there are triable issues of fact to be heard by a jury at the state court and require that this action be remanded back to the state court.

## ARGUMENT IN OPPOSITION TO FEDERAL SUBJECT MATTER AND SUMMARY JUDGMENT

1.     Schwarz was exercising rights secured by MGL c.56, s.11 by collecting signatures of registered voters while standing on a public sidewalk adjacent to State Highway Route -18 nearby to the postal facility located at 169 Broad Street.

There is only one public sidewalk on the east side of State Highway Route - 18 which extends from a gasoline station in a north-south direction, past the postal facility then to an adjacent doughnut shop. The sidewalk is clearly marked by stripes painted onto the pavement. The sidewalk exists under MGL c.81, s.25 and by 720 CMR 9:01 Definitions - "Sidewalk - that portion of a highway set aside for pedestrian travel".

To traverse this area in any other manner would require pedestrians to walk to the back of the postal facility then continue on, or the preposterous measure of walking out in traffic on State Highway Route - 18.

"The postal sidewalk at issue does not have the characteristics of public sidewalks traditionally open to expressive activity", **UNITED STATES Vs KOKINDA,** 497 US 720 at 727.

Opposition to Summary Judgment          For the Record                    page     9 of   17

Defense Counsel has misapplied the above ruling. Schwarz did **NOT** have a table set up in Bridgewater as affirmed by Lincoln, nor was Schwarz selling anything. The sidewalk at issue in **KOKINDA** was a specific sidewalk for use of the postal patrons SOLELY for the passage of postal patrons to and from the postal parking lot. The sidewalk at issue in this action, is the only public sidewalk to allow passage across the postal property and is in NO WAY similar to the issue in **KOKINDA**.

Schwarz was standing on his two feet holding a clip board with a single sheet of paper thereon which was a candidate's nomination papers pursuant to MGL c. 56, s.11.

The issue in **KOKINDA** was solicitation, while Schwarz neither gave nor sold nor handed out anything, but just allowed registered voters to sign a candidate's nomination paper. This activity is not prohibited either by federal or state law.

**KOKINDA** supports what Schwarz was doing as the prohibited activities in the above ruling, was not what Schwarz was doing nor even close.

2.     Because of MGL c.1, s.7 cited above, concurrent jurisdiction applies to the issue at hand and as the sidewalk adjacent to State Highway Rt-18 is there specifically for pedestrians to pass the postal facility and not for any specific postal use, therefore, concurrent rights secured under MGL c. 1, s. 7 also applies to MGL c. 81, s. 25 and to MGL c.56, s. 11 for anyone to stand upon the public sidewalk and to collect signatures. The sidewalk at issue here extends in a north-south direction, from a gasoline station to a doughnut shop, and does not limit its reach only to postal

property but without postal property clearly indicating a public usage for passage of pedestrians or any other lawful activity connected with lawful activities on a public sidewalk.

The public sidewalk outside the federal courthouse in Boston is identical in operation as that it allows pedestrians to pass the courthouse in an east to west direction, or for any other lawful activity thereon. If anyone wants to stand outside the courthouse on Northern Avenue and collect signatures or protest in a lawful manner, this is a secured right.

3.     Schwarz could NOT have been trespassing per MGL c. 266, s.120 as the sidewalk in Bridgewater is a public area and Schwarz had RIGHT to be there for the purpose of allowing passersby and others in the area to exercise their right to sign the nomination papers of a political candidate.

"Lawful control" of the postal property in Bridgewater, would not lawfully extend to the public sidewalk outside the facility as the roadway and the sidewalk existed in some form or manner long before the post office came into operation. Rights vested in that the sidewalk usage was in operation long before there was a postal service or even a United States of America. Just because a post office opens up, does not therefore destroy rights for pedestrians or others who now find themselves in proximity to a new occupant in a building adjacent to the sidewalk.

Defense Counsel again cites that Schwarz violated federal law, but Schwarz again notes to the court, that under MGL c.1, s. 7, unless Defense Counsel can show that the Commonwealth has ceded all jurisdiction over the leased property, concurrent jurisdiction exists over the postal

facility in Bridgewater. Until proven otherwise, MGL c.81, s. 25 and MGL c.56, s.11 have full

operation on the total property of the Bridgewater postal facility.


Schwarz again informs the court, that concurrent jurisdiction exists at the Bridgewater postal

facility which means that rights secured under MGL c.56, s.11 are fully protected on the

sidewalk there.

Defense Counsel knows this yet refuses to affirm this in her arguments.

4.    "Rights..........liberally construed", **Commonwealth Vs Koonce, 418 Mass 367, 378 (1994)**

Unless Schwarz was performing an action that had an immediate and direct infringement upon

the rights of those passing on the sidewalk, the personnel inside the postal facility had no

authority regarding the collection of signatures.


Qualified immunity for Lincoln can only stand if Schwarz had no right to collect signatures and

this right was not established on the date of the incident, and whether Lincoln's conduct was

objectively reasonable. See: **HALE Vs TOWNLEY, 45 F. 3d 914, (1995)**


As ignorance of the law is no excuse, Lincoln was bound to know that concurrent jurisdiction

existed at the postal facility, and that Schwarz had the RIGHT to use a public sidewalk for the

purpose of collecting signatures.

If Lincoln did not know the law, that the Town of Bridgewater is liable for negligence for

allowing untrained police officers to act under color of law.

## CONCLUSION

1.    **No federal subject matter or question** -- Defense Counsel has only implied that some

tenuous federal question lies in some unspecified statement made by Schwarz, but not in

any count that Schwarz has listed in his complaint. As there is no specific subject matter

reveiwable by the federal court, Schwarz requires this action be remanded to the state

court for further proceedings immediately and without delay.

2.    **No criminal action by Schwarz** -- Defense Counsel has failed to show a single activity

of Schwarz, that is clearly criminal showing any such intent to commit a crime under

either federal or state law.

3.    **Concurrent Jurisdiction** -- Defense Counsel has failed to acknowledge MGL c.1, s.7

under which the Commonwealth retains concurrent jurisdiction over any areas occupied

by federal authority, to include postal facilities, such that the Commonwealth has not

ceded all jurisdiction over said area. Defense Counsel is aware of this law as well as this

Court, and yet both have failed to acknowledge the rights secured to Schwarz by MGL

c.1, s.7, to include use of a public sidewalk to exercise rights secured under MGL c.56,

s.11. It is unbecoming to "cherry pick" those sections of law or rulings and to misapply

them in an argument to support one's argument. Schwarz has not done this.

4.    **Trespass** -- Defense Counsel has failed to acknowledge the phrase, "Whoever, without

right enters or remains.." MGL c.266, s.120, in any argument to accept that the public

sidewalk adjacent to State Highway Route -18 invites pedestrians to use same even in

Opposition to Summary Judgment        For the Record                page    13 of  17

front of the postal facility by clearly marked stripes painted onto the pavement noting where the pedestrians are to travel as they use that portion of the highway for pedestrian travel. Any reasonable and prudent person would clearly believe that the area indicated adjacent to Route - 18 bypassing the postal facility, was indeed a sidewalk for the public to use for pedestrian travel. Schwarz had right be virtue of MGL c. 1, s.7 and MGL c.56, s. 11 and neither any postal employee nor Sergeant Lincoln had any authority to infringe rights secured by the General Laws of Massachusetts. Pursuant to Title 40 USC s.318b, Sergeant Lincoln had to be sworn as a "special policeman" in order to enforce any federal laws on the postal property as entered into with state or local enforcement agencies. As of this date, Defense Counsel, though aware of this requirement, has not provided any documentation affirming such powers extended to Sergeant Lincoln.

5.    **Counts** -- Defense Counsel has attacked the counts in Schwarz's complaint alleging that the counts are not specific enough to warrant litigation, that immunity exists for the Town and the counts in the complaint does not show any private right of action for the violation of Schwarz's rights by the actions of Town employee, Sergeant Lincoln.

"Civil rights statutes should be liberally construed to accomplish their remedial purpose. BATCHELDRE Vs ALLIED STORE CORP, 393 MASS 819, 822" **VANESSA REDGRAVE Vs BOSTON SYMPHONY ORCHESTRA, 399 MASS 093, 103.**

".....however inartfully pleaded,' must be held to `less stringent standards than formal pleadings drafted by lawyers." ", **JOHN REAL Vs SUPERINTENDENT, MASSACHUSETTS CORRESTIONAL INSTITUTE, WALPOLE, 390 MASS 399, 400.**

Schwarz, In Propria Persona, has plead his injuries clearly enough for any reasonable and prudent person sitting as a juror, to fully understand how rights secured by the General Laws of Massachusetts, have been infringed by the actions of Sergeant Lincoln as employed by the Town of Bridgewater. What standards of powers of arrest while acting under color of law apply to Sergeant Lincoln? Schwarz believes that Sergeant Lincoln should be held accountable to higher standards when exercising a privilege under color of law as opposed to a constitutional right exercised by Schwarz. This right also applies to pleadings in complaints as attacked by Defense Counsel, for seeking redress of wrongs done to any citizen of the Commonwealth under Article XI of the Declaration of Rights, Massachusetts Constitution. If complaints of the violation of civil rights are not "liberally construed", then it civil rights only exist as specifically plead by injured parties making those civil rights all but non-existent based upon the specificity of the wrongs alleged. If an injured party cannot produce such artful pleadings or be able to afford an attorney who can, then civil rights exist only as words on paper. Schwarz asserts that all Counts in his Complaint are clear, concise and constitutional in form.

6.    **Triable issues of Fact** -- Schwarz has shown in his rebuttal of facts asserted by Defense Counsel, that a number of factual issues are still in contention between the parties. As this is true, a Summary Judgment cannot issue. Schwarz has also declined to answer for Discovery for by doing so, Schwarz then waives his right to contest jurisdiction.

7.    **Recusal under Title 28 USC s. 144** -- Schwarz has submitted to this Court a request for

recusal of Justice Reginald Lindsey as actions of said Justice in chambers on September

7, 2005, were unprofessional and unconstitutional.


## SUMMATION

On April 20, 2002, Schwarz was lawfully exercising his right under MGL c.56, s.11 as

secured by the Declaration of Rights, Massachusetts Constitution, to allow registered

voters to sign a candidate's nomination papers as they passed nearby on the public

sidewalk adjacent to State Highway Route - 18 in the vicinity of the postal facility, such

facility coming into being long after rights vested to pedestrians and travelers upon the

public right of way now existing as Route - 18 to pass and repass. Schwarz was

unlawfully ordered to leave the public sidewalk, first by a postal employee then by an

armed police officer, Sergeant Lincoln, acting under color of law. Schwarz brought suit

in Plymouth Superior Court as no federal subject matter was affirmed in the Complaint.

Defense Counsel then removed the suit to federal court based upon no substantive

assertion of a federal question that meets even the least required criteria to do so. Now,

Defense Counsel seeks a Summary Judgment against Schwarz in federal court though

numerous triable issues of fact are evident in the pleadings.

Schwarz requires of this Court, to immediately remand this action back to the state court.


Opposition to Summary Judgment          For the Record                    page    16 of    17

-

Made in good faith and to the best of the knowledge of the Plaintiff.

Reserving all rights.


_Donald Schwarz_____ Date _Mar 26, 2007_

Donald M. Schwarz, Plaintiff/In Pro Per
92 Benson Road
Stoughton, Mass 02072
781-344-5405

Made in good faith and to the best of the knowledge of the Plaintiff.

Reserving all rights.

_(signature)_ _____ Date _Mar 26, 2007_

Donald M. Schwarz, Plaintiff, In Pro Per
92 Benson Road
Stoughton, Mass 02072
781-344-5405

Affirmation of Service............

Plaintiff Donald M. Schwarz does hereby affirm that true copies of this and all document in this pleading have been dent by First Class postage to:

Defense Counsel, Kopelman and Paige 101 Arch str. Boston, Mass 02110-1109

On the _26_ th day of March 2007 AD

Donald M. Schwarz, _(signature)_ _____